IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,  )
        Plaintiff,  )  No. C 07-2980 TEH (PR)
   v.  )  ORDER OF SERVICE
ELOY MEDINA,  )
        Defendant.  )

Plaintiff, a prisoner of the State of California, currently incarcerated at Salinas Valley State Prison in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that the appeals coordinator at that facility has retaliated against him in denying his appeal based on his personal animosity toward Plaintiff due to Plaintiff's status as a "jailhouse lawyer" and his prior filing of administrative grievances. Plaintiff has also filed a motion to proceed in forma pauperis, which is now GRANTED in a separate order filed simultaneously.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff claims that Defendant Eloy Medina has violated his rights by denying his 602 appeals in retaliation for Plaintiff's status as a "jailhouse lawyer" and his prior filing of administrative grievances. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, Plaintiff's allegations state a cognizable claim against Defendant Medina and will be served.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on Defendant Eloy Medina at Salinas Valley State Prison in Soledad, California. The Clerk also shall serve a copy of this order on Plaintiff.

    2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after Defendants serve Plaintiff with the motion.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's

3

1  declarations and documents and show that there is a genuine issue of material
2  fact for trial.  If you do not submit your own evidence in opposition, summary
3  judgment, if appropriate, may be entered against you.  If summary judgment is
4  granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
5  154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).
6          Plaintiff is also advised that a motion to dismiss for failure to exhaust
7  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
8  case, albeit without prejudice.  You must "develop a record" and present it in
9  your opposition in order to dispute any "factual record" presented by the
10 defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
11 n.14 (9th Cir. 2003).
12         d.      Defendants shall file a reply brief within 15 days of the date
13 on which Plaintiff serves them with the opposition.
14         e.      The motion shall be deemed submitted as of the date the
15 reply brief is due.  No hearing will be held on the motion unless the court so
16 orders at a later date.
17    3.   Discovery may be taken in accordance with the Federal Rules of
18 Civil Procedure.  No further court order is required before the parties may
19 conduct discovery.
20    4.   All communications by Plaintiff with the court must be served on
21 Defendants, or Defendants' counsel once counsel has been designated, by mailing
22 a true copy of the document to defendants or defendants' counsel.
23    5.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must
24 keep the court and all parties informed of any change of address by filing a
25 separate document titled "Notice of Change of Address" and must comply with
26 the Court's orders in a timely fashion.  Failure to do so may result in the dismissal

4

1  of this action under Federal Rule of Civil Procedure 41(b).

2  SO ORDERED.

3  DATED: 11/27/07                    /s/ Thelton E. Henderson
                                      THELTON E. HENDERSON
4                                     United States District Judge

28                                        5