1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  CYNTHIA C. FRITZ, State Bar No. 200147
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5793
    Fax: (415) 703-5483
8   Email: Cynthia.Fritz@doj.ca.gov

9  Attorneys for Defendant E. Medina

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARVIN G. HOLLIS,<br><br>                              Plaintiff,<br><br>     v.<br><br>ELOY MEDINA,<br><br>                              Defendants. | C 07-2980 THE (PR)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION FOR QUALIFIED IMMUNITY** |

TO PLAINTIFF MARVIN G. HOLLIS, PRO SE:

PLEASE TAKE NOTICE that defendant E. Medina (Defendant) moves the Court to dismiss this action under unenumerated Rule 12(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and for Qualified Immunity because Plaintiff Marvin G. Hollis (Plaintiff) failed to exhaust his administrative remedies before filing this action, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), and failed to state a claim for relief against Defendant.

PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

Defendant's Not. of Mot. and Mot. to Dismiss                                   M. Hollis v. E. Medina, et al.
                                                                                C 07-2980 THE (PR)

1

1  decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion for
2  failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir.
3  2003). Plaintiff may provide evidence to the Court to dispute that which is presented by
4  Defendants. *Id.* at n.14.

5        This motion is based on this Notice, the following Memorandum of Points and
6  Authorities, the declarations and exhibits filed in support of this motion, the proposed order, and
7  the pleadings and records on file with the Court in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUE PRESENTED

The PRLA requires an inmate to properly exhaust administrative remedies before filing civil-rights suits concerning prison conditions and to state a proper claim for relief upon which relief can be granted. Plaintiff's appeal was not exhausted because he did not complete the final level of review and failed to state a claim for relief in his complaint. Should this Court dismiss this action because Plaintiff failed to properly exhaust his administrative remedies and failed to state a claim for relief?

### SUMMARY OF ARGUMENT

The Plaintiff cannot satisfy the PLRA's administrative remedies exhaustion requirement because the administrative appeal received no final Director's level review, and therefore did not properly exhaust all available administrative remedies. Under *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), Plaintiff failed to state a claim for relief against Defendant.

### STATEMENT OF THE CASE

Plaintiff Marvin G. Hollis, CDCR number E-37508, is a state prisoner currently incarcerated at High Desert State Prison. On June 7, 2007, Plaintiff filed this action under 42 U.S.C. § 1983. This Court screened Plaintiff's complaint under the PLRA, and recognized one claim.

Claim one is an First Amendment claim against Salinas Valley State Prison Appeals Coordinator, E. Medina, for denying his 602 appeals in retaliation for Plaintiff's status as a "jailhouse lawyer" and his prior filing of administrative grievances. (Order of Initial Review,

Defendant's Not. of Mot. and Mot. to Dismiss      M. Hollis v. E. Medina, et al.
C 07-2980 THE (PR)

2

Docket No. 3, dated Nov. 27, 2007, 2:9-11.)

## STATEMENT OF FACTS

Plaintiff alleges that Defendant, in his capacity as Appeals Coordinator, retaliated against him by improperly screening a prior Rules Violation Report (115) appeal because Plaintiff is a "jailhouse lawyer" and for prior use of the 602 appeals procedure. (Compl., at 2(b) ¶ 5-9.)

On April 18, 2005, Plaintiff received a Rules Violation Report, number FC05-04-0049, for battery on a peace officer. On January 5, 2006, after the investigation, Plaintiff received the final Rules Violation Report finding that he was guilty of battery on a peace officer. (*See* Medina Decl. ¶ 5, Ex B.) Plaintiff appealed the Rules Violation Report, number FC05-04-0049, for battery on a peace officer. (*See* Medina Decl. ¶ 6, Ex C.) The first level of review for appeal number SVSP-06-00380 was bypassed under Cal. Code Regs. tit. 15, § 3084.5(b). (*See* Medina Decl. ¶ 7.)

On February 22, 2006, the second level of review for appeal number SVSP-06-00380 was partially granted, a modification order was requested, and the response was sent to the Plaintiff. (*See* Medina Decl. ¶ 8, Ex D.)

On March 8, 2006, the modification order for FC05-04-0049 ordered the Rules Violation Report retyped and reissued within fifteen days. (*See* Medina Decl. ¶ 9, Ex E.)

Under the modification order, the Rules Violation Report was reissued and reheard. The reissued Rules Violation Report number is C06-03-0012R and was reheard on November 17, 2006. On December 1, 2006, the final Rules Violation Report, number C06-03-0012R, was sent to Plaintiff with the finding that he was guilty of battery of a peace officer. (*See* Medina Decl. ¶ 10, Ex F.)

