# EXHIBIT C

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region   1. SVSP     Log No. 1. 06-00380    Category 1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MARVIN HOLLIS | E-37508 | Ad-Seg | D-1-220 |

A. Describe Problem: This complaint is being filed for violation of my due process, not meeting procedural safeguard requirements, harassment, and not giving me a fair and impartial disciplinary hearing. This complaint is filed against D. Travers, G. Ponder, J. Luman, L. Goodlett, L. Zamora, and G.A. Salopek. On 12-7-05 through 12-15-05 I was denied a fair and impartial disciplinary hearing to RVR# C05-04-0049 by (SHO) J. Luman. J. Luman, arbitrarily, maliciously and sadistically found me guilty and punished me. I was denied witnesses and statements of

If you need more space, attach one additional sheet.    RECD FEB 02 2006    *(See Attachments)*

B. Action Requested: For RVR# C05-04-0049 to be dismissed in the interest of justice per CCR-3084.5(h)(1), or for RVR# C05-04-0049 to be ordered reissued reheard per CCR.3084.5(h)(2), that all adverse action taken against me related to RVR# C05-04-0049 to be rescind and or reversed ASAP.

Inmate/Parolee Signature: Marvin Glenn Hollis    RECEIVED JAN 18 2006    Date Submitted: 1-16-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

to Salospek, failed to perform his duties per GvSPI I.E. manual and CCR.3318. C/o Goodlett, harrassed me by making false allegations that I committed battery on a peace officer. C/o Goodlett, report is vague, confusing, and contradictory to C/o Zamora, written verified report and not "verified" by other staff present during the alledged battery such as C/o Tsai, as well as C/o Zamora. During the investigation, when asked what hand did I alledgedly use to grab his wrist area C/o Goodlett, claimed he don't remember that I would have to look at his report. When asked what wrist area was alledgedly aggressively grabed and how, C/o Goodlett, claimed he don't remember that I would have to look at the 7219. There is no evidence which wrist area I alledgedly grabed, what hand I alledgedly used to grab Goodlett wrist area, and how I alledgedly grabed Goodlett wrist area. C/o Goodlett, statement and answers to the I.E compared to his written report is confusing and dishonest as officer Zamora written report indicates that himself and C/o Goodlett at approximately 1115 hours on 4-18-05 instructed the control tower to open the shower to allow me to go to my assigned cell. C/o Zamora, answer to Q#6 is telling and clearly shows why he placed me in handcuffs which don't support Goodlett written report. As Goodlett claimed he told Zamora I grabed his wrist then Zamora put me in cuffs, nor does officer Zamora report indicate that I committed battery on a peace officer as Zamora was present along with Goodlett at approximately 1115 hours. C/o Zamora, was needed as a witness at my hearing for clarification to statements made by both C/o Goodlett and himself. J. Luman, refused to consider my friendly witness and all mitigating evidence and C/o Goodlett, dishonesty and only to rely on a adverse witness which shows my hearing was not fair and impartial along with all the other violations. D. Travers, and Powler has endorsed and approved of J. Luman, prejudice towards me approving for him to violate my protected rights. I did not commit battery on a