# EXHIBIT D

State of California                                         Department of Corrections and Rehabilitation

# Memorandum

Date:   February 22, 2006

To:     Inmate Hollis, E-37508
        D1-220

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-06-00380

**ISSUE**:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log # FD-05-04-0049, dated 4/18/05 for "Battery on a Peace Officer."

The appellant states the Investigative Employee (IE) Report was inadequate. Officers Goodlett and Zamora provided contradictory statements. Correctional Officer Zamora was needed as a witness in the hearing but was refused by the SHO. The SHO lied on the RVR when the SHO documented that the appellant did not request witnesses. The SHO had a predetermined belief of guilt against the appellant.

**REGULATIONS**: The rules governing this issue are:

   CCR 3315 Serious Rule Violations
   CCR 3318 Assistance to Inmates for Serious Rule Violations
   CCR 3320 Hearing Procedures and Time Limitations
   CCR 3323 Disciplinary Credit Forfeiture Schedule

**SUMMARY OF INVESTIGATION**:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed by Eloy Medina regarding this appeal.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and supporting documentation is reviewed for procedural or due process requirements. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

A review of the RVR indicates that appellant was charged with CCR 3005 (c), for the specific act of "Battery on a Peace Officer." The charge was classified as a Division "B" offense.

Inmate Hollis E-37508
Appeal Log Number-SVSP-06-00380
Page 2

The discovery date of the RVR was 4/18/05. Appellant received his copy of the RVR on 4/26/05, which was within fifteen (15) days of the discovery.

The hearing was conducted on 12/7/05, not within thirty (30) days of initial issuance to the appellant. The appellant was afforded at least twenty four (24) hours to review to documentation prior to the hearing.

The RVR was referred to the Monterey County District Attorney's (DA) office for possible prosecution. On 8/9/05 the institution was notified that the case was rejected by the DA.

The RVR reflects that the appellant attended the disciplinary hearing held on 12/7/05 and pled "not guilty" to the charge.

The appellant states the hearing was started on 12/7/05 but was postponed until 12/15/05. The appellant provided copies to Eloy Medina during his interview of the appellant's 114A Inmate Segregation Record as proof. A review of the RVR indicates that the RVR hearing was conducted on 12/7/05. The RVR does not document a postponement. This typographical error had no bearing on the findings of the RVR or hampered the appellant's ability to provide a defense against the charges.

A Staff Assistant was not assigned, pursuant to CCR 3315(d)(2).

Appellant was a participant in the Mental Health Services Delivery System (MHSDS) at the CCCMS level of care. The circumstances of the RVR do not indicate that the appellant exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, the appellant did not demonstrate any strange, bizarre, or irrational behavior. Therefore, a Mental Health Assessment was not initiated. However, when inmates are utilizing the shower, they do not normally continue to hit the alarm (intercom) located beside the shower. Eloy Medina asked the appellant why he (appellant) continued to hit the alarm (intercom). The appellant stated he continued to hit the alarm (intercom) beside the shower to get the attention of staff. The appellant stated he was done with his shower and wanted to return to his cell. This action, in itself, did not constitute bizarre behavior. However, after the appellant was escorted to a holding cell after this incident, the appellant attempted to commit suicide. The act of attempting to commit suicide in conjunction with this incident raises enough concern to warrant a Mental Health Assessment.

An Investigative Employee (I.E.) was assigned, pursuant to CCR 3315(d)(1). The appellant contends that the IE Report was not adequate. The reviewer finds that CCR 3315(d)(1) was adhered to and the appellant was able to provide an adequate defense. In addition, the CDC 115A documents that the appellant waived the twenty four (24) hour period prior to the hearing of the RVR. It would stand to reason that if the IE Report was inadequate, the appellant would not request to waive his twenty four hour preparation period.

Inmate Hollis E-37508
Appeal Log Number-SVSP-06-00380
Page 3

The SHO determined a guilty finding, and assessed zero (0) days credit loss due to lost time constraints.

The appellant states he was not allowed witnesses at the hearing. A review of the RVR indicates the appellant's signature indicating the appellant waived the presence of requested witnesses.

The appellant states the SHO had a predetermined belief of the appellant's guilt. The appellant provided no evidence to support his allegation.

The appellant states Officers Goodlett and Zamora provided contradictory statements. A review of the Crime/Incident Report (837) confirms that there is a disparity in the reports of the employees. The SHO failed to address this disparity in the findings of the RVR.

This review finds the following due process errors; a Mental Health Assessment should have been completed and the disparity of the reports by Officers Goodlett and Zamora should have been addressed in the findings of the RVR.

DECISION: The appeal is Partially Granted. MODIFICATION ORDER REQUIRED

MODIFICATION ORDER: In accordance with Title 15, California Code of Regulations Section 3312(b)(1), Rule Violation Report FC05-04-0049, dated 4/18/05 for "Battery on a Peace Officer" is ordered retyped and reissued within fifteen (15) days of the date of the Chief Disciplinary Officer's (CDO) order. Ensure that the date of the rehearing order is included in the body of the Rule Violation Report, including the name of the CDO ordering the rehearing. A Mental Health Assessment will need to be completed. A new Senior Hearing Officer (SHO) shall be assigned to this matter and ensure that all procedural due process rights are afforded the inmate as provided in Title 15, Division 3.

The appellant is advised that this issue may be submitted for a Director's Level of Review, if desired.

A. HEDGPETH
Chief Deputy Warden (A)
Salinas Valley State Prison