# EXHIBIT F

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS
# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | Hollis | | SVSP | | 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 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) | Battery on A Peace Officer | Fac 'C' C8 Shower | 04-18-05 | 1115hrs. |

CIRCUMSTANCES: On 03-17-06, the Rules Violation Report (CDC 115) log #FC05-04-0049, dated 04-18-05, was ordered reissued, and reheard by Chief Deputy Warden A. Hedgpeth pursuant to memorandum dated 03-17-06. On 04-18-05, at approximately 1520 hours, while performing my duties as C8 Ad-Seg Officer, performing escorts when I entered building 8 C-Pod Inmate Hollis (E-37508, C8-226L) was inside C-Pod shower banging on the shower door and pressing on the alarm button. I told Inmate Hollis to calm down and stop banging on the shower door and pressing on the alarm button, and once we get our Ad-Seg inmate secured in his cell, the Control Booth Officer will let him out of the shower. Inmate Hollis did not listen and continued to bang on the shower and press the alarm. Once our inmate was secured, I went over to C-Section Shower and attempted to calm Inmate Hollis down while trying to get the Control Booth Officers attention. I told inmate Hollis to stop pressing the alarm button with negative results. I placed my hand over the alarm button next to the shower and Inmate Hollis stated "I can do what I want and if I want to get you, I can" and then aggressively grabbed me on the wrist area, I pulled back quickly and walked away from the shower. Officer Zamora walked up and opened the shower not knowing not knowing what had taken place. Inmate Hollis stated he needed to see the supervisor and I then advised Officer Zamora that inmate Hollis had grabbed my wrist and that he needed to placed in mechanical restraints (handcuffs). Officer Zamora then placed handcuffs on inmate Hollis and I followed the escort to Facility "C" Medical

REPORTING EMPLOYEE (Typed Name and Signature): L. Goodlett, Correctional Officer    DATE: 03/27/06    ASSIGNMENT: C8 Ad-Seg Extra    RDO'S: F/Sa.

REVIEWING SUPERVISOR'S SIGNATURE: SGT. Atew    DATE: 03/24/06    ☐ INMATE SEGREGATED PENDING HEARING    DATE ___ LOC ___

CLASSIFIED    OFFENSE DIVISION: B    DATE: 3/24/06    CLASSIFIED BY (Typed Name and Signature): Roque    HEARING REFERRED TO: ☐ HO ☒ SHO ☐ SC ☐ FC
☐ ADMINISTRATIVE
☒ SERIOUS

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 8/29/06 | TIME 2100 | TITLE OF SUPPLEMENT 1)MOD order 2)115X 3)I.E |
|---|---|---|---|---|
| ☒ INCIDENT REPORT LOG NUMBER: SVP-FC8 | BY: (STAFF'S SIGNATURE) | DATE 03/29/06 | TIME 2100 | BY: (STAFF'S SIGNATURE) — DATE 1) 03/2/06 2) 11/07/06 3) 11/07/06  TIME 2100 1915 1915 |

HEARING: 05-04-0227

Plea: Inmate HOLLIS entered a plea of NOT GUILTY at this RVR Hearing.

Findings: Inmate HOLLIS was found GUILTY of CCR §3005(c), specifically "Battery On A Peace Officer", a Division "B(1)" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (Findings Con't See CDCR-115C)

Disposition: Inmate HOLLIS was assessed 0 days forfeiture of credits due to loss of time constraints. Hearing was not held within 30 days of the date the inmate was provided a copy of the CDCR-115.

Additional Disposition: Inmate HOLLIS was counseled, warned and reprimanded.

Additional Disposition: Mitigation: Recommended by Clinician Yes [ ] No [X]
                              SHO Agrees          Yes [X] No [ ]

Classification Referral: Refer to UCC for Program Review.

REFERRED TO   ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| C. Barroga, Correctional Lieutenant | | 11/17/06 | 1310 |
| REVIEWED BY: (SIGNATURE) G. Ponder, Facility Captain | DATE 11/27/06 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M. P. Moore III, CDO | DATE 11-28-06 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE 12/1/06 | TIME 1530 |

CDC 115 (7/88)

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| **RULES VIOLATION REPORT - PART C** | | | | PAGE____OF____ |
| CDC NUMBER<br>E-37508 | INMATE'S NAME<br>Hollis | LOG NUMBER<br>C06-03-0012 R | INSTITUTION<br>SVSP | TODAY'S DATE<br>03-17-06 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☒ 115 CIRCUMSTANCES    ☐ HEARING    ☐ IE REPORT    ☐ OTHER_____

Clinic at a safe distance to maintain security. After securing Inmate Hollis in Holding Cell #1, I notified my supervisor Sergeant M. Nilsson. Inmate Hollis ((is)) [is not] a participant in the Mental Health Services Delivery System and is aware of this report.

