MARVIN HOLLIS, E-37808
High Desert State Prison
P.O. Box 3030,    D-5-228
Susanville, Calif, 96127
IN PRO-PER

FILED
08 MAR -3 PM 1:47
[clerk U.S. District Court stamp]

United States District Court
Northern District of California

MARVIN HOLLIS,
    PLAINTIFF
VS.
ELOY MEDINA,
    DEFENDANT

CASE NO. C-07-2980 TEH (PR)

Motion For Default Judgment or Alternative Action.

Plaintiff move this court for a judgment by default in this action. Defendants has not filed no answer or other defense as ordered by the court on 11-27-07. Wherefore, plaintiff moves this court make and enter a judgment in favor of plaintiff or take alternative action to achieve the interest of justice and early resolution of the case. I also move for a copy of a status report.

Dated: 2-27-08
    Marvin Glenn Hollis
    -PLAINTIFF-

(Murphy Bros. Inc. V. Michetti Pipe Stringing, Inc,)
(526 U.S. 344, 350 (1999))
★ Has summons been served in this action?

(1)

**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5793
Facsimile: (415) 703-5843
E-Mail: Cynthia.Fritz@doj.ca.gov

January 31, 2008

Marvin G. Hollis
E-37508
High Desert State Prison
P. O. Box 3030
Susanville, CA 93960-1020

RE:   MARVIN G. HOLLIS v. ELOY MEDINA
  United States District Court, Northern District of California, Case No. C 07-2980 THE (PR)

Dear Mr. Hollis:

The Attorney General's Office received your January 3, 2008 Request for Production of Documents and your January 6, 2008 First Set of Interrogatories. I am returning the discovery to you. The discovery requests are premature and procedurally improper because they fail to comply with the Federal Rules of Civil Procedure.

Defendant Medina is currently not a party to the action. You served the discovery requests before Medina has appeared in the action and before Medina has been personally served with a summons and complaint or waived service. Medina has no obligation to comply with the discovery requests because he has not appeared in the action. One becomes a party officially and is required to take action in that capacity only upon service of summons. Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc. 526 U.S. 344, 350 (1999). Since you failed to serve the discovery requests in compliance with Rule 5 and also attempted to serve Defendant before he was a "party" within the meaning of the discovery rules, the requests are improper.

Sincerely,

CYNTHIA C. FRITZ
Deputy Attorney General

For   EDMUND G. BROWN JR.
  Attorney General