EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
CYNTHIA C. FRITZ, State Bar No. 200147
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5793
 Fax: (415) 703-5843
 Email: Cynthia.Fritz@doj.ca.gov

Attorneys for Defendant E. Medina

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVIN G. HOLLIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ELOY MEDINA,<br><br>　　　　　Defendants. | C 07-2980 TEH (PR)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS AND MOTION FOR QUALIFIED IMMUNITY** |

TO MARVIN GLENN HOLLIS, Plaintiff in pro per:

PLEASE TAKE NOTICE that Defendant E. Medina (Defendant) moves this Court to stay discovery pending a ruling on Defendant's Motion to Dismiss and Motion for Qualified Immunity.

**PRELIMINARY STATEMENT**

Plaintiff, a state prisoner at High Desert State Prison filed a §1983 civil rights complaint in U.S. District Court for the Northern District of California on June 7, 2007. (Court Document (CD) # 1.) Plaintiff's allegations stem from a November 17, 2006 Serious Rules Violation and the subsequent appeal. Plaintiff alleges that Defendant retaliated against him by denying his 602 appeal

1  through the inmate appeals process because of his status as a "jailhouse lawyer" and for his prior
2  filing of administrative grievances. (*Id.* ¶¶ 10, 11.)
3        On November 28, 2007, this Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A,
4  and found that Plaintiff stated a cognizable claim for retaliation against Defendant Medina. (CD #
5  3.)
6        On January 3, 2008 and January 6, 2008, Plaintiff served a Request for Production of
7  Documents, Set One, and the First Set of Interrogatories. (Declaration of Cynthia C. Fritz (Decl.
8  Fritz) ¶ 2.) On January 31, 2008, the discovery was returned because the Defendant had not been
9  served or appeared in the action. (Decl. Fritz ¶ 3.) On February 4, 2008, Plaintiff served the First
10 Set of Requests for Admissions on Defendant. (Decl. Fritz ¶ 4.) On February 19, 2008, Plaintiff
11 served the Requests for Production of Documents, Set One, First Set of Interrogatories, and First Set
12 of Requests for Admissions for a second time. (Decl. Fritz ¶ 5.) On or about February 25, 2008,
13 Defendant filed a Motion to Dismiss Plaintiff's suit under Federal Rule of Civil Procedure 12(b)(6).
14 (CD # 7.) Defendants' Motion to Dismiss was based on the grounds that Plaintiff failed to exhaust
15 his administrative remedies and that Defendant is entitled to qualified immunity. (CD #7.)
16 Defendant served a response to the First Set of Admissions on March 5, 2008. (Decl. Fritz ¶ 6.) On
17 March 10, 2007, Plaintiff filed a motion to compel discovery. (Decl. Fritz ¶ 7.)

## ARGUMENT

### DISCOVERY IN THIS CASE SHOULD BE STAYED PENDING A RULING ON THE THRESHOLD QUESTION OF QUALIFIED IMMUNITY.

21       The Supreme Court has made it clear that a district court should stay discovery until the
22 threshold question of qualified immunity is settled. *Crawford-El v. Britton*, 523 U.S. 574, 598
23 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that
24 threshold question before permitting discovery"); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6
25 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Anderson*, the Court reiterated that
26 "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from
27 the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*,
28 483 U.S. at 646 (internal quotation marks omitted).

Def.'s Not. of Mot. and Mot. to Stay Disc.       *M. Hollis v. E. Medina, et al.*
      C 07-2980 TEH (PR)

1 | "A trial court has broad discretion and inherent power to stay discovery until preliminary
2 | questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th
3 | Cir. 1987); *see also Defensive Instruments, Inc. v. R.C.A. Corp.*, 365 F. Supp. 1053, 1054 (W.D. Pa.
4 | 1974). The Ninth Circuit has held, "[a] stay of discovery pending the resolution of another issue is
5 | proper if discovery would not affect a decision on that issue." *Little v. City of Seattle*, 863 F.2d 681,
6 | 685 (9th Cir. 1988).

7 | To require Defendant to respond to Plaintiff's discovery at this time would defeat the
8 | important basis of the qualified immunity standard. A stay in discovery would allow for the issue
9 | of qualified immunity to be disposed of before Defendant is required to respond to any additional
10 | discovery, including discovery motions. Finally, a stay will not interfere with the decision on
11 | Defendant's Motion for Qualified Immunity and Motion to Dismiss.

12 | If the Court denies this motion, Defendant respectfully request that the Court grant Defendant
13 | 30 days from the date of the Court's order to respond to any outstanding discovery requests and
14 | discovery motions.

15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 |

Def.'s Not. of Mot. and Mot. to Stay Disc.                    *M. Hollis v. E. Medina, et al.*
                                                               C 07-2980 TEH (PR)

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant this motion to stay discovery pending the Court's ruling on the threshold question of qualified immunity.

Dated: March 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

CYNTHIA C. FRITZ
Deputy Attorney General
Attorneys for Defendant Medina

40225696.wpd
SF2007403555

Def.'s Not. of Mot. and Mot. to Stay Disc.

M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)