1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | MICHAEL W. JORGENSON
Supervising Deputy Attorney General
5 | CYNTHIA C. FRITZ, State Bar No. 200147
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5793
Fax: (415) 703-5843
8 | Email: Cynthia.Fritz@doj.ca.gov

9 | Attorneys for Defendant Medina

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVIN G. HOLLIS,<br><br>    Plaintiff,<br><br>v.<br><br>ELOY MEDINA,<br><br>    Defendants. | C 07-2980 TEH (PR)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

### INTRODUCTION

Plaintiff's motion to compel discovery should be denied because it fails to comply with the Federal Rules of Civil Procedure, Northern District local rules, and Plaintiff failed to meet and confer prior to seeking court intervention.

### MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

Plaintiff is a California state prisoner proceeding pro se and *in forma pauperis* in this civil-rights action. On February 25, 2008, Defendant moved the Court for dismissal. (Def's. Mot. Dismiss, February 25, 2008, Docket 7.) On March 11, 2008, Defendant moved the Court for a

stay of discovery pending the Court's ruling on the dismissal motion. (Def.'s Mot. Stay, March 11, 2008, Docket 15.)

On January 3, 2008 and January 6, 2008, Plaintiff served a Request for Production of Documents, Set One, and the First Set of Interrogatories on Defendant. (Dec. Fritz ¶ 2.) On January 31, 2008, the discovery was returned because Defendant had not been served, acknowledged a waiver of service, or appeared in the action. (Dec. Fritz ¶ 3.) On February 4, 2008, Plaintiff served the First Set of Admissions on Defendant. (Dec. Fritz ¶ 4.) On February 19, 2008, Plaintiff served the Request for Production of Documents, Set One, First Set of Interrogatories, and First Set of Request for Admissions for the second time. (Dec. Fritz ¶ 5.) On February 25, 2008, Defendant filed a motion to dismiss and appeared in this action. (Def's. Mot. Dismiss, February 25, 2008, Docket 7.) Defendant served a response to the First Set of Requests for Admissions on March 5, 2008. (Dec. Fritz ¶ 6.) On March 5, 2008, Plaintiff filed a motion to compel discovery against Defendant (Pl.'s Mot. Compel Discovery, March 5, 2008, Docket 12.) Defendant filed a motion to stay discovery on March 11, 2008. (Def's. Mot to Stay Discovery, March 11, 2008, Docket 15.)

Plaintiff's motion is procedurally defective because it does not comply with the discovery provisions of the Federal Rules of Civil Procedure and local court rules: (1) Federal Rule of Civil Procedure 37(1) (requiring a certification stating that a good-faith attempt was made to meet and confer prior to seeking court intervention); and (2) Northern District of California Local Rule 37-1(a) (court will not entertain a motion to compel unless the parties first meet and confer). Plaintiff also served the discovery requests prior to personal service, acknowledgment of waiver of service, and any appearance by the Defendant.

///

## ARGUMENT

**I.  DEFENDANT WAS NOT OBLIGATED TO RESPOND TO DISCOVERY THAT WAS SERVED BEFORE HE WAS A PARTY TO THIS ACTION.**

Defendant had no obligation to comply with the discovery requests, when the Defendant was not personally served with the summons and complaint, waived service, or appeared at the

time Plaintiff submitted his requests. (Decl. ¶ 7.) Plaintiff served the discovery on January 3, 2008, January 6, 2008, February 4, 2008, and February 19, 2008, before Defendants had been personally served, waived service, or appeared in this action. (Decl. ¶¶ 2 - 5, 7.) Plaintiff's discovery requests are improper on the ground that Plaintiff failed to serve it in compliance with Rule 5 before Defendant was a party within the meaning of the discovery rules. Accordingly, Plaintiff's motion to compel discovery must be denied.

## II.    PLAINTIFF DID NOT MEET AND CONFER BEFORE FILING THE MOTION TO COMPEL.

A motion to compel discovery must include a certification by the moving party that states that the movant made a good-faith effort to confer with the party who allegedly failed to provide adequate discovery responses. Fed. R. Civ. P. 37(1). And under the Local Rules, this Court will not entertain a motion to compel discovery unless the parties have "previously conferred for the purpose of attempting to resolve all disputed issues." N.D. Cal. Civ. R. 37-1(a).    "Confer" means "to communicate directly and discuss in good faith the issue(s) . . . " *Id.* 1-5(n). Normally, merely sending a letter "does not satisfy a requirement to 'meet and confer' or to 'confer.'" *Id.*; *See Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995) (sending a letter demanding compliance with a discovery request is not what the court regards as an earnest attempt to "meet and confer" on the issues). But for prisoners, "the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters." *Ellis v. Woodford*, No. 05-CV-2110-SI (2007 WL 1033477) (N.D. Cal. Apr. 4, 2007) (order denying motion to compel). Although the format for prisoners is slightly different, "the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention." *Id.* Only after good-faith negotiations between the parties fail to resolve the dispute, may a party request judicial intervention into a discovery dispute. N.D. Cal. Civ. R. 37-1(b).

Plaintiff provides no certification or evidence that he attempted to meet and confer with Defendant's counsel to resolve discovery issues. Thus, Plaintiff's motion must be denied.

///

Def.'s Opp. to Plaintiff's Mot. to Compel Discovery                    *M. Hollis v. E. Medina, et al.*
                                                                                                          C 07-2980 TEH (PR)

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's motion to compel discovery.

Dated: March 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

*/s/ Cynthia C. Fritz*

CYNTHIA C. FRITZ
Deputy Attorney General
Attorneys for Defendants

40230284.wpd
SF2007403555