1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  CYNTHIA C. FRITZ, State Bar No. 200147
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5793
    Fax: (415) 703-5843
8   Email: Cynthia.Fritz@doj.ca.gov

9  Attorneys for Defendant Medina

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVIN G. HOLLIS,<br><br>                              Plaintiff,<br><br>         v.<br><br>ELOY MEDINA,<br><br>                              Defendants. | C 07-2980 TEH (PR)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY THE MOTION TO DISMISS** |

### INTRODUCTION

Defendant Medina (Defendant) opposes Plaintiff's motion to stay the motion to dismiss on the grounds that discovery is not needed or warranted for the issue of qualified immunity. Defendant also argues that all documents for the issue of exhaustion of administrative remedies were already produced to Plaintiff as an exhibit to the motion to dismiss or are Plaintiff's own work product. Thus, discovery is not warranted.

### MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

Plaintiff is a California state prisoner proceeding pro se and *in forma pauperis* in this civil-

rights action. On February 25, 2008, Defendant moved for dismissal. (Def's. Mot. Dismiss, February 25, 2008, Docket 7.) On March 11, 2008, Defendant moved the Court for a stay of discovery pending the Court's ruling on the dismissal motion. (Def.'s Mot. Stay, March 11, 2008, Docket 15.)

On January 3, 2008 and January 6, 2008, Plaintiff served a Request for Production of Documents, Set One, and the First Set of Interrogatories on Defendant. (Dec. Fritz ¶ 2.) On January 31, 2008, the discovery was returned because Defendant had not been personally served, acknowledged a waiver of service, or appeared in the action. (Dec. Fritz ¶ 3.) On February 4, 2008, Plaintiff served the First Set of Request for Admissions on Defendant. (Dec. Fritz ¶ 4.) On February 19, 2008, Plaintiff served the Request for Production of Documents, Set One, First Set of Interrogatories, and First Set of Request for Admissions for the second time. (Dec. Fritz ¶ 5.) On February 25, 2008, Defendant filed a motion to dismiss and appeared in this action. (Def's. Mot. Dismiss, February 25, 2008, Docket 7.) Defendant served a response to the First Set of Admissions on March 5, 2008. (Dec. Fritz ¶ 6.) On March 5, 2008, Plaintiff filed a motion to compel discovery against Defendant (Pl.'s Mot. Compel Discovery, March 5, 2008, Docket 12.) Defendant filed a motion to stay discovery on March 11, 2008. (Def's. Mot to Stay Discovery, March 11, 2008, Docket 15.)

Plaintiff seeks to stay the motion to dismiss in order to conduct discovery in this matter. As discussed below, discovery is not warranted prior to a decision on the motion to dimiss.

## ARGUMENT

### I. QUALIFIED IMMUNITY DOES NOT REQUIRE DISCOVERY.

The Supreme Court has made it clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Anderson*, the Court reiterated that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government."

Def.'s Opp. to Plaintiff's Mot. to Stay the Mot. to Dismiss        M. Hollis v. E. Medina, et al.
                                                                  C 07-2980 TEH (PR)

2

1 *Anderson*, 483 U.S. at 646 (internal quotation marks omitted).

2 "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Defensive Instruments, Inc. v. R.C.A. Corp.*, 365 F. Supp. 1053, 1054 (W.D. Pa. 1974). The Ninth Circuit has held, "[a] stay of discovery pending the resolution of another issue is proper if discovery would not affect a decision on that issue." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

To require Defendant to respond to Plaintiff's discovery at this time would defeat the important basis of the qualified immunity standard. A stay in discovery would allow for the issue of qualified immunity to be disposed of before Defendant is required to respond to any additional discovery, including discovery motions.

Finally, a stay will not interfere with the decision on Defendant's Motion for Qualified Immunity because Qualified Immunity, under Rule 12(b)(6), is determined solely by the contentions in the complaint and not by any additional documents or information.

## II.   PLAINTIFF POSSESSES ALL DOCUMENTS RELATED TO THE ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Plaintiff also does not need discovery for the exhaustion of administrative remedies argument. Defendant attached all documents as exhibits to the Declaration of E. Medina related to the exhaustion argument. (Dec. Fritz, Feb. 25, 2008, Docket 9.) If there are any further documents, such as 602 appeals and responses, those documents are the work product of plaintiff and already in his possession, custody, and control. As such, discovery is not warranted.

///
///
///
///
///
///
///

Def.'s Opp. to Plaintiff's Mot. to Stay the Mot. to Dismiss

*M. Hollis v. E. Medina, et al.*
C 07-2980 TEH (PR)

**CONCLUSION**

Based on the foregoing, Defendant respectfully request that the Court deny Plaintiff's motion to stay the motion to dismiss.

Dated: March 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

CYNTHIA C. FRITZ
Deputy Attorney General
Attorneys for Defendants

motion.discovery.wpd
SF2007403555

Def.'s Opp. to Plaintiff's Mot. to Stay the Mot. to Dismiss    M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)