Marvin Hollis, E-37008
High Desert State Prison
P.O. Box 3030, D-7-125
Susanville, CA, 96127
   IN PRO-PER

FILED

MAR 26 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States Northern District Court

Marvin G. Hollis,
   Plaintiff

vs.

Eloy Medina,
   Defendant

Case No: C-07-2980-TEH-(PR)

"Opposition" to defendant's motion to stay discovery pending motion to dismiss and motion for qualified immunity, and "Request for extention of time to file opposition to defendant's motion to dismiss and motion for qualified immunity.

N/C

To defendant Eloy Medina:

Please take notice plaintiff moves the court to deny defendant motion to stay discovery pending motion to dismiss and motion for qualified immunity, and request for extention of time to file opposition to defendant's motion to dismiss and motion for qualified immunity to and including April 22, 2008 in which to file such opposition.

(1)

Defendant's motion is off point thus has some basis in fact. The privilege of qualified immunity is an immunity from suit rather than a mere defense to liability. A ruling should be made early in the proceedings so that the cost and expenses of trial are avoided where the defense is dispositive. Such immunity is an entitlement not to stand trial, not a defense from liability. Mitchell v. Forsyth 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411. Defendant argue that he is entitled to qualified immunity. This argument must be rejected based on the pappers, laws, and files properly before the court in addition that qualified immunity is only an immunity from a suit for damages and does not provide immunity from suit for declaratory or injunctive relief. (Los Angeles Police Protective League v. Gates 995 F.2d 1469.1472 (9th Cir. 1993). Defendant instead argue that he is entitled to qualified immunity from all of plaintiff's claims to the extent that plaintiff seeks monetary damages despite that plaintiff also seeks declaratory and injunctive relief.

(2)

If defendants motion to stay discovery is granted it will affect my ability and obstruct me from gathering information and evidence to oppose defendant motion to dismiss and motion for qualified immunity, thus defendant is not entitled to qualified immunity cause the laws were clearly established and his actions were not reasonable in light of the circumstances he confronted nor has defendant demonstrated what administrative remedy remained avalible to plaintiff once his appeal was rejected by prison authority's which was timely submitted. (SAUCIER v. KATZ 121 S.Ct. 2151, 533 U.S. 194 (2001))
* (Booth v. Churner 532 U.S. 731, 121 S.ct. 1819 (2001)) *
* (Civil Rights of Institutionalized persons Act # 7(2) *
42 U.S.C.A. 1997 e(2).)
Plaintiff need such discovery to demonstrate to the court that his administrative remedy was in fact exhausted under the authority of (BROWN. v. VALOFF 422 F.3d 926 (9th Cir. 2005)) and

(3)

other federal law as plaintiff was informed by prison officials "reliably" that no remedies are available. (see BROWN v. VALOFF 422 F.3d 926 (9th Cir. (2005)) Plaintiff have some discovery and evidence but need such requested discovery to adequately litigate this case. Plaintiff also points out to the court that defendant declaration in support of his motion to stay discovery should be dismissed and not considered by the court as defendant declared that the declaration was executed on March 10, "2006" two (2) years prior to the date the motion to stay discovery was filed, and in conflict with the declaration of service which also cite the wrong case number as being served March 11, 2008. On March 2, 2008 plaintiff submitted a motion to stay the proceedings and motion to compel discovery. Defendant has filed a motion to stay discovery. In order to file a adequate effective ~~and~~ opposition to defendant motion to dismiss and motion for qualified

(4)

immunity, plaintiff will need the Requested discovery. The information sought is my (CDC;R) 602 appeals Records and information which will show no administrative remedy remained avaliable and my questions in my interrogatories is needed so I can prove defendant is not entitled to qualified immunity or summary Judgment and that his motion to dismiss and qualified immunity should be dismissed. MARgolis v. RYAN 140 F.3d 850, 853 9th CIR. (1998) and (Nicholas v. Wallenstein 266 F.3d 1083, 1088-89 (9th CIR. 2001).

For the foregoing Reasons and for good cause, I respectfully Request that defendant motion to stay discovery be denied and that plaintiff be granted a exstention of time to file a opposition to defendant motion to dismiss and motion for qualified immunity to and including April 22, 2008.

Dated: 3-19-08

Respectfully submitted,
Murrin Glenn Hollis
- Plaintiff -

(5)

"DECLARATIONS"

(CASE NO. C-07-2980-TEH-(PR)

I declare as follows:

1.) I have continuously been denied access to a law library and denied legal materials and photo copying services and has been unable to study and research to prepare my opposition to defendant motion to dismiss and motion for qualified immunity.

2.) I had to hand write a copy of the opposition to defendant motion to stay discovery, motion for qualified immunity, request for extention of time, as well as this declaration due to being denied law library services and materials and in order to consolidate I had to write defendant copy small to fit on 3 pages instead of 5 pages to fit inside a business size envelope due to me being denied legal size envelopes, and access to a law library.

3.) I have pending appeals at 3rd level Log# HDSP-S-07-04164 and (HDSP) Requesting access to a law library and do not know if relief will be provided or when I will be scheduled for law library access or provided legal materials.

I declare under penalty of perjury the foregoing is true and correct. Executed this 19 day of March 2008 at Susanville, CA, 96127.

Murrin Glenn Hollis
PLAINTIFF

FILED
MAR 2 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA