MARVIN HOLLIS, E-37508
High desert state PRISON
P.O. BOX 3030,   D-5-228
SUSANVILLE, CALIF, 96127

IN PRO-PER



United States District Court
Northern District of California

MARVIN GLENN HOLLIS,
        PLAINTIFF,
VS.
ELOY MEDINA,
        DEFENDANT

CASE NO. C-07-2980-TEH-PR

"OPPOSITION" TO DEFENDANTS
NOTICE OF MOTION AND MOTION
to DISMISS AND MOTION FOR
QUALIFIED IMMUNITY.

PLAINTIFF A PRO SE PRISONER CURRENTLY HOUSED
AT High desert state prison filed A PRO SE CIVIL
Rights complaint under 42 U.S.C. (1983)
ALLEdging RETALIATION. DEFENDANT WAS ORDERED
to ANSWER the complaint And has done so IN
A WAY CONTRARY to FEDERAL LAW. DEFENDANT
ENGAGED IN A pattern of conduct IN
RETALIATION AND due to PERSONAL ANIMOSITY
TORWARDS PLAINTIFF Amounting to violation

(1)

of plaintiff constitutional and federal statuatory Rights. Defendant are not entitled to qualified Immunity because his actions violated plaintiff constitutional and federal statuatory Rights and he understood what he was doing was not Reasonable and violated those Rights.

* under the prison Litigation Reform Act (PLRA), * a defendant must demonstrate that pertinent Relief Remained Avalible, whether at * unexhausted Levels of the grievance * process or through awaiting the Results of the Relief already granted as a result of * that process. *

* civil Rights of Institutionalized persons Act # "7(2)," *

* 42 U.S.C.A. 1997 e (2). *

under the prison Litigation Reform Act (PLRA),
Relevant evidence demonstrating that pertinent
Relief Remaind Avalible Includes statutes,
Regulations, And other official directives that
explain the scope of the Administrative Review
process, documentary or testimonial evidence
From prison officials who administer the
Review process, And Information provided
to the prisoner concerning the operation
of the grievance procedure In the case,
such As In the Response memorandA; with
Regard to the Latter category of evidence,
Information provided the prisoner Is
pertinent because It Informs the determination
of whether Relief was, As A practical
matter, "Avalible."

* civil Rights of Institutionalized persons Act # 7(a), *
* 42 U.S.C.A. 1997 e(a). *

(3)

"AVAILABILITY" OF RELIEF, FOR PURPOSES OF EXHAUSTION REQUIREMENT UNDER PRISON LITIGATION REFORM ACT (PLRA), DOES NOT TURN ON WHAT PRISONERS MIGHT HAVE BEEN TOLD AT TIME THEY FILED THEIR COMPLAINTS OR ON PRE-PRINTED LANGUAGE FOUND ON APPEAL FORM, BUT RATHER ON HOW PRISON VIEWED AND TREATED THEIR COMPLAINT BASED ON ITS OWN PROCEDURES.

ON 3-29-07 PLAINTIFF SUBMITTED AN APPEAL LOG # SVSP-D-07-01415 . PLAINTIFF APPEAL LOG # SVSP-D-07-01415 GRIEVED THE FACTS AT ISSUE IN THIS SUIT AND WAS ASSIGNED FOR A 1ST LEVEL OF REVIEW WITH A DUE DATE FOR A RESPONSE OF 5-11-07. DEFENDANT HAS BEEN DISHONEST IN HIS DECLARATION AND MOTION TO DISMISS THAT

■ PLAINTIFF APPEAL Log# SVSP-D-07-01415 WAS SCREENED OUT ON APRIL 5, 2007 AS UNTIMELY IN A desperate attempt to confuse the court. Exhibit (A) Shows the dates the APPEAL Log # SVSP-D-07-01415 WAS submitted by plaintiff And the dates SALINAS VALLEY state prison APPEALS COORdINATORS Received APPEAL Log #SVSP-D-07-01415 AND the dates the APPEAL WAS SCREENED out ReJected bY APPEALS COORdINATOR CCII T. VARIZ. IN Exhibit (A) IS two Requests dated 4-17-07 AND 4-30-07 ChAllANging mY APPEAL Log# SVSP-D-07-01415 SCREENINGS NOTIFYING The APPEALS COORdINATOR that mY APPEAL WAS INAPPROPRIATELY SCREENED OUT AND Requesting to know how could I exhaust mY AdministRATIVE RemedY to the ISSUE RAISed.