On January 3, 2007, Plaintiff appealed the reissued Rules Violation Report. The appeal number is institutional log number SVSP-D-07-00073. It was screened out for untimeliness. The appeal was not filed within fifteen working days of the event as required by Cal. Code Regs. tit. 15, § 3084.6(c). (*See* Medina Decl. ¶ 11, Ex A, p.16.)

Regardless of the untimeliness, Defendant later agreed to accept Plaintiff's late appeal, institutional log number SVSP-D-07-00073, at the second level of review and have the merits

Defendant's Not. of Mot. and Mot. to Dismiss

M. Hollis v. E. Medina, et al.
C 07-2980 THE (PR)

1 | addressed by a second level appeal response. To date, Plaintiff neither accepted the offer nor
2 | submitted the appeal, SVSP-D-07-00073, for second level review. (*See* Medina Decl. ¶ 12.)
3 |       Plaintiff filed an appeal bearing the institutional log number SVSP-D-07-01415, the
4 | appeal at issue in this matter. This appeal was received by the inmate appeals office on March
5 | 30, 2007. The appeal alleges that Defendant improperly screened out the prior RVR appeal,
6 | SVSP-D-07-00073. The informal level of review was bypassed under Cal. Code Regs. tit. 15, §
7 | 3084.5(b). The appeal was forwarded to the Chief Deputy Warden for review at the first level.
8 | On April 5, 2007, it was rejected and screened out at the first level of review by the Chief
9 | Deputy Warden because the RVR appeal was untimely. (*See* Medina Decl. ¶ 13, Ex A, p. 17.)
10 |       There are numerous examples in the past two years and around the time of the appeal at
11 | issue where Defendant, as the SVSP inmate appeals coordinator, processed and granted or
12 | granted in part appeals submitted by Plaintiff at the first and second levels of review. (*See*
13 | Medina Decl. ¶ 14-25, Ex A, p.11-20.)
14 |       There is no record of the appeal at issue, SVSP-C-07-01415, being sent to, accepted,
15 | reviewed, or screened out at the Director's Level of appeal by Plaintiff. Appeal SVSP-C-07-
16 | 01415, therefore, was not exhausted at the Director's Level. (*See* Grannis Decl. ¶ 8, Ex A.)

## ARGUMENT

18 | This action should be dismissed for failure to exhaust administrative remedies as required
19 | by the PLRA and for failure to state a claim for relief against Defendant.

### I. THE PRISON LITIGATION REFORM ACT'S EXHAUSTION REQUIREMENT

21 |       The PLRA requires that inmates exhaust their available administrative remedies before
22 | filing civil rights actions in federal courts. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516,
23 | 524 (2002); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Therefore,
24 | "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to
25 | "properly exhaust." *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006). The Supreme Court also
26 | affirmed that a prisoner must properly proceed through each stage of the administrative process,
27 | to obtain a final Director's level of review in order to bring a federal lawsuit. *Id.* at 2387.
28 |       When an inmate-plaintiff fails to exhaust, a defendant may file a non-enumerated Rule

Defendant's Not. of Mot. and Mot. to Dismiss     M. Hollis v. E. Medina, et al.
C 07-2980 THE (PR)

4

1  12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119-20 (9th Cir. 2003). In ruling on such a motion a court may look beyond the pleading to decide disputed issues of fact. *Id.* The proper disposition for failure to exhaust is dismissal without prejudice. *Id.* at 1120.

II.  **CALIFORNIA'S INMATE APPEALS PROCESS**

The grievance process in the State of California allows inmates in California prisons to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1. To exhaust this process, before proceeding to federal court, an inmate must proceed four levels of appeal: (1) informal level; (2) first formal level; (3) second formal level; and (4) third formal level, also known as the Director's level review. *Id.* § 3084.5. A decision at the third formal level, or Director's level of review, is final and constitutes exhaustion of available administrative remedies. *Id.* §§ 3084.1(a), 3084.5(e)(2).

To initiate the inmate appeal process, inmates must use a form CDC 602 (Form) to describe the problem complained of and the action requested. (Cal. Code Regs. tit. 15, § 3084.2; *See* Grannis Decl. ¶ 2.) The inmate must submit the Form to the Appeals Coordinator within fifteen working days (three weeks) of the action taken. *Id.* § 3084.6(c). An inmate's appeal may be screened out where the time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints, and when an appeal concerns an anticipated action or decision. *Id.* § 3084.3(c). The informal level is bypassed for allegations of staff misconduct. *Id.* §§ 3084.5(a)(3)(b).

III.  **PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.**

Plaintiff claims that Defendant Medina retaliated against him by not processing a prior RVR appeal because he was a "jailhouse lawyer" and submitted prior administrative appeals. (Compl., at 2(b) ¶ 5-9.)