L. Goodlett, Correctional Officer
SIGNATURE OF WRITER    DATE SIGNED: 03/27/06

☒ COPY OF CDC 115-C GIVEN TO INMATE

GIVEN BY: (Staff's Signature)    DATE SIGNED: 03/29/06    TIME SIGNED: 2100

CDC 115-C (5/95)    OSP 99 25082

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | | PAGE 1 OF 4 |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | | TODAY'S DATE |
| E-37508 | HOLLIS | 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R | SVSP | | 11/17/06 |
| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |

Hearing Date: 11/17/06.    Time: 1310 hours.    Any Postponement Explained: N/A.

**Inmate Plea and Statement:** Inmate HOLLIS entered a plea of NOT GUILTY and stated: "I request not guilty in the interest of justice. The RVR incident indicate it happened at 1520 hours which is contrary to Officer Zamora written report. In addition, the RVR has two different Log Number and date."

**Inmate's Health:** Inmate HOLLIS claims to be in good health and prepared to proceed with the disciplinary process.

**MHSDS:** Inmate HOLLIS is a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate HOLLIS exhibit any bizarre behavior that would raise concerns about his mental health. However, after Inmate HOLLIS was escorted to and placed into a holding cell after this incident, Inmate HOLLIS attempted to commit suicide. The act of attempting to commit suicide raises concerns about his mental health. Therefore, per Coleman vs. State of California agreement. An evaluation of the Mental Health Assessment was completed by S. H. Smith, Ph.D. on 04/11/06. At the hearing, Inmate HOLLIS did not demonstrate any strange, bizarre, or irrational behavior.

A Mental Health Assessment was completed by S. H. Smith, Ph.D. on 04/11/06 and revealed the following information:
Q1) Are there any Mental Health factors that would cause the Inmate to experience difficulty in understanding the disciplinary process and representing his interest in the hearing that would indicate the need for the assignment of a Staff Assistant?
A1) No.
Q2) In your opinion, did the Inmate's Mental disorder appear to contribute to the behavior that led to the RVR?
A2) No.
Q3) If the Inmate was found guilty of the offense, are there any Mental factors that the hearing Officer should consider in assessing the penalty.
A3) No.

**DUE PROCESS:**  Date of Discovery: 04/18/05.        Hearing started on: 11/17/06.
Reissue/Rehear MOD Order date: 03/17/06.   Initial RVR copy served on: 03/29/06.
CDCR-115-MH served on: 11/07/06.           Investigative Employee served on: 11/07/06.
Incident Package served on: 03/29/06.      D.A. Rejected date: 08/09/05.

**D.A. Referral:** This matter was referred to the Monterey County District Attorney's Office for possible Felony Prosecution.

**D.A. Postponement:** On 04/26/05, Inmate HOLLIS requested the hearing be postponed, pending the outcome of the D.A. referral, as indicated by his signature on the initial CDCR-115A. On 08/09/05, this case was returned to ISU indicating the case has been Rejected by the D.A. Pursuant to CCR §3316(D)(2), a decision to not prosecute or a court's dismissal of criminal charges without acquittal shall not prohibit or alter a departmental disciplinary hearing on the rule violation charges.

C. Barroga, Correctional Lieutenant

(HEARING CON'T SEE CDCR-115C)

SIGNATURE OF WRITER    DATE SIGNED: 11/17/06

☒ COPY OF CDC 115-C GIVEN TO INMATE

GIVEN BY: (Staff's Signature)    DATE SIGNED: 12/1/06    TIME SIGNED: 1530

CDC 115-C (5/95)    OSP 99 25082

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS | |
|---|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE 2 OF 4 | |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | | TODAY'S DATE |
| E-37508 | HOLLIS | C06-03-0012R | SVSP | | 11/17/06 |
| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |

**Time Constraints:** Were not met, however, hearing was conducted with no forfeiture of credits being assessed per 3320(a)(1). Hearing was not held within 30 days of the date the Reissue/Rehear MOD Order dated 03/17/06. Inmate HOLLIS acknowledged receiving all documents used for this hearing 24 hours prior to the hearing.