(5)

EveRY Attempt I made IN good Faith to use
the APPeALS pROcess IN AccoRdAnce with the
pROcedures And ReguLATions IN pLAce
of (CDC3R) WAS "stYmied" bY PRisoN officiALs
to pRevent me FRom exhausting mY Administ-
tRAtive Remedies to the Issue RAised. IN
Addition, APPeAL Log # SVSP-D-07-01415
submitted on mARch 29, 2007 WAS IN FAct
timeLY And not A dupLicAte APPeAL to
ANY APPeAL on fiLe AgAinst ELoY medinA,
FoR his Actions dated 3-26-07 And otheR
dAtes As APPeAL Log# SVSP-D-07-01415
WAS submitted "Three" dAYs AfteR ELoY
medinA, FiNAL RetALiAtoRY Action not
to Accept, Assign, And pRocess mY
discipLinARY APPeAL dAted 12-25-06
that WAS IN FAct timeLY. (see exhibit (B))

(6)

After defendant had violated my Rights,
it was not until Litigation arised in
petition for writ of habeas corpus #HC5711
that my appeal at issue in this suit was
recognized by prison officials as being
timely. (see exhibit (C))

defendant and prison officials has a history
of intentionally refusing to allow me to appeal
a guilty finding to a serious rules violation.
(see exhibit (D))

I was informed on numerous occasions by
N. Grannis and prison officials of (CDC'R)
that 3rd level of review would be conducted
if a appeal is completed through the
2nd level of review. (see exhibit (E))
Exhibit (E) shows on numerous occasions where
my appeals were returned by 3rd level
because I had not received a 2nd level
response.

(7)

I had NO REASON to believe that Relief would
of been provided by 3Rd level IF I would
have submitted Log# SVSP-D-07-01415 And
I "REASONABLY" believed AS have prior
OCCASIONS that 3Rd level would of took
NO Action to Appeal# SVSP-D-07-01415
without A 2nd level of Review And would
have Returned the Appeal back to me without
A 3Rd directors level of Review.
GIANO V. Goord 380 F. 3d 670, 673-74 2nd CIR
(2004); Title 15. division 3. section 3084.5(d).
*(see ALSO Exhibit(E))*

Defendant Assert that the chief deputy warden
screened Appeal Log # SVSP-D-07-01415 AS
being untimely IS unreasonable AS the
appeal was Accepted And Assigned for A
1st level Review Response, nor IS there Any
declarations From Any chief deputy warden.

(8)

ALthough Appeal Log # SVSP - D·07-01415 was Assigned
FoR A 1st Level of Review, it was ARbitRARiLY
screened out RejecteD on April 11, 2007 by
Appeals coordinAtoR CCII T. VARIZ, preventing
me From getting the necessARY 1st And 2nd
Level Appeal Responses so that I could seek
A 3Rd directoRs Level of Review. Just As
IN habeAs coRpus cAse NumbeRs HC5711
And HC5876 where I was INTENTioNALLY
denied to exhaust mY AdministRAtive Remedies
bY pRison officiALs the AttoRneY geNeRAL
duRing Litigation "cRies" AFouL that I
FAiled to exhaust mY AdministRAtive
Remedies. IN these cAses As IN this suit
I was INteNTioNALLY denied to AppeAL A
guiLtY FiNding IN RetaLiAtioN FoR mY
use And pRioR use of the gRivANce
pRoceduRe.

NOT ONLY did PRISON OFFICIALS ERRed IN
NOT RESPONding to APPEAL Log#SWP-D-07-01415,
they ERRed OVER mY objecTioNs. This count has
the AuthoritY to topple OVER theix administRATive
deciSions. United states v. L.A. TuckeR TRuck Lines
INC 344 U.S. 33.37. 73 S.ct. 67 (1951); SiMs v. ApfeL
530 U.S. 103, 108, 120 S.ct. 2080 (2000).

I complied with (CDCjR) RegulATioNs foR APPEALs
but WAS obstructed IN getting the NECESSARY
1st ANd 2Nd LeveL APPEAL ReviewS which
would of ALLowed me to seek A 3Rd LeveL
RevieW. WoodfoRd V. NGO  U.S. LeXis 4891
(2006).*I WAS UNAble to complY to the high
count mandates to pRoceed through each
stage of the AdminisTRATive pRocess to obtaiN
A FINAL dIRectoRS LeveL of RevieW.
ID. AT 2387 WoodfoRd V. NGO 126 S.ct. (2006),
because of PRISoN "officiALS UNwilLiNgNess" to
RevieW the APPEAL so I ~~could~~ AppRopRiATelY
exhaust.