On April 18, 2005, Plaintiff received a Rules Violation Report, number FC05-04-0049, for battery on a peace officer. On January 5, 2006, after the investigation, Plaintiff received the final Rules Violation Report finding that he was guilty of battery on a peace officer. (*See* Medina Decl. ¶ 5, Ex B.)

Defendant's Not. of Mot. and Mot. to Dismiss

M. Hollis v. E. Medina, et al.
C 07-2980 THE (PR)

5

1     Plaintiff appealed the Rules Violation Report, number FC05-04-0049, for battery on a
2 peace officer. (*See* Medina Decl. ¶ 6, Ex C.) The first level of review for appeal number SVSP-
3 06-00380 was bypassed under Cal. Code Regs. tit. 15, § 3084.5(b). (*See* Medina Decl. ¶ 7.)
4     On February 22, 2006, the second level of review for appeal number SVSP-06-00380 was
5 partially granted, a modification order requested, and the response sent to the Plaintiff. (*See*
6 Medina Decl. ¶ 8, Ex D.)
7     On March 8, 2006, the modification order for FC05-04-0049 ordered the Rules Violation
8 Report retyped and reissued within fifteen days. (*See* Medina Decl. ¶ 9, Ex E.)
9     Under the modification order, the Rules Violation Report was reissued and reheard. The
10 reissued Rules Violation Report number is C06-03-0012R and was reheard on November 17,
11 2006. On December 1, 2006, the final Rules Violation Report, number C06-03-0012R, was sent
12 to Plaintiff finding him guilty of battery of a peace officer. (*See* Medina Decl. ¶ 10, Ex F.)
13     On January 3, 2007, inmate Hollis appealed the reissued Rules Violation Report. The
14 appeal number is institutional log number SVSP-D-07-00073. It was screened out for
15 untimeliness. The appeal was not filed within fifteen working days of the event as required by
16 Cal. Code Regs. tit. 15, § 3084.6(c). (*See* Medina Decl. ¶ 11, Ex A, p.16.)
17     Regardless of the untimeliness, Defendant later agreed to accept Plaintiff's late appeal, at
18 the second level of review and have the merits addressed by a second level appeal response. To
19 date, Hollis has neither accepted the offer nor submitted the appeal for review. (*See* Medina Decl.
20 ¶ 12.)
21     Plaintiff filed an appeal bearing the institutional log number SVSP-D-07-01415, another
22 appeal at issue in this matter. This appeal was received by the inmate appeals office on March
23 30, 2007. The informal level of review was bypassed under Cal. Code Regs. tit. 15, § 3084.5(b).
24 The appeal was forwarded to the Chief Deputy Warden for review at the first level. On April 5,
25 2007, it was rejected and screened out at the first level of review by the Chief Deputy Warden
26 because it was determined that Defendant had properly screened out the prior RVR appeal for
27 untimeliness. (*See* Medina Decl. ¶ 13, Ex A, p. 17.)
28     Despite the late inmate-filed inmate appeal, Defendant agreed to allow the Plaintiff's

Defendant's Not. of Mot. and Mot. to Dismiss                             M. Hollis v. E. Medina, et al.
                                                                                                    C 07-2980 THE (PR)

1  prior appeal to be considered at the second level of review. (See Medina Decl. ¶ 12.)

2      There is no record of SVSP-C-07-01415 being sent to, accepted, reviewed or screened out at the Director's Level of appeal by Plaintiff. Therefore, appeal SVSP-C-07-01415 was not exhausted at the Director's Level. (See Grannis Decl. ¶ 8, Ex A.) Plaintiff provides no substantiation of the claim to the third level of appeal, such as an appeal log number. And, the Declaration of N. Grannis shows that no appeal was submitted. (See Grannis Decl. ¶ 8, Ex A.) By Plaintiff's own admission, he failed to exhaust his administrative remedies to the requisite third level of review. (Compl., at 2, I(4).) Exhaustion is a indispensable condition precedent to initiating an action in federal court. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002).

    Plaintiff claims that Defendant retaliated against him by improperly screening his appeal. First, Defendant did not screen the appeal at issue, the Chief Deputy Warden screened it. (See Medina Decl. ¶ 13.) Second, since that time, Defendant agreed to review the prior RVR appeal at the second level of review, which was the impetus for Plaintiff's appeal at issue and the complaint. (See Medina Decl. ¶ 12.) Plaintiff never submitted appeal SVSP-D-07-0073 fpr review. Third, Plaintiff's records show that during the last two years and around the time of the appeal at issue, Plaintiff successfully submitted appeals that Defendant processed and granted or granted in part at the first and second levels of review. (See Medina Decl. ¶ 14-25, Ex A, p.11-20.) Therefore, it is unlikely that Defendant is retaliating against Plaintiff since many of his other appeals have been considered. Fourth, Plaintiff failed to exhaust his administrative remedies to the requisite third level of review by his own admission. (Compl., at 2, I(4).)