**TABE Score:** Inmate HOLLIS TABE Reading Score was Above 4.0 as noted in the Central File. Inmate HOLLIS read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Inmate HOLLIS requested and does meet the criteria for assignment of an Investigative Employee. Correctional Officer C. A. Salopek was assigned. Officer C. A. Salopek interviewed Inmate HOLLIS as part of the investigative process, gathered information from witnesses, asking each witness specific questions posed by Inmate HOLLIS and follow up questions posed by I.E. for clarification purposes. Officer C. A. Salopek prepared his report, to include his summation of the facts, and provided a copy of the report to Inmate HOLLIS more than 24 hours prior to this hearing.

**Evidence Requested or Used:** There was no evidence requested or used.

**External/Outside Evidence:** N/A.    **Video Tape Evidence:** N/A.    **Confidential Information:** N/A.

**Witness Requested:** Inmate HOLLIS requested the following witnesses to be present at the hearing:
1) Reporting Employee (R.E.) Correctional Officer L. Goodlett; SHO Granted via Speaker Phone.
2) Correctional Officer L. Zamora; SHO Granted.
3) Investigative Employee Correctional Officer C. A. Salopek; SHO Denied this witness due to this SHO determined that this requested witness would not provide any further information that would be relevant to the hearing.
4) Facility C-8 Control Booth Officer; SHO Denied due to Control Booth Officer did not witness the incident.

**Witness Testimony at Hearing:** The following Granted witnesses testified at the hearing:
1) Inmate HOLLIS asked R.E. Officer L. Goodlett the following questions via Speaker Phone:
Q1) What wrist did I allegedly grab?
A1) I think my right wrist.
Q2) Inmate HOLLIS was pressing the button with negative result. How did you placed your hand over the alarm button?
A2) When you took your hand away.
Q3) How did I allegedly grabbed your wrist?
A3) You had your hand through the shower door and grabbed my wrist.
Q4) Where was Officer Zamora at the time of battery?
A4) He was not next to me, I think he was at cell door.

2) SHO asked R.E. Officer L. Goodlett the following question(s) via Speaker Phone:
Q1) At about what time did the incident occurred?
A1) Don't recall the time whether it happen on Second Watch or Third Watch.

C. Barroga, Correctional Lieutenant

(HEARING CON'T SEE CDCR-115C)

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| [signature] | 11/17/06 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| [signature] | 12/1/06 | 1530 |

CDC 115-C (5/95)    OSP 99 25082

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | | PAGE 3 OF 4 |
| CDC NUMBER E-37508 | INMATE'S NAME HOLLIS | LOG NUMBER C06-03-0012R | INSTITUTION SVSP | | TODAY'S DATE 11/17/06 |
| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |

3) Inmate HOLLIS asked Officer L. Zamora the following questions:
Q1) What direction were you facing when you were at the podium and 'C' section phone?
A1) I was facing towards the Control Booth and talking to Control Booth Officer.
Q2) Did you release me from the shower after or before Officer Goodlett inform you that I allegedly grabbed his wrist at 1115 hours?
A2) I release you from the shower before Officer Goodlet informed me of the incident.
Q3) At what time did this allegedly incident occurred and whether it happened during Second Watch or Third Watch?
A3) At about 1115 hours during Second Watch.

4) SHO asked Officer L. Zamora the following questions:
Q1) Who was your partner in G-8 'C' section at the time of incident?
A1) It was Correctional Officer L. Goodlett.
Q2) Were you by (next to) Officer Goodlett side at the time of the incident? If not, where were you?
A2) No, I was between the podium and the 'C' section telephone.
Q3) When / Where did Officer Goodlett informed you that HOLLIS grabbed his wrist?
A3) Officer Goodlett informed me during the escort at nearby the C2 observation gun.

**Enemy Concerns:** There was no enemy concerns related with this disciplinary hearing.

**Findings:** Inmate HOLLIS is found **GUILTY** as charged. This finding is based upon the following preponderance of evidence:
1) RVR Log #C06-03-0012R, authored by Reporting Employee (R.E.) Correctional Officer L. Goodlett, which states in part:
a) R.E. Correctional Officer L. Goodlett was a witness to Inmate HOLLIS continuously banging on the shower door in 'C' Pod shower and pressing on the alarm button.
b) R.E. Officer L. Goodlett told Inmate HOLLIS to calm down and orders him stop banging on the shower door and pressing the alarm button with negative results.
c) Officer L. Goodlett again trying to calm Inmate HOLLIS down and told him to stop pressing the alarm button with negative results. Officer Goodlett then placed his hand over the alarm button in an attempt to stop Inmate HOLLIS from pressing the alarm button.
d) R.E. Officer L. Goodlett was an eye witness when Inmate HOLLIS made the statement "I can do what I want and if I want to get you, I can." By making the statement, Inmate HOLLIS showed his intent to harm staff.
e) After Inmate HOLLIS made the statement, he aggressively grabbed Officer Goodlett on the wrist area.