The high court IN Booth v. churner 532 U.S.
731, 121 S.ct. 1819 (2001) agreed that without the
possibility of some Relief, the administrative
officers would presumably have no authority
to act on the subject of the complaint,
Leaving nothing to exhaust. That the obligation
to exhaust "avalible" Remedies persists as
Long as some Remedy Remains avalible."
once that is no Longer the case, then
there are no Remedies avalible and the
prisoner need not further pursue the
grievance. IN BROWN V. VALOFF 422 F.3d 926
9th cir.(2005); the court concluded, that a
prisoner need not press on to exhaust
further levels of Review once he has
either Received all "▬▬▬" "available"
Remedies at an intermediate level of
Review "or" been Reliably informed by an
administrator that no Remedies are available

(11)

Defendant has Failed to demonstrate what Remedy Remained Avalible to plaintiff once Appeal Log #SVSP-D-07-01415 was Rejected as A duplicate Appeal on April 11, 2007 "thus" I was Informed on April 11, 2007 that No Remedy Remained Availble based on T. VARIZ comments on the (CDC3R) 695 Form dated 4-11-07 that It Is not considered staff misconduct when staff Are performing their Assigned duties within the scope of their Assignment Appeal (Rejected) And prior notification from 3rd Level that An Appeal must be completed At the 2nd Level of Review In order to Receive A 3rd directors Level of Review. Prison officials/administrators Are unlikely to waste Resources on Investigations Lending nowhere.

\* (see Booth 532 U·S· At 736 N. 4  121 S·Ct. 1819)\*
  \* (BROWN V. VALOFF 422 F. 3d 926 9th cir. (2005)) \*

Defendant has the burden of raising and proving the absence of exhaustion. In Wyatt v. Terhune (9th Cir. 2003) the court concluded that there can be no "Absece" of exhaustion unless some relief remains avalible, a defendant must prove or demonstrate that pertinent relief remained available, wheather at unexhausted levels of the grievance process or through awaiting the results of the relief already granted. As a result of that process. (See Brown v. Croak 312 F.3d 109, 112 (3rd. Cir. (2002) (Johnson v. Testman 380 F.3d 691-697 2nd Cir. (2004), no administrative remedy remained avalible to me once my appeal was rejected.

* (Jasch v. Potter 302 F.3d 1092-1098 (9th Cir. 2002
* The defendant has not establish that once it *
* rejected my appeal, it had any remaining *
* authority to act on the subject of the complaint.
* (Booth 532 U.S. at 736 n.4  121 S.ct. 1819) *

Defendant assert I failed to state a claim because I don't have not Right to the appeal process "citing" RAMIREZ vs. GALAZA 334 F.3d 850, 860 (9th CIR (2003)). Defendant motion to dismiss is off point and uncomprehensive. My complaint does not alledge that I have a Right to a specific grievance procedure but clearly and comprehensively that I was Retaliated Against for my use and prior use of the (CDC3R) 602 grievance procedure due to defendants personal animosity torwards me. The high court in Sandin v. Conner 115 s.ct. 2293 - 2300 (1995) stated that prisoners retain other protection from arbitrary state action even within the exspected conditions of confinement. They may invoke the first and eighth amendments

(14)

And the equal protection clause of the 14th
Amendment where appropriate, and may draw
upon internal prison grievance procedures
and state judicial review where avalible.
* (Hines v. Gomez 108 F.3d 265 9th Cir.(1997))*
"citing" Sandin v. Conner.

Defendant reliance on Ramirez v. Galaza is
misplaced as I did not suffer a loss of
good time credit thus my claim is viable
due to defendant taking some adverse
action against me because of my protected
conduct. Rhodes v. Robinson 408 F.3d 559,
567-68 9th Cir. (2005) Defendant bold
attempt to evade responsibility by passing
the buck defense fails because defendant
reviewed and signed ALL (CDC3R) 695
screening forms related to the claim in this
suit.

(1.5)

DEFENDANT HAS NOT PROVIDED ANY DECLARATIONS FROM the chief deputy WARDEN OR evidence that the DEFENDANT DID NOT SCREEN, REJECT, OR CANCELLE mY APPEAL IN question IN this suit other thaN defendant FALSE declaration CONTRARY to title 15. division 3. section 3084.3(a).

DEFENDANT HAD PERSONAL ANIMOSITY torWARDs me CAUSE I HAD REFERRed to defendant AS A stupid Idiot ANd stupid Asshole.