    Since Plaintiff failed to exhaust his administrative remedies through the requisite third level of review, the complaint should be dismissed under *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006). That case permits the rejection of untimely administrative appeals and dismissal of inmate cases for failure to properly exhaust administrative remedies. *Id.* at 2382, 2387.

### IV. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE DEFENDANT.

Plaintiff's sole basis for relief is that Medina allegedly retaliated against him by screening

Defendant's Not. of Mot. and Mot. to Dismiss    M. Hollis v. E. Medina, et al.
C 07-2980 THE (PR)

7

out a prior RVR appeal. (Compl., at 2(b)-3(c).) "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *Sandin v. Conner* 515 U.S. 472, 484 (1995) (Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.") No liberty interest exists in processing of appeals because there is no entitlement to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Massey v. Helman,* 259 F.3d 641, 647 (7th Cir. 2001.) (existence of grievance procedure confers no liberty interest on prisoner); See also *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azzez v. DeRobertis*, 568 F. Supp. at 10. The failure to process a grievance does not state a constitutional violation, and a prison official's involvement and actions in reviewing a prisoner's appeal cannot serve as a basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495.

Plaintiff does not allege that the prison has no grievance procedure. And, in fact, the record demonstrates that a procedure for grievances exists. Moreover, to the extent Plaintiff asserts that Defendant failed to follow state law requirements as to processing an inmate grievance, such a claim is not cognizable under 42 U.S.C. § 1983. See *Ove. v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001).

"There is no constitutionally protected right to an appeals process and there is no constitutionally protected right to a particular outcome." *Lewis v. Tilton*, 2008 WL 282381 at 4 (E.D. Cal. January 31, 2008). "Even if the interference with plaintiff's use of the prison grievance system occurred in retaliation for his prior use of that system, defendants' actions in interference with and/or reviewing, or issuing decisions on the appeals do not provide a basis upon which to impose liability under § 1983." *Id*. Accordingly, Plaintiff's claim that Defendant retaliated against him by improperly screening or processing a prior RVR appeal should be dismissed, because it does not rise to a level of a protected constitutional right and fails to state a cognizable claim for relief under 42 U.S.C. § 1983.

Defendant's Not. of Mot. and Mot. to Dismiss    M. Hollis v. E. Medina, et al.
C 07-2980 THE (PR)

8

## V. DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.

"(G)overnment officials performing discretionary functions . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has clarified that, in applying this standard, the threshold inquiry is whether the facts alleged show a violation of a constitutional right. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). If the answer is no, there is no necessity for further inquiry and qualified immunity is established. *Id.* On the other hand, if the answer is yes, the court must further determine whether the contours of that right were sufficiently clear to put defendant on notice that his conduct under the circumstances was unlawful. *Id.* If the right was not clearly established, defendant is entitled to qualified immunity. *Id.* at 2156-57. Therefore, a prison official who acts under an objectively reasonable, albeit mistaken, belief that his actions were lawful, he is entitled to the protection of qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In this case, Plaintiff has failed to allege facts which show a violation of a constitutional right by Defendant. As set forth above, no liberty interest exists in processing of appeals because there is no entitlement to a specific grievance procedure and therefore such allegations do not state a cognizable claim for a violation of his federal constitutional rights. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.12d 639m 640 (9th Cir.1988) (holding no constitutional right to administrative appeal or grievance system). Consequently, under *Saucier*'s first prong, Defendant is entitled to qualified immunity on Plaintiff's claims under § 1983.

Defendant also acted reasonably when processing Plaintiff's appeal. Defendant did not personally screen-out the appeal. The appeal was given to the Associate Warden to review. (*See* Medina Decl. ¶ 13.) Since Defendant did not screen the appeal at issue, which was forwarded to the Chief Deputy Warden for review at the first level, qualified immunity applies. The law permits rejection of appeals for untimeliness. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006).

//

## CONCLUSION

Defendant respectfully requests that the court dismiss this action since Plaintiff failed to exhaust his available administrative remedies through the requisite third level, failed to state a claim for relief against Defendant, and requests qualified immunity for Defendant's actions.

Dated: February 22, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

*[signature]*

CYNTHIA C. FRITZ
Deputy Attorney General
Attorneys for Defendant E. Medina

Defendant's Not. of Mot. and Mot. to Dismiss

M. Hollis v. E. Medina, et al.
C 07-2980 THE (PR)