2) Incident Report Log #SVP-FC8-05-04-0227, authored by Lieutenant J. Celaya which states in part:
"On 04/18/05, at approximately 1115 hours, Inmate HOLLIS (E-37508) reached through the shower bars and grabbed Officer L. Goodlett by the wrist. Officer L. Goodlett pulled his hand quickly away and stepped from the shower. Officer L. Zamora removed Inmate HOLLIS from the shower and placed him in handcuffs. Officer Zamora escorted Inmate HOLLIS to the Medical Health Annex and secured him in holding cell #1.

3) The finding of Guilt was based on a compelling preponderance of evidence as provided.

(HEARING CON'T SEE CDCR-115C)

SIGNATURE OF WRITER: C. Barroga, Correctional Lieutenant
DATE SIGNED: 11/17/06

☒ COPY OF CDC 115-C GIVEN TO INMATE
GIVEN BY: (Staff's Signature)
DATE SIGNED: 12/1/06
TIME SIGNED: 1530

CDC 115-C (5/95)                                         OSP 99 25082

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS | |
|---|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE 4 OF 4 | |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | | TODAY'S DATE |
| E-37508 | HOLLIS | C06-03-0012R | SVSP | | 11/17/06 |
| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |

**CONCLUSION:** After further review of Correctional Officers L. Goodlett and L. Zamora Crime/Incident Report CDCR-837 Part 'C'. This SHO noticed there was a disparity between the Officers statements regarding the timing of when Officer L. Goodlett informed Officer L. Zamora of when Inmate HOLLIS grabbed Officer Goodlett wrist. This SHO further noticed the Inmate's claim that the time of the incident on the RVR was at 1520 hours. After review of the Incident Report, it was discovered that the incident occurred at 1115 hours. The 1520 hours was a typographical error and had no bearing on the findings of the RVR. Based on the Reporting Employee Report of Officer L. Goodlett, this SHO finds the preponderance of the evidence has been met to render and sustain a finding of Guilt on the charged offense of Inmate HOLLIS violated CCR §3005(c); specifically, "Battery On A Peace Officer", a Division "B(1)" offense per CCR §3323 (d)(1).

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal per CCR section §3084.1 (a). Inmate HOLLIS was informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer.

C. Barroga, Correctional Lieutenant
SIGNATURE OF WRITER      DATE SIGNED 11/17/06
GIVEN BY: (Staff's Signature) M. L      DATE SIGNED 12/1/06      TIME SIGNED 1530

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)      OSP 99 25082

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| **RULES VIOLATION REPORT - PART C** | | | | PAGE _1_ OF _3_ |
| CDC NUMBER<br>E-37508 | INMATE'S NAME<br>HOLLIS | LOG NUMBER<br>C06-03-0012R | INSTITUTION<br>S.V.S.P. | TODAY'S DATE |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER

On 08-18-05, I was assigned as Investigative Employee for the CDC-115, Log# 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. I informed Inmate HOLLIS of my assignment, and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HOLLIS stated that he had no objections to my serving in this capacity. My report is as follows:

**Defendant's Statement:** On 08-18-06, I conducted an interview with Inmate HOLLIS (E-37508), regarding the charged offense. Inmate HOLLIS offered the following statement: "I request to be found not guilty in the interest of justice and that the charge be dismissed. Correctional Officer L. Goodlett made false allegations that I committed battery on a Peace Officer. Officer Goodlett's report is vague, confusing and contradictory to Officer Zamora's written report and not "verified" by other staff present during the alleged battery on a Peace Officer such as the control booth officer as well as Officer Zamora. All the reports generated by staff related to the alleged battery are inconsistent and contradictory in nature. Officer Goodlett made false allegations to cover up my claims of the use of unnecessary force to Nurse P. Cross, when he aggressively grabbed my wrist for refusing to stop pressing the alarm button as stated in his report."