\* (see exhibit(F)) \*

BASED oN this ANIMOSITY ANd mY PRIOR FILING oF grievances which Led to defendant REFusing to ASSIGN mY APPEAL submitted oN 12-25-06 IN RetALIAtioN. (see exhibit(F))

DEFENDANT HAS A historY oF REFusing to ASSIGN mY disciPLINARY APPEALS IN RetALIAtioN which I CAN FILE CIVIL ACtioNs IN thoxe CASES AS well within the LimitAtioNs.

Defendant is not entitled to qualified immunity because the laws were clearly established and the chief deputy warden or Associate warden did not screen out reject my disciplinary appeal submitted 12-25-06 because it was not their responsibility to do so. They only review staff complaints in accordance with Administrative bulletin #05/03 dated 11-22-05 and even if they refuse to accept the staff complaint the appeals coordinator suppose to assign the appeal for a 1st level of review for investigation and response. Just because counsel for defendant stated that his actions were reasonable or did not know he was violating plaintiff rights does not suffice to render his actions lawful.

ONCE AN Appeal is Accepted by A Appeals coordinator
And Assigned, It suppose to be Responded to not
Rejected And if A staff complaint is Accepted by
AN Appeals coordinator And forwarded to the
chief deputy warden for Review, It is Reasonable
to believe that Appeal is IN FACT timely because
the chief deputy warden only has the Authority
And Responsibility to Review A staff complaint
to determine what type of Investigation is to
be conducted not wheather or not the Appeal
is timely. (see AB/05/03) And Title 15. division 3.
section 3084.3 (2)). Requiring exhaustion Allows
prison officials AN opportunity to Resolve
disputes concerning the exercise of their
Responsibilities before being haled into court.
This has the potential to Reduce the number of
Inmate suits, And Also to Improve the quality
of suits that Are filed by producing A useful
Administrative Record. (woodford supra, At,
126 S.ct. 2378)

(18)

IN "wood ford" the high court held that to properly exhaust administrative remedies, prisoners must complete the administrative review process IN accordance with the applicable procedural rules, 548 U.S. at 126 s.ct. 2378 Rules that are defined not by the (PLRA), but by the prison grievance process itself. Compliance with prison grievance procedures, therefore Is all that Is required by the (PLRA) to properly exhaust. The Level of detail necessary IN A grievance to comply with the grievance procedures will vary From system to system and claim to claim, but It Is the prisons requirements, and not the (PLRA) that define the boundaries of proper exhaustion. (Jones v. Bock 127 s.ct. 910 (2007), "citing" wood ford", There Is no procedural rule to reject an appeal after It has been assigned For response with A due date, thus Appeal Log # SVSP-D-07-01415 was indeed timely and IN compliance with the Applicable procedural Rules IN Addition rejected over my objections IN bad Faith.

(19)

(CDC₃R) and (SVSP) has devise procedural requirements that are designed to trap unwary prisoners and thus to defeat their claims. The high court has not decided to the issue of prison officials creating procedural requirements for the purpose of tripping up all but the most skillful prisoners or where appeals are rejected and screened out in bad faith outside of the procedural requirements. This is notice to counsel for defendant must the court decide to grant the motion to dismiss, this matter will be appealed to the 9th circuit court of appeals and if necessary to the united states supreme court. Once my timely appeal was arbitrarily, unreasonably rejected, their was no administrative remedy avalible to me as I was denied the opportunity for a 1st and 2nd level of review preventing me from getting a 3rd directors level of review as 3rd level has comprehensively informed me that 3rd level

ONLY Review Appeals After completion of A
Institution 2nd Level of Review. I was unable
to get A 2nd Level of Review cause the prison
staff Rejected my Appeal over my objections
At the 1st Level. Defendant motion to dismiss
And motion For qualified Immunity and
declarations Attached should be dismissed
And disregarded by the court as these
documents on Its Face has the wrong case number
of No. C-07-2980 - THE - PR Instead of the Assigned
case Number to the case of No. C-07-2980 (TEH)-PR.
For the foregoing Reasons And For good cause,
I Respectfully Request For the court to dismiss
oR deny with predJudice defendant notice of
otion And motion to dismiss And motion For qualified
Immunity And disregard All declarations of
defendants And Attachments thereto, And order
defendant to File A motion For summary Judgment.
order A case management conference tele-
phonic.

Murrin Glenn Hollis
- Plaintiff -

Dated: 3-26-08

(21)