**Reporting Employees Statement:** On 07-13-06, I interviewed the Reporting Employee, Officer L. Goodlett regarding the charges and his recollection of the events of that day. Officer Goodlett offered the following statement; "On the day in question, Inmate HOLLIS reached through the shower bars and grabbed me by my wrist. I pulled my hand quickly away and stepped back from the shower."

**Inmate HOLLIS had the following questions for Officer Goodlett:**
Q1) On April 18, 2005 did you generate a true and correct complete report of the alleged battery on staff?
A1) Yes, I did complete a correct report.
Q2) Why is your report vague, confusing and contradictory to Officer Zamora written report and not verified by other staff present during the alleged incident?
A2) My report is not vague and is specific as to what happened during the incident.
Q3) Did you and Officer Zamora instruct the control booth officer at 1115 hours to open the "C" section shower for Inmate HOLLIS to go back to his cell?
A3) I did not instruct Officer Zamora of the incident till after the shower door was opened.
Q4) How was it possible for you to place your hand over the alarm button when you clearly stated that you told Inmate HOLLIS to stop pressing the alarm button with negative results?
A4) Because you moved your hand.
Q5) If Inmate HOLLIS refused to stop pressing the alarm button, as indicated in your report, then how did Inmate HOLLIS aggressively grab your wrist area, if Inmate HOLLIS was still pressing the alarm button.?
A5) Because you reached through the bars of the shower and grabbed me.
Q6) What hand did Inmate HOLLIS use to allegedly grab your wrist area?
A6) This happened a year ago, I do not remember, refer to original report.
Q7) What wrist area was allegedly grabbed and how? Please explain.
A7) You grabbed my wrist tightly and I had to break your hold.
Q8) Did it appear to you that Inmate HOLLIS was having a emotional disturbance?
A8) No, I remember he looked happy.
Q9) Did you sign and date RVR #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R. As the reporting employee as required per CDC 115 (7/88)?
A9) This does not pertain.
Q10) Were you on duty as approximately 1520 hours in C8 as Ad/Seg Officer?
A10) This does not pertain. (Con't CDC-115-C)

C.A. Salopek, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED<br>11/07/06 | |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED<br>11/07/06 | TIME SIGNED<br>1915 |

CDC 115-C (5/95)   OSP 99 25082

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|---|
| **RULES VIOLATION REPORT - PART C** | | | | | PAGE 2 OF 3 |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | | TODAY'S DATE |
| E-37508 | HOLLIS | C06-03-0012R | S.V.S.P. | | |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER

Q11) Once your Ad/Seg inmate was secured as indicated in your report. Why was it necessary to approach the shower area, and why was didn't you instruct the control booth officer to release me from the shower, if your Ad/Seg inmate was secured as mentioned in your reports?
A11) N/A
Q12) Where was Officer Zamora presence in the building once Ad/Seg inmate was secured and you approached the shower area?
A12) N/A
Q13) How did you allegedly attempt to calm Inmate HOLLIS down?
A13) N/A, I gave a direct calm order for Inmate HOLLIS to stop his actions.
Q14) Did you observe Inmate HOLLIS make allegations against you to RN. P. Gross in the Facility "C" Medical Clinic for use of unnecessary and excessive force prior to you informing any supervisor that Inmate HOLLIS allegedly aggressively grabbed your wrist?
A14) No.

**Staff Witness Statement:** On 08-25-05, I interviewed staff witness, Correctional Officer L. Zamora, regarding the charges and his recollection of the events of that day. Officer Zamora offered the following statement, "During shower program on the date in question, Inmate HOLLIS refused to comply with my instructions to return to his cell. I placed HOLLIS in handcuffs and escorted him to the Facility "C" Medical office for a CDC 7219 and then to holding cell #1 in the health Services Annex."

**Inmate HOLLIS had the following questions for Officer Zamora:**
Q1) At 1115 hours on April 18, 2005 did you generate a true and correct report to the alleged Battery on Staff, and complete report of the alleged incident?
A1) Yes.
Q2) After you and Officer Goodlett instructed the control booth officer to open "C" section shower door to allow me to go back to my cell at 1115 hours on April 18, 2005 did you observe at any time during both you and Officer Goodlett's presence at the shower or were the both of you instructed the control booth officer to let me out of the shower, Inmate HOLLIS grab Officer Goodlett's wrist."
A2) No.
Q3) At 1115 hours on April 18, 2005 where was your presence in "C" section from the time I was released from the shower after you and Officer Goodlett instructed the control booth officer to open the "C" section shower door where I was located?
A3) I was between the "C" section phone and the podium.
Q4) At 1115 hours were you present along side Officer Goodlett of wit Officer Goodlett from the time your escort inmate was secured til the time I was placed in handcuffs?
A4) I placed Inmate HOLLIS in handcuffs and escorted him to the Facility "C" Medical officer for a CDC 7219 and then placed him in the holding cell along with Officer Goodlett.
Q5) At what time did Officer Goodlett allegedly inform you that I grabbed his wrist? and was that before the both of you instructed the control booth officer to release me from the shower?
A5) Inmate HOLLIS was done with his shower and I instructed the control booth officer to open the shower door for HOLLIS to return to his assigned cell, and later found out about the incident.
Q6) Did you order Inmate HOLLIS to submit to handcuffs because he refused to lock it up and requested to speak to a supervisor or because Officer Goodlett allegedly informed you that Inmate HOLLIS had just grabbed his wrist?
A6) I ordered Inmate HOLLIS to submit to handcuffs because he was refusing to lock up and was delaying the unit's program. (Con't See CDC-115-C)

C.A. Salopek, Correctional Officer

SIGNATURE OF WRITER  DATE SIGNED 11/07/06
GIVEN BY: (Staff's Signature)  DATE SIGNED 11/07/06  TIME SIGNED 915

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)  OSP 99 25082

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|---|
| **RULES VIOLATION REPORT - PART C** | | | | | PAGE 3 OF 3 |
| CDC NUMBER<br>E-37508 | INMATE'S NAME<br>HOLLIS | | LOG NUMBER<br>C06-03-0012R | INSTITUTION<br>S.V.S.P. | TODAY'S DATE |
| ☐ SUPPLEMENTAL  ☒ CONTINUATION OF: | | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER |

Q7) Did Inmate HOLLIS receive his 1000 hour phone call on April 18, 2005 which he signed up for?
A7) No.
Q8) Was the control booth officer present at the "C" Section Control panel at 1115 hours? And did you or the control booth officer open the shower door?
A8) The control booth officer opened the door after I instructed him to do so.
Q9) After you and Officer Goodlett instructed the control booth officer to open "C" section shower for me to go back to my cell, was I released from the shower and started asking you about my phone call and refusing to lock up? And if so, how was it not possible to observe any of the allegations made by Officer Goodlett in his report dated April 18, 2005 at 1115 hours.
A9) Yes.

**Investigative Employee's Summation:** Inmate HOLLIS requested information regarding the control booth officer on the above mentioned date. A review of the log indicates Correctional Officer Tsai was assigned to work at that post during the time of the incident. It should be noted that Officer Tsai did not submit a report and appears to have no involvement in this incident.

This concludes my report.

C.A. Salopek, Correctional Officer
SIGNATURE OF WRITER
DATE SIGNED: 11/07/06

☒ COPY OF CDC 115-C GIVEN TO INMATE
GIVEN BY: (Staff's Signature)
DATE SIGNED: 11/07/06
TIME SIGNED: 915

CDC 115-C (5/95)                                                                 OSP 99 25082

# STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | Hollis | 3005(c) | 03-17-06 | SVSP | C06-03-0012R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.   INMATE'S SIGNATURE ▶   DATE

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution.   INMATE'S SIGNATURE ▶ N/A   DATE

DATE NOTICE OF OUTCOME RECEIVED   DISPOSITION

☐ I REVOKE my request for postponement.   INMATE'S SIGNATURE ▶   DATE

### STAFF ASSISTANT

STAFF ASSISTANT  ☐ REQUESTED  ☐ WAIVED BY INMATE   INMATE'S SIGNATURE ▶   DATE
☐ ASSIGNED   DATE   NAME OF STAFF
☒ NOT ASSIGNED   REASON: DNMC per Title 15, CCR 3315

### INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE  ☒ REQUESTED  ☐ WAIVED BY INMATE   INMATE'S SIGNATURE ▶ *Marvin Hollis*   DATE 3-29-06
☐ ASSIGNED   DATE   NAME OF STAFF
☒ NOT ASSIGNED   REASON: ~~DNMC per Title 15, CCR 3315~~   DNMC PER TITLE 15 CCR 3315

EVIDENCE/INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| C/O Zamora, IE Control Booth Officer | ☒ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ▶   DATE

☒ COPY OF CDC 115-A GIVEN INMATE   BY: (STAFF'S SIGNATURE) ▶   TIME 2100   DATE 03/29/06

CDC 115-A (7/88)   — If additional space is required use supplemental pages —   OSP 98 8819