EXhibit "C"

Exhibit "C"

EXHIBIT    C

*EDMUND G. BROWN JR.*
*Attorney General*

# ATTORNEY GENERAL--OFFICE COPY

State of California
DEPARTMENT OF JUSTICE



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5774
Facsimile: (415) 703-5843
E-Mail: Stacey.Schesser@doj.ca.gov

September 10, 2007

The Honorable Gary E. Meyer
Monterey County Superior Court
240 Church Street
Salinas, CA 93902-0414

## FILED

SEP 1 i 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
S. GARSIDE___ DEPUTY

RE:   **INFORMAL RESPONSE**
      **In re Marvin Hollis, Case No. HC 5711**

Dear Judge Meyer:

This letter is written pursuant to the court's request for an informal response to inmate Marvin Hollis's petition for writ of habeas corpus. Petitioner Hollis is a California state inmate at Salinas Valley State Prison who alleges that the prison failed to properly process his administrative appeals and contests the outcomes of his Rules Violation Reports.

＊   After reviewing Hollis's petition and speaking with prison staff, it was discovered that Hollis's appeal submitted on December 25, 2006 contesting rule violation report number C-06-03-0012R was improperly screened out. Based on the discovery that this appeal was timely submitted, the appeal is now approved for a Second Level Response. According to the information available, it appears that the merits of this appeal will be addressed by Second Level Appeal Response. However, any modification order is contingent on Hollis re-submitting the original appeal with attached supporting documentation. Additionally, Hollis should attach this informal response letter per the request of the Appeals Coordinator.

With respect to the second appeal, Log Number SVSP-D-07-01510, the appeals office has also determined that it will reexamine Hollis's appeal to determine if there was a due process violation. Again, this is contingent on Hollis resubmitting the original appeal with attached supporting documentation and a copy of this informal response letter. Hollis should re-submit this appeal and direct it to Appeals Coordinator E. Medina's attention.

Because Hollis has received the relief requested, namely a review of his administrative appeals, these claims should be dismissed as moot. As a general principle, it is the duty of a court to decide only "actual controversies" by judgments which can be carried into effect. "[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost

The Honorable Gary E. Meyer
September 10, 2007
Page 2

that essential character, it becomes a moot case or questions which will not be decided by the court." (*Wilson v. Los Angeles County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453.)

With respect to his substantive claims, including whether he was properly found guilty of the rule violations, the court cannot review these claims because they have yet to be administratively exhausted. It is well settled that an inmate must exhaust all administrative remedies available to him before he may seek relief on a habeas corpus petition. (*In re Dexter* (1979) 25 Cal.3d 921, 925; *In re Muszalski* (1975) 52 Cal.App.3d 500, 503.) Adherence to the exhaustion principle ensures deference to the expertise and discretion of administrative agencies and forestalls a deluge of untimely petitions to an often overburdened judiciary. (*McKart v. United States* (1969) 395 U.S. 185, 193-195.) Hollis must first fully exhaust his administrative remedies and allow the prison to fully investigate and review any issues before judicial review is proper. Accordingly, respondent respectfully requests that this petition be dismissed without prejudice to Hollis.

Sincerely,

*Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
State Bar No. 245735

For      EDMUND G. BROWN JR.
Attorney General

SDS:ls

cc: Eloy Medina, SVSP Appeals Coordinator

20103701.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re Hollis**

No.:   **HC 5711**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>September 10, 2007,</u> I served the attached

### INFORMAL RESPONSE

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Marvin G. Hollis**
**E-37508**
**Salinas Valley State Prison**
**P. O. Box 1020**
**Soledad, CA 93960-1020**
*in pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 10, 2007, at San Francisco, California.

| L. Santos | L. Santos |
|-----------|-----------|
| Declarant | Signature |

20104009.wpd



*EDMUND G. BROWN JR.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5707
Facsimile: (415) 703-5843
E-Mail: Robert.Reyff@doj.ca.gov

November 7, 2007

The Honorable Stephen A. Sillman
Monterey County Superior Court
240 Church Street
Salinas CA 93902-1819

RE:    INFORMAL RESPONSE
       *In re Marvin G. Hollis*, Case No. HC 5876

Dear Judge Sillman:

This letter is written pursuant to the Court's request for an informal response to inmate Marvin Hollis's petition for writ of habeas corpus. Petitioner Hollis is a California state inmate at High Desert State Prison who alleges that Salinas Valley State Prison (SVSP) staff failed to properly process his administrative appeal. Hollis also contests the outcome of a Rules Violation Report.

After reviewing Hollis's petition and speaking with prison staff, it was discovered that Hollis's appeal submitted on May 15, 2007, contesting Rule Violation Report number FD-03-0071 was improperly screened out. The appeal is now approved for a Second Level Response, while it appears that the merits of this appeal will be addressed by Second Level Appeal Response, any modification order is contingent on Hollis re-submitting the original appeal with attached supporting documentation. Additionally, Hollis should attach this informal response letter per the request of the SVSP Appeals Coordinator Variz.

Because Hollis has received the relief requested, namely a review of his administrative appeal, this claim should be dismissed as moot. As a general principle, it is the duty of a court to decide only "actual controversies" by judgments which can be carried into effect. "[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or questions which will not be decided by the court." (*Wilson v. Los Angeles County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453.)

With respect to his substantive claims, including whether he was properly found guilty of the rule violations, the court cannot review these claims because they have yet to be

November 7, 2007
Page 2

administratively exhausted. It is well settled that an inmate must exhaust all administrative remedies available to him before he may seek relief on a habeas corpus petition. *(In re Dexter* (1979) 25 Cal.3d 921, 925; *In re Muszalski* (1975) 52 Cal.App.3d 500, 503.) Adherence to the exhaustion principle ensures deference to the expertise and discretion of administrative agencies and forestalls a deluge of untimely petitions to an often overburdened judiciary. *(McKart v. United States* (1969) 395 U.S. 185, 193-195.) Hollis must first fully exhaust his administrative remedies and allow the prison to fully investigate and review any issues before judicial review is proper. Accordingly, respondent respectfully requests that this petition be dismissed without prejudice to Hollis.

Sincerely,

ROBERT K. REYFF
Deputy Attorney General
State Bar No. 74945

For     EDMUND G. BROWN JR.
Attorney General

20112438.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re Hollis**

No.:         **HC 5876**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On November 8, 2007, I served the attached

### INFORMAL RESPONSE

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Marvin G. Hollis
E-37508
High Desert State Prison
Facility A
P.O. Box 3030
Susanville, CA  96127
  *In Pro Per*
  *E-37508*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 8, 2007, at San Francisco, California.

| | |
|---|---|
| S. Redd | _S. Redd_ |
| Declarant | Signature |

20112702.wpd

1    SUPERIOR COURT OF CALIFORNIA    **FILED**

2    COUNTY OF MONTEREY

3    OCT 1 5 2007

4    In re                                  ) Case No.: HC 5    LISA M. GALDOS
                                            )    CLERK OF THE SUPERIOR COURT
                                            )                S. GARSIDE        DEPUTY
5    Marvin G. Hollis                       ) ORDER
                                            )
6                    On Habeas Corpus.      )

7

8           On August 17, 2007, Petitioner filed a petition for writ of habeas corpus.

9           Petitioner is incarcerated at Salinas Valley State Prison.

10          On April 3, 2007, Correctional Officer Bohanan issued a Rules Violation Report (RVR)

11   against Petitioner for disrespect of staff. (RVR FD-07-03-0071.) On May 2, 2007, Petitioner's

12   disciplinary hearing was held without his presence. Petitioner was found guilty of disrespect of

13   staff. Petitioner was assessed 30 days forfeiture of credits.

14          On May 17, 2007, Petitioner submitted his appeal. Petitioner's appeal was screened out

15   on May 21, 2007, June 7, 2007 and July 9, 2007. Petitioner's appeal was screened out on the

16   ground that he had failed to reasonably demonstrate that the issue he was appealing adversely

17   affected his welfare. Petitioner challenged the screen outs on June 5, 2007, July 2, 2007 and July

18   16, 2007.

19          Petitioner claims that he was denied his right to appeal the guilty finding.

20          Petitioner also challenges the guilty finding on various grounds. Petitioner claims that

21   the disciplinary hearing was improperly held without his signed waiver. Petitioner claims that he

22   was denied witnesses. Petitioner claims that he should have been given a counseling chrono

23   before being issued a RVR.

24          Pursuant to California Rules of Court, Rule 4.551(b), the court requests an informal

25   response from the Office of the Attorney General (Respondent). The informal response should

1

1  address the following questions: 1) Given the fact that Petitioner was assessed 30 days forfeiture

2  of credits, why was Petitioner's appeal screened out?; 2) Was the disciplinary hearing improperly

3  held without a signed waiver?; 3) Why was Petitioner's request for witnesses denied?; and 4)

4  Should Petitioner have been given a counseling chrono before being issued a RVR?

5          The informal response shall be filed within 15 days from the date of service of this order.

6  Petitioner may file a reply within 15 days from the date of service of the informal response upon

7  Petitioner.

8          **The informal response and reply should be mailed to the attention of the Habeas**

9  **Corpus Department of the Monterey County Superior Court.**

10         IT IS SO ORDERED.

11  Dated:    10-15-07

12

13                                      Hon. Stephen A. Sillman
                                        Judge of the Superior Court
14

15

16

17

18

19

20

21

22

23

24

25

2

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

_10/17/07_____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Marvin Hollis, E-37508
SVSP
PO Box 1050
Soledad, CA 93960

Office of the Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102
Attn: Correctional Law Section

Dated: _10/17/07_____

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy    S. GARSIDE

Name  MARVIN GLENN HOLLIS                           MC-275

Address  P.O. BOX 1050

SOLEDAD, CALIF, 93960

MAY 03 ~~2007~~ **FILED**

MAY 03 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT

_____DEPUTY
S. GARSIDE

CDC or ID Number  E-37508

MONTEREY COUNTY
SuPERIOR COURT
(Court)

MARVIN GLENN HOLLIS
Petitioner

vs.

M. EVANS, WARDEN
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. HC5711
*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

- ☐ A conviction
- ☐ Parole
- ☐ A sentence
- ☑ Credits
- ☑ Jail or prison conditions
- ☑ Prison discipline
- ☑ Other (specify): BEing denied IN bAd FAith to exhaust mY AdminiSTRAtive RemedY.

1. Your name: MARVIN GLENN HOLLIS

2. Where are you incarcerated? (CDC 3R) SALINAS VALLEY STATE PRISON

3. Why are you in custody? ☑ Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

AttempT/RobbeRY, Receiving stoleN pRopeRtY ANd buRglARY.

b. Penal or other code sections: 664-211, 459, 496

c. Name and location of sentencing or committing court: SANTA MONICA SUPERIOR COURT 1725 MAIN St. SANTA MONICA, CALIFORNIA.

d. Case number: SA030436

e. Date convicted or committed: 2-13-98

f. Date sentenced: 3-20-98

g. Length of sentence: 85 YEARS TO LIFE

h. When do you expect to be released? ONCE 3-STRIKE LAW IS changed

i. Were you represented by counsel in the trial court? ☐ Yes. ☑ No. If yes, state the attorney's name and address:

4. What was the LAST plea you entered? *(check one)*

☑ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: 

5. If you pleaded not guilty, what kind of trial did you have?

☑ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The ground that I had a Right to Appeal the findings
And disposition of a serious Rules violation upon Receiving
my final copy per state law And Title 15, division 3, And
to have such findings And disposition dismissed or ordered
Reissued Reheard when procedural And due process violated.
And that the (CDC3R) 695 screening form is illegal And violates the law.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what* time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

ON 4-18-05 petitioner was charged FOR violating a serious
Rules violation Report Log#Foo5-04-0049. petitioner was
subsequantly found guilty of such Rule violation. petitioner
Appealed the guilty finding And ON 2-22-06 2nd level
of appeal Appeal Log#SVSP-06-00380 ordered FOR RVR#
FO-05-04-0049 to be Reissued Reheard to determine the
disparity of the Reports by officers Goodlett And ZAMORA
Among other things. *(see exhibit(A) 2nd level)* ★ ON 11-17-06
A Rehearing was conducted ON RVR#FO-05-04-0049 which
the Reissued RVR was given A knew Log Number of #
C06-03-0012R. petitioner was once Again found guilty.
petitioner was Issued his final copy of RVR#C06-03-0012R
ON 12-11-06 by officer veRumen at 1900 hours.
★(see exhibit(B) final copy And note % veRumen)★ ON 12-25-06
petitioner Appealed the guilty finding by placing his Appeal
in the Appeal drop box. petitioners Appeal noted various
violations And the fact that the senior hearing officer did not
Adhear to 2nd level Appeal Response to determine the
disparity of the Reports by officers Goodlett And ZAMORA

★(see continued facts (11))★

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

★D.O.M. section 54100.18★
Penal code section 2932(c), department operational
Manual sections 54100.18, 54100.18.2, 54100.18.3, Title
15, division 3, sections 3084.5(b)(1)(2), 3084.1(2), 3320,
3084.3, And 3004(2). (CCCP) 1085.3 1086, W.&L.F.F. v.
McDONELL 418 U.S. 539 (1974)(SVSP)06-00380 2nd level
Appeal Review decesion. Signed note by officer veRumen.

★(WRight v. State 19 CAL.RPtR.3d 92, App.3'dist.(2004))★

✱ (GROUND (1) FACTS CONTINUED) ✱

✱ (see exhibit (C) APPEAL) ✱ ON 1-2-07 ELOY MEDINA, APPEALS COORDINATOR generated A (CDC; R) 695 screening FORM citing that time constraints not met And wrote on the screening form complete copy was not Attached 837 reissue/rehear order, date of (RVR) issuance 12-1-06, date of Appeal receipt 12-27-06. (see exhibit (D) screening form #1). ON 1-24-07 petitioner challange the screening form And pointed out that the facility "C" disciplinary officer signed his name And issued petitioner his final copy on 12-11-06, that 2nd level order has not been Adheard to by the senior hearing officer And complied by Attaching the 837/reissue/rehear order. (see exhibit (E) request #1) ON 1-26-07 the Appeals coordinator wrote on the screening form #1 Asking petitioner who was the issuing officer?, According to (RVR) Appeal is untimely. (see exhibit (D) screening form #1). ON 2-16-07 petitioner sent his Appeal back to the appeals coordinator pointing out that the facility "C" disciplinary officer who was working on 12-11-06 is who issued petitioner his final copy on 12-11-06 And that petitioner put his Appeal IN the Appeal drop box per operational procedure And that due to the

(1)

*(GROUND (1) ts continued)*

holidays staff did not process any appeals on
12-25-06 OR 12-26-06 IN Addition that the senior
hearing officer did not adhere to 2nd Level
Appeal Response Appeal # SVSP-06-00380.
:(see exhibit(E) Request #(2).)* ON 2-23-07 the appeals
coordinator once again screened out petitioners
Appeal citing time constraints not met and wrote
that he called Facility "C" disciplinary officer
ALVAREZ, who confirmed the Final copy was issued
on 12-1-06 this time cancelling petitioners appeal
(see exhibit (D) screening form # 2.) ON 2-22-07 petitioner
sent his appeal back to the appeals coordinator along
with A Request Requesting to be allowed to exhaust
his administrative remedy and pointing out due to
petitioners housing status IN administrative segregation
petitioner was unable to find out the name of the
disciplinary officer who issued him the
Final copy And that petitioner had 15 days From
the date of the 1st screening form to submit his
Appeal. Petitioner also Requested to know how could
he exhaust his administrative remedy.
k(see exhibit (E) Request #(3).)*

(2)

*(GROUND (1) FA s CONTINUED)*

ON 3-7-07 the APPEALS COORDINATOR generated ANOther
(CDC 3 R) 695 SCREENING FORM this time citing that no
SiGNiFiCANT AdVERSE effect demonsTRATED And
WROTE ON the SCREENING FORM AS FOLLOWS; You state
(RVR) IS FALSE, The (SHO) deTERMINED otherwise, That's
the PURPOSE of the hEARiNG to deTERMINE IF I/m IS
CULPABLE FOR the chARGED offENSE, You present
YOUR ARGUMENT to the CHARGES, The APPEALS PROCESS
IS NOT to RehEAR the (RVR) You hAVE NOT NOTED
ANY due PROCESS / PROCEDURAL ERRORS.
*(SEE EXHIBIT (D) SCREENING FORM #(3))* ON 3-13-07
petitioNER sent his APPEAL AloNG With A RequEST
to the WARdEN IN A RequEST to RECONSidER the
REViEW ON the SCREENING FORMS And pointiNG
OUT that petitioNER couLd Now IdeNTiFY the OFFiceR
NAME Who ISsued petitioNER his FiNAL copY ON
12-11-06 And RequEsted that OFFiceR VERUMAN,
be CONTACTED AS meNtioNEd IN his siGned WRitten
NOTE ATTAched to EXHibiT (B), petitioNER Also pointed
OUT that the SeNioR hEARiNG OFFiceR did NOT AdhERE
to the 2nd LeveL APPEAL decesioN IN SVSP-06-00380
And RequEsted AT A miNimum IF mY APPEAL wouLd

(3)

* (Ground (1) Fact continued) *

not be processed and assigned could the warden
enforce 2nd level appeal decesion IN SVSP-
06-00-380 cause petitioner was given A
aggravated security housing unit term (SHU)
As a result of the (RVR). (see exhibit(E)
Request #(4)). On 3-26-07 the appeals coordinator
generated another screening form citing this
time that time constraints not met and wrote
on the screening form As follows; Hollis I
will not accept the appeal because time
contraints were not met c/o Alvarez, confirmed
the issuance date previously, However I
will forward a copy of your letter to the
chief disciplinary officer today 3-26-07 the
whole packet. (see exhibit (D) screening form #4)
Petitioner Asserts, the final copy clearly and
comprehensively indicates that officer Veruman,
issued petitioner his final copy on 12-11-06
And the appeals coordinator arbitrary action,
contentions, IS Refuted by the final copy itself
And officer Veruman, signed note indicating

(4)

\*(GROUND (1)  cts continued)\*

the date and time he issued petitioner his FINAL COPY.\*(see exhibit(B) FINAL copy & note)\* The Appeals coordinator could have easly called OFFICER VERUMAN, for VERIFICATION but for some mysterious REASON he did'nt, NOR FAIRLY considered OFFICER VERUMAN, signed written note and signatures on (RVR) and date which clearly shows 12-11-06. ALL the (CDC&R) 695 Forms have a written notation that the screening action may not be Appealed. This unauthorized notation IS IN conflict with state law and Title 15. division 3. which only the departmental review boards decesions are not appealable, Thus ♠ underminds petitioners Right to appeal ANY Action, policy, or decision that has an Adverse effect upon him. Petitioner gave the appeal process a fair try IN good faith and attempted to exhaust his administrative remedy to the issue raised IN appeal of being found guilty of a serious Rule violation. There IS NO plain, speedy, or other remedy other than this petition. Petitioners appeal was timely submitted.

(5)

GROUND (1)

2ND LEVEL APPEAL decesion
(3 pages)

# Exhibit



State of California                                          Department of Corrections and Rehabilitation

# Memorandum                    *(l)*
                                 *(A)*

                                        *mod ORder #02-06041*

Date:   February 22, 2006

To:     Inmate Hollis, E-37508
        D1-220

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-06-00380

### ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation
Report (RVR), Log # FD-05-04-0049, dated 4/18/05 for "Battery on a Peace
Officer."

The appellant states the Investigative Employee (IE) Report was inadequate.
Officers Goodlett and Zamora provided contradictory statements. Correctional
Officer Zamora was needed as a witness in the hearing but was refused by the
SHO. The SHO lied on the RVR when the SHO documented that the appellant
did not request witnesses. The SHO had a predetermined belief of guilt against
the appellant.

**REGULATIONS**:  The rules governing this issue are:

> CCR 3315 Serious Rule Violations
> CCR 3318 Assistance to Inmates for Serious Rule Violations
> CCR 3320 Hearing Procedures and Time Limitations
> CCR 3323 Disciplinary Credit Forfeiture Schedule

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina,
Appeals Coordinator, was assigned to investigate this appeal at the Second
Level of Review. The appellant was interviewed by Eloy Medina regarding this
appeal.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and
supporting documentation is reviewed for procedural or due process
requirements. All submitted documentation and supporting arguments have been
considered. Additionally, a thorough examination has been conducted regarding
the claim presented by the appellant and evaluated in accordance with Salinas
Valley State Prison Operational Procedures (OP); the CCR; and the
Departmental Operations Manual (DOM).

A review of the RVR indicates that appellant was charged with CCR 3005 (c), for
the specific act of "Battery on a Peace Officer." The charge was classified as a
Division "B" offense.

Inmate Hollis E-37508
Appeal Log Number-SVSP-06-00380
Page 2

The discovery date of the RVR was 4/18/05. Appellant received his copy of the RVR on 4/26/05, which was within fifteen (15) days of the discovery.

The hearing was conducted on 12/7/05, not within thirty (30) days of initial issuance to the appellant. The appellant was afforded at least twenty four (24) hours to review to documentation prior to the hearing.

The RVR was referred to the Monterey County District Attorney's (DA) office for possible prosecution. On 8/9/05 the institution was notified that the case was rejected by the DA.

The RVR reflects that the appellant attended the disciplinary hearing held on 12/7/05 and pled "not guilty" to the charge.

The appellant states the hearing was started on 12/7/05 but was postponed until 12/15/05. The appellant provided copies to Eloy Medina during his interview of the appellant's 114A Inmate Segregation Record as proof. A review of the RVR indicates that the RVR hearing was conducted on 12/7/05. The RVR does not document a postponement. This typographical error had no bearing on the findings of the RVR or hampered the appellant's ability to provide a defense against the charges.

A Staff Assistant was not assigned, pursuant to CCR 3315(d)(2).

Appellant was a participant in the Mental Health Services Delivery System (MHSDS) at the C CCMS level of care. The circumstances of the RVR do not indicate that the appellant exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, the appellant did not demonstrate any strange, bizarre, or irrational behavior. Therefore, a Mental Health Assessment was not initiated. However, when inmates are utilizing the shower, they do not normally continue to hit the alarm (intercom) located beside the shower. Eloy Medina asked the appellant why he (appellant) continued to hit the alarm (intercom). The appellant stated he continued to hit the alarm (intercom) beside the shower to get the attention of staff. The appellant stated he was done with his shower and wanted to return to his cell. This action, in itself, did not constitute bizarre behavior. However, after the appellant was escorted to a holding cell after this incident, the appellant attempted to commit suicide. The act of attempting to commit suicide in conjunction with this incident raises enough concern to warrant a Mental Health Assessment.

An Investigative Employee (I.E.) was assigned, pursuant to CCR 3315(d)(1). The appellant contends that the IE Report was not adequate. The reviewer finds that CCR 3315(d)(1) was adhered to and the appellant was able to provide an adequate defense. In addition, the CDC 115A documents that the appellant waived the twenty four (24) hour period prior to the hearing of the RVR. It would stand to reason that if the IE Report was inadequate, the appellant would not request to waive his twenty four hour preparation period.

Inmate Hollis E-37508
Appeal Log Number-SVSP-06-00380
Page 3

The SHO determined a guilty finding, and assessed zero (0) days credit loss due to lost time constraints.

The appellant states he was not allowed witnesses at the hearing. A review of the RVR indicates the appellant's signature indicating the appellant waived the presence of requested witnesses.

The appellant states the SHO had a predetermined belief of the appellant's guilt. The appellant provided no evidence to support his allegation.

The appellant states Officers Goodlett and Zamora provided contradictory statements. A review of the Crime/Incident Report (837) confirms that there is a disparity in the reports of the employees. The SHO failed to address this disparity in the findings of the RVR.

This review finds the following due process errors; a Mental Health Assessment should have been completed and the disparity of the reports by Officers Goodlett and Zamora should have been addressed in the findings of the RVR.

DECISION: The appeal is Partially Granted. MODIFICATION ORDER REQUIRED

MODIFICATION ORDER: In accordance with Title 15, California Code of Regulations Section 3312(b)(1), Rule Violation Report FC05-04-0049, dated 4/18/05 for "Battery on a Peace Officer" is ordered retyped and reissued within fifteen (15) days of the date of the Chief Disciplinary Officer's (CDO) order. Ensure that the date of the rehearing order is included in the body of the Rule Violation Report, including the name of the CDO ordering the rehearing. A Mental Health Assessment will need to be completed. A new Senior Hearing Officer (SHO) shall be assigned to this matter and ensure that all procedural due process rights are afforded the inmate as provided in Title 15, Division 3.

The appellant is advised that this issue may be submitted for a Director's Level of Review, if desired.

A. HEDGPETH
Chief Deputy Warden (A)
Salinas Valley State Prison

# EXHIBIT
# COVER PAGE



**EXHIBIT**

**DESCRIPTION OF THIS EXHIBIT:** NOTE FROM OFFICER VERUMAN, AND FINAL COPY OF REISSUED (RVR) # COB-03-0012R

**NUMBER OF PAGES TO THIS EXHIBIT:** \_\_\_11\_\_\_ **PAGES**

**JURISDICTION: (CHECK ONLY ONE)**

☐ **MUNICIPAL COURT**

☒ **SUPERIOR COURT**

☐ **APPELLATE COURT**

☐ **STATE SUPREME COURT**

☐ **UNITED STATES DISTRICT COURT**

☐ **STATE CIRCUIT COURT**

☐ **UNITED STATES SUPREME COURT**

☐ **GRAND JURY**

Petitioners Requests challanging
screening forms.
(4) Pages

# Exhibit

"E"

7. Ground 2 or Ground ___2___ (If applicable):

The ground that I had a Right to be present at my
disciplinary hearing without a signed waiver and the
ground I had a right to Appeal the findings and disposition
that Resulted in a loss of good time credits, and to have
such findings and disposition dissmissed or ordered reissued
Reheard when procedural and due process was violated.

a. Supporting facts:

ON 2-21-07 I was charged with violating a serious
Rules violation for obstructing a peace officer. The
body of the Rules violation Report indicate that petitioner
Refused to accept a compatible cell mate inmate
BARNett T-38323 housed in facility "D" housing unit
number (8) eight cell number 219. The Report Also
indicate's that because both petitioner and the other
inmate was black and non-Affiliated that they were
compatible. ON 2-26-07 petitioner was Assigned an
investigating employee in which petitioner made a
statement that he Request to be found not guilty in the
interest of justice. There is not an inmate BARNett
Assigned to D-8-219 as Addressed in the written
Report. There was not a (CDC 3 R) or (CDC 3 R) 154
generated on 2-21-07 for an inmate to be Assigned
to my cell. I'm currently deemed a threat to the
safety and security to the institution, staff, and other
inmates and I'm currently Assigned walk alone
status by the institution Classification Committee, and
that I Requested evidence at my hearing.
*(see exhibit (A) petitioners statement)* ON 3-21-07 A
disciplinary hearing was conducted by senior
hearing officer LT. R.A. BOCCELLA, without petitioners
presence. LT. BOCCELLA, ArbitRARLY Found petitioner
guilty and ████████ Assessed petitioner 90 days
forfeiture of good time credits, and Assessed
                            *(see continued Ground (2) facts)*

b. Supporting cases, rules, or other authority:

PENAL code section 2932 (d), wolff v. McDONELL 418
U.S. 539 (1974), IN Re CARTER 199 CAL. App 3d. 271, 276,
(1988) 244 CAL. RptR. 648, IN Re LUSERO supRA 4 CAL. App.
4th At P. 575, 5 CAL. RptR. 2d 729, superintendent
v. Hill. 472 U.S. 445, 454-456 (1985), Title 15. division
3 sections ●3320 (g)(9), (h), 3(L), 3084.5 (K)(1)(2), 3084.3,
▲3084.1 (2), And 3004 (2). (CCCP) 1085.3 1086. wRight v.
State. 122 CAL. APP. 4th 659 (2004) D.o.m. 54100.18.

* (GROUND (2) SUPPORTING FACTS) *

petitioner 90 days loss of privileges, family visits, Telephone, 44 canteen draw, quarterly packages, special purchased, and 10 days loss of yard. The hearing officer also refered petitioner to the institution -classification committee to be placed on "C" status and noted concluding that petitioner was advised of his appeal rights and that he would receive a final copy of the completed Rules violation report. *(see exhibt (B)) * on or about 3-3-07 petitioner received his final copy of RVR#FD-07-02-0084. on 4-2-07 petitioner submitted a (CDC) 602 appealing the guilty find-ig and loss of good time cridits and privileges. (see exhibit (C)) petitioner raised the issues in his appeal that he was denied a fair and impartial hearing and that his procedural and due process was violated among that petitioner was denied the opportunity to be present at the hearing and did not sign a waiver per Title 15. division 3 rules.

*(Ground (2) supporting Facts)*

Petitioner Also pointed out that the senior hearing officer arbitrarily found him guilty, that the hearing was unconstitutional and one sided and that noth of petitioners relevant evidence, statements to the investigating employee, or mitigating information was considered by the senior hearing officer at the hearing nor did the finding have any bases in fact and that the guilty finding was based on personal animosity due to her being a defendant in one of petitioners civil actions case # M71739. Petitioner also pointed out in his appeal that there was never a inmate Barnett T-38323 assigned to D-8-219 as alledged in the rules violation report and the guilty finding was predetermined which is not allowed per title 15. division 3. (see exhibit (C) appeal)

(2)

*(Ground 4 supporting facts) *

The Appeal was given a Log#SVSP-07-01510
with a due date of 5-15-07 for a 2nd level
Response in which the informal and 1st level
was bypassed. The Appeal was also given a
category #1. On 4-4-07 the appeals
coordinator screened out petitioners appeal
in bad faith citing that no significant adverse
effect demonstrated with a written notation
as follows; No due process/procedural errors,
your statements refuted by RVR, appellant
refused to attend hearing. preponderance
of evidence noted by (SHO) D-8-219 is
typo and had no bearing on hearing, your
attempts to make this a racial issue has no
bearing. The (RVR) clearly indicated you refused
all cellmates by stating "I Ain't taking no
cellie" they F___ with me, I'll F___ with
them. *(see exhibit (c) screening form)*

(3)

*(Ground (1) supporting facts)*

The appeals coordinator also wrote at the bottom of
petitioners appeal that on 4-16-07 rejected by
hiring ~~████~~ authority as staff complaint.
Although petitioners appeal was not submitted
as a staff complaint or categorized as a
staff complaint the appeals coordinator made
up ~~███~~ additional excuse to screen out
petitioners appeal. On 4-22-07 petitioner
challanged the screening form stating as
follows; The screening form is inaccurate. I
suffered loss of good time credits and
privileges which is a adverse effect, The
(SHO) advised me that I have a right to
appeal her disposition and findings. The body
of the (RVR) clearly and comprehensively stated
I refused to accept a inmate assigned to
D-8-219 which the reporting employee signed
as a true and correct report. The (SHO) had
a predetermined belief and denied me my
right to attend the hearing which ● ●A signed
"waiver" was required among other challanges.
*( see exhibit (D) )* *

(4)

* (GROUND (2) supporting FACTS) *

The APPEALS COORDINATOR did NOT CONSIDER OR
RESPOND to PETITIONERS CHALLANGE to the SCREENING
AND ON 4-27-07 the APPEAL WAS RETURNED
to petitioner Which the APPEALS COORDINATOR
Just STAMPED the APPEAL AS delivered ON
4-27-07. *(see exhibit (c) back side of Appeal)* PER
SCREENING FORM INSTRUCTIONS AT the bottom of the
SCREENING FORM the SCREENING ACTION MAY NOT
be APPEALED. *(see exhibit (c) SCREENING FORM)*
The APPEALS COORDINATOR WAS NOT PRESENT during
the disciplinary hearing OR INVESTIGATED ANY
of the ALLEGATIONS MADE IN MY APPEAL thus
CAME to A PERSONAL CONCLUSION Which
WAS WRONG that petitioner did NOT PRESENT
ANY procedural OR due process ERRORS
NOR demostrated A Adverse effect.
The UNLAWFUL SCREENING FORM IS CONTRARY to
Title 15. division 3 APPEAL procedures Which
states petitioner CAN APPEAL ANY ACTION,

(5)

*(Ground 4 supporting Facts)*

decesion, or policy as having a adverse effect. The screening form is designed so petitioner has to go through a mind ~~field~~ of pit falls in order for his appeal to be assigned for investigation and response. There is no administrative remedy avalible to petitioner to appeal the unjust, unfair, arbitrary guilty finding. There was not legetimate penological intrest to deny petitioner his right to appeal the guilty finding resulting in the loss of good time credits and privileges. Petitioners appeal was timely and not frivilous thus presented ~~issues~~ that could of been handled on the administrative level. Petitioner is without remedy. At the minimum, petitioner had a right to attend his disciplinary hearing to defend against the charges without a signed waiver.

(6)

INVESTIGATING employee Report / Petitioners
statement to ● I.E.
(1) PAGE

*( GRound (2) exhibit) *

# Exhibit



STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                        PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-07-02-0084 | SVSP | 02/26/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER____ |

On 02/26/07, I, Correctional Officer J. Spaulding was assigned as Investigative Employee for CDCR-115, Log#
FD-07-02-0084. I informed Inmate HOLLIS of my assignment and that as Investigative Employee my duties were as a fact
finder for the Senior Hearing Officer. Inmate HOLLIS stated that he had no objections to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 02/26/07, I interviewed Inmate HOLLIS (E-37508) regarding the disciplinary charges, and Inmate
HOLLIS made the following statement: "I request to be found not guilty in the interest of justice. There is not an
inmate BARNETT assigned to D8-219 as addressed in the written report. There was not a CDCR-1882-B or CDCR-154 generated
on 02/21/07 for an inmate to be assigned to my cell. I'm currently deemed a threat to the safety and security to the
institution, staff and other inmates and I'm currently assigned walk-alone status by ICC Committee. I request CDCR-
1882-B or CDCR-154 to be evidence at hearing."

**REPORTING EMPLOYEE'S STATEMENT:** On 02/26/07, I interviewed Correctional Sergeant R. Nava, regarding Inmate HOLLIS
disciplinary charges, and Sergeant R. Nava, made the following statement: "Inmate HOLLIS refused to take a compatible
cellie and stated that he told Committee that he would not accept a cellmate."

**INVESTIGATIVE EMPLOYEE'S STATEMENT:** On 02/26/07, I, Correctional Officer J. Spaulding made the following statement:
"I interviewed all Staff and Inmate HOLLIS concerning this RVR". (INMATE BARNETT WAS NOT INTERVIEWED).

Inmate HOLLIS requested the following witnesses to be present at the disciplinary hearing.

| NAME | POSITION | ROO'S |
|---|---|---|
| Sergeant R. Nava | D-Program Sgt | F/S |

Request CDCR1882-B or CDCR-154 to be evidence at hearing.

J. Spaulding, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| 4 L Celaya | | 2/27/07 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature)  L Celaya | DATE SIGNED 2/27/07 | TIME SIGNED 1130 |

CDC 115-C (5/95)                                                        OSP 99 25082

FINAL COPY OF (RVR) # FD-07-02-0084
(4) PAGES

*(GRound (2) exhibit) *

# Exhibit

"B"

804 to Records:   Date:
STATE OF CALIFORNIA                                                                          (2)                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT**                                    (B)

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-37508 | HOLLIS | | EAU | SVSP | D8-113 | FD-07-02-0084 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | WILLFULLY OBSTRUCTING A P.O./CELLMATE | D8-"B" Pod | 02/21/07 | 1545 hours |

**CIRCUMSTANCES**

On 02/21/07, at approximately 1545 hours, while I was assigned as D-8 Ad-Seg Sergeant, I notified Inmate HOLLIS (E-37508, D8-113L) that he was expected to and would be receiving a compatible cellmate. Inmate HOLLIS refused to accept a compatible cellmate by stating, "I already told Committee that I wasn't accepting a cellie. They fuck with me, I'll fuck with them." I notified Inmate HOLLIS that he was in violation of Title 15, CCR §3005(b) and O.P. #42. The need for housing in Ad-Seg is high and his refusal to accept a compatible cellmate would obstruct the program in D-8 Ad-Seg. A review of Inmate HOLLIS CCCR-114-D indicated that he was Double Cell Approved by Captain B. Rankin on 12/02/06. I again notified Inmate HOLLIS that he was expected to and would be receiving a compatible cellmate. Inmate HOLLIS refused again by stating, "I ain't taking no cellie." I was attempting to cell Inmate HOLLIS with Inmate BARNETT (T-38323, D8-219). Neither Inmate is listed on the others CCCR-812, both Inmates are Black Non-Affiliates and Double Cell approved. Inmate HOLLIS continued to refuse to accept either of the compatible cellmates. Inmate HOLLIS has received multiple CCCR-115's for this same behavior on 02/15/06 and 07/24/06 for Willfully Obstructing a Peace Officer/Cellmate. Inmate HOLLIS was found Guilty in both cases. Inmate HOLLIS is aware of this report.
Inmate HOLLIS is a participant in the Mental Health Services Delivery System at the CCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ R. Nava, Correctional Sergeant | | 2-2-07 | D-8 ASU Sergeant | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ | | | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE<br>☒ SERIOUS | 2 |  | ▶ R. | ☐ NO  ☒ SHO  ☐ SC  ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE)<br>✓ Celaya | DATE | TIME 11:0 | TITLE OF SUPPLEMENT | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE  TIME 1130 |

**HEARING**

**Plea:** Inmate HOLLIS refused to attend this CCCR-115 hearing. The SHO proceeded with the hearing, entering a plea of NOT GUILTY on the Inmate's behalf.

**Findings:** Inmate HOLLIS was found GUILTY of CCR §3005(b), specifically "Willfully Obstructing A Peace Officer," a Division "D(6)" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (Findings Con't See CCCR-115C)

**Disposition:** Inmate HOLLIS was assessed 90 days forfeiture of credits in accordance with a Division "D(6)" offense per CCR §3323(f)(6). Inmate HOLLIS was counseled, warned, and reprimanded. ✗

**Additional Disposition:** Inmate HOLLIS was assessed 90 days loss of privileges to begin on 03/22/07 through 06/21/07. Loss of privileges includes: Ten Days Loss Of Yard (From 03/22/07 through 03/31/07), Family Visits, Telephone, ¼ Canteen Draw, Quarterly Package and Special Purchase.

**Classification Referral:** N/A. Refer to ICC for Program Review and 'C' status placement. ✗

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME)<br>R.A. Boccella, Correctional Lieutenant | | SIGNATURE ▶ | DATE 03/21/07 | TIME 0915 |
| REVIEWED BY: (SIGNATURE)<br>▶ B. Rankin, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ M. P. Moore III, CDO | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

{2/B}

DEPARTMENT OF CORRECTIONS
PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-07-02-0084 | SVSP | 03/21/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**Hearing Date:** 03/21/07.              **Time:** 0915 hours.              **Any Postponement Explained:** N/A.

**Inmate Plea and Statement:** Inmate HOLLIS refused to attend this CDCR-115 hearing. The SHO proceeded with the hearing, entering a plea of NOT GUILTY on the Inmate's behalf.

**Inmate's Health:** Inmate HOLLIS refused to attend this hearing. Inmate was given an opportunity to attend, however, elected not to participate, stated to Correctional Officers D. Ramos and Tran "I am cool." Inmate appears to be in good health as observed by this SHO and witnessed by Officers D. Ramos and Tran. The SHO elected to proceed with this disciplinary process (See attached CDCR-1288).

**MHSDS:** Inmate HOLLIS **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate HOLLIS exhibit any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate HOLLIS did not demonstrate any strange, bizarre, or irrational behavior.

**DUE PROCESS:** Date of Discovery: 02/21/07.                Hearing started on: 03/21/07.
Initial RVR copy served on: 02/25/07.        CDCR-115-MH served on: N/A.
Incident Package served on: N/A.             I.E. document served on: 02/27/07.
D.A. results issued date: N/A.               Last document served on: 02/27/07.

**D.A. Referral:** This matter was not referred to the Monterey County District Attorney's Office.

**Time Constraints:** All time constraints have been met pursuant to CCR §3320(b). Inmate HOLLIS was provided a copy of the CDCR-115 within 15 days after the discovery of information leading to the charges. Hearing was held within 30 days of the date the inmate was provided a copy of the CDCR-115. Inmate HOLLIS received all documents used for this hearing 24 hours prior to the hearing.

**TABE Score:** Inmate HOLLIS TABE Reading Score was Above 4.0 as noted in the Central File.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A). Due to Inmate HOLLIS's refusal to attend and/or participate in this RVR hearing, Officer D. Ramos will later inform Inmate HOLLIS of the results/outcome of the Disposition.

**Investigative Employee (IE):** Inmate HOLLIS requested and does meet the criteria for assignment of an Investigative Employee. Correctional Officer J. Spaulding was assigned. Officer J. Spaulding interviewed Inmate HOLLIS as part of the investigative process, gathered information from witnesses, asking each witness specific questions posed by Inmate HOLLIS and follow up questions posed by I.E. for clarification purposes. Officer J. Spaulding prepared his report, to include his summation of the facts, and provided a copy of the report to Inmate HOLLIS more than 24 hours prior to this hearing.

**Evidence Requested or Used:** Inmate HOLLIS requested the CDCR-1882 and CDCR-154 as evidence to be present at the hearing; SHO Denied, there was none generated. Inmate HOLLIS refused to ever exit his cell to talk to several Inmates that were compatible.

R.A. Boccella, Correctional Lieutenant

| (DISPO CON'T SEE CDCR-115C PAGE 2) | SIGNATURE OF WRITER | DATE SIGNED 03/21/07 |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)                                                                OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

(2)
(B)

DEPARTMENT OF CORRECTIONS
PAGE **2** OF **2**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| B-37508 | HOLLIS | FD-07-02-0084 | SVSP | 03/21/07 |

| ☐ SUPPLEMENTAL | ☒☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**External/Outside Evidence:** N/A.        **Video Tape Evidence:** N/A.        **Confidential Information:** N/A.

**Witness Requested:** Inmate HOLLIS did request Reporting Employee Sergeant R. Nava as witness to be present at the hearing; SHO Granted.

**Witness Testimony at Hearing:** Reporting Employee Sergeant R. Nava stated at the hearing that "Inmate HOLLIS refused to submit to cuffs to even talk to anyone. There was no CDCR-1882 and CDCR-154 because Inmate HOLLIS refused to accept any cellie, before I could not initiate move and forms."

**Enemy Concerns:** There was no enemy concerns related with this disciplinary hearing.

**Findings:** Inmate HOLLIS is found GUILTY as charged. This finding is based upon the following preponderance of evidence:
1) RVR Log #FD-07-02-0084, authored by Reporting Employee (R.E.) Correctional Sergeant R. Nava:

    a) Reporting Employee Sergeant R. Nava informed Inmate HOLLIS (B-37508) that he was expected to and would be receiving a compatible cellmate per O.P. #42 signed by the Warden.

    b) Sergeant R. Nava was an eyewitness to Inmate HOLLIS refusing to accept a compatible cellmate, by stating "I already told Committee that I wasn't accepting a cellie. They fuck with me, I'll fuck with them."

    c) Sergeant R. Nava informed Inmate HOLLIS that his excuses were not acceptable, Inmate HOLLIS refused again, stated "I ain't taking no cellie."

    d) A review of Inmate HOLLIS CDCR-114D indicated that he was double cell approved by Captain B. Rankin on 12/02/06.

    e) Sergeant R. Nava was attempting to house Inmate HOLLIS with Inmate BARNETT (T-38323).

2) Inmate HOLLIS failed to provide a defense to the charges on his behalf.

**CONCLUSION:** Based on the aforementioned facts, this SHO finds the preponderance of the evidence relied upon has been met to render and sustain a finding of Guilt on the charged offense of Inmate HOLLIS violating CCR §3005(b); specifically, "Willfully Obstructing A Peace Officer," a Division "D(6)" offense per CCR §3323(f)(6).

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal per CCR section §3084.1 (a). Inmate HOLLIS was informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer. Inmate HOLLIS was further advised of credit restoration per CCR §3327 and §3328.

R.A. Boccella, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED 03/21/07 |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED 3/29/ | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | C.C.R. §3005(b) | 02/21/07 | SVSP | FD-07-02-0084 |

| REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT | ☐ YES | XX NO |
|---|---|---|

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ N/A | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ N/A | DATE |
|---|---|---|

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☒ NOT ASSIGNED | REASON DNMC per Title 15 Sec. 3315 - GP2: 8 | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ REQUESTED    ☐ WAIVED BY INMATE | ▶ | |

| ☒ ASSIGNED | DATE 2-26-07 | NAME OF STAFF J. Spaulding |
|---|---|---|
| ☒ NOT ASSIGNED | REASON DNMC per Title 15 Sec. 3315 | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:    None

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

| ☒ REPORTING EMPLOYEE | ☐ STAFF ASSISTANT | ☐ INVESTIGATIVE EMPLOYEE | ☐ OTHER _____ | ☐ NONE |
|---|---|---|---|---|

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

(I.E. CON'T SEE CDCR-115-C)

J. Spaulding, Correctional Officer

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ S. Celaya | TIME 1150 | DATE 2/25/07 |
|---|---|---|---|

CDC 115-A (7/88)                    If additional space is required use supplemental pages —              OSP 03 74845

(CDC) 602 / 3' SCREENING FORM
(4) PAGES.

*(GROUND (2) exhibit)*

# Exhibit

"C"

(C.)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.        Category

1. SVSPd          1. 07-01510   1

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.      DivD                FD-07-62-0084

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MARVIN HOLLIS | E-37508 | *Ad-SEG* | D-8-220 |

A. Describe Problem: This complaint is filed against Salinas Valley State Prison (CDO) M.P. Moore, (SHO) R.A. Boccella, and Sgt. R.Nava. On 3-21-07 I was denied a fair and impartial hearing to RVR#FD-07-02-0084 and my procedural and my due process rights was violated. I was denied the opportunity to be present at my hearing and I did not sign a waiver nor is their a waiver in my central file indicating that I refused to sign a waiver which is in violation of CCR.3320(q)(3).

If you need more space, attach one additional sheet.          *(see Attachment)*

B. Action Requested: FOR RVR#FD-07-02-0084 to be dismissed in the interest of justice or ordered to be reissued reheard per CCR.3084.5(h)(1)3(2). That ALL loss time credits and privileges be restored related to RVR#FD-07-02-0084, stop segregating

Inmate/Parolee Signature: Marvin G. Hollis by RACE     Date Submitted: 4-2-07

RECV'D APR 03 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

4/10/07 rejected by hiring Authority as staff complaint

* (CONTInued FROM section (A), 3)) *     (c)

The (SHO) ARBITRARILY found me guilty, and her decision had
No basis IN Fact. The hearing was unconstitutional and
one sided. NON of mY Relevant evidence, statements
to the INvestigating employee, or mitigating INFormation
was considered by the (SHO) at mY hearing. The (SHO)
had a predetermined belief of me being guilty And
her ARbitrARY guilty Finding was based on personal
animosity due to her being a defendant IN one
of mY Civil Actions CASE# M 71739. PER CCR 3320 (h);
staff who observed, Reported, classified supplied supplemental
Reports to, or INvestigated the Alledged Rule violation, who Assisted
the INmate IN prepAring For the hearing; or For ANY other Reason
have, a predetermined belief of the INmATes guilt or INNocence
'shall' not hear the charges or be present during deliberations
to determine guilt or INNOcence and disposition of the
charges. The Reporting employee was dishonest IN her Report
And appeared to RACIALLY discriminate by enforcing
segregation by Forcing ONLY AFRICAN AMERICAN prisoners
to cell up. Although there was never a INmate
BARNett T-38323, Assigned to D-8-218 It's clear
FROM SGT. NAVA, written Report she segregates by
RACE which Is A violation of clearly establishecl
Federal LAW. Records will show NO INmate BARNett
was ever Assigned to D-8-219 which clearY shows
SGT. NAVA, Lied IN her Report And to the (SHO)
At the hearing.     * (OVER ON BACK) *

my defense to the charge was not considered IN
my statement to the I.E. I WAS Approved FoR
WALK ALONE status by I.C.C. which means I'm
Not Allowed to come INto contact with any
other INMATES. PER CCR. 3004 (2); INMATES have
the Right to be TREATED FAIRLY ANd IMPARTIALLY
by ALL employees. It IS of PARAMOUNT that
the Action Requested be granted. (CDO)
moore has Approved of all the VIOLATIONS ANd
has condoned the (SHO) ANd REPORTING
employee Actions.

�—(CONTINUED FROM section (B)) ✶
    DURING housing Assignments. That I Not be
Assigned A cell PARTNER As LONG As I'm deeme
A threat to the SAFETY ANd SECURITY of the
INstitution, staff ANd other, INMATES.

DELIVERED APR 27 2007

(C)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* A.A. Lamarque; R. Boccella; R. Reynaga; J. Crabtree <br><br> Does 1 to 4 <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Marvin Glenn Hollis | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* <br><br> **FILED** <br><br> JAN 2 3 2006 <br><br> LISA M. GALDOS CLERK OF THE SUPERIOR COURT _____ DEPUTY |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Superior Court of California, County of Monterey <br> 1200 Aguajito Rd., <br> Monterey, CA 93940 | CASE NUMBER: *(Número del Caso):* **M71739** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marvin Glenn Hollis, E-37508
P.O. Box 1060, D-5-207 Soledad, CA 93960

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* JAN 2 3 2006 LISA M. GALDOS | J. RODRIGUEZ <br> Clerk, by _____ *(Secretario)* | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served <br> 1. ☐ as an individual defendant. <br> 2. ☐ as the person sued under the fictitious name of *(specify):* <br><br> 3. ☐ on behalf of *(specify):* <br> under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) <br> ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) <br> ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) <br> ☐ other *(specify):* <br> 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

State of California     **INMATE / PAROLE APPEAL SCREENING FORM**     ...artment of Corrections and Rehabilitation
CDCR-695

INMATE: _Hollis_     CDC #: _E-37508_     CDC HOUSING: _D8-22U_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[ ] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
     Services, submit your request on a CDCR-Form 7362.
     If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
     document and pencil/inks other than black or blue do
     not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>**
    Comments: You may write on back of this form to clarify or respond to the above.

no due process/procedural errors/your statements refuted by RVR.
• Appellant refused to attend hearing.
• preponderance of evidence noted by SHO
• D8-219 is typo ; had no bearing on hearing.
• your attempts to make this a racial issue
has no bearing. The RVR clearly indicates
you refused all cellmates by stating "I aint
taking no cellie" "they f___ with me, I'll
f___ with them."

Eloy Medina, CC-II
Appeals Coordinator

Date: _4/4/07_

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

NAME Hollis and    **NUMBER**    E-37508    CDC-128-B (Rev. 4/74)

Inmate Hollis E-37508, on 11-08-06 the Facility C Captains Office
received a Wardens correspondence regarding an appeal able issue relative to a
Rule Violation Report. On 5-5-06 a Wardens request by you was responded to
instructing you to use the processes in place such as the appeal process that has
been proven to work at Salinas Valley State Prison. You were advised that you are
causing an additional workload issue that is impacting the institution in a negative
way. You were also advised that you would be receiving disciplinary action should
you continue to circumvent the process in place to resolve the issues that you feel
impact you personally which is the appeal system. You are hereby instructed to stop
circumventing the appeal process and thereby causing an increased workload.

G. PONDER
Captain
Salinas Valley State Prison

Orig: C-File
Copy: CCII
　　　Writer
　　　Inmate

DATE 11-8-06    GENERAL CHRONO

I WAS INSTRUCTED bY the CAPTAIN
to use the APPEALS process.

"Request"

11-1-06

RECEIVED
NOV 0 8 2006

TO: CDO, CA-2

FROM: HOLLIS, E-37508   C-8-107

RE: "WARDEN CORRESPONDENCE #7343"

SIR, I've been waiting patiently since 2-22-06 to have RVR#C06-03-0012R Adjudicated and completed. Captain Ponder responded to Warden Correspondence #7343 memorandum dated 10-10-06. It's now 11-1-06 and RVR#C06-03-0012R has not been Adjudicated in accordance to the modification order and 2nd Level appeal response. Due to so great of time lapse I will be unable to have a fair and impartial hearing. I have not even received my copy of the investigative employees report to this RVR. *Can you please have this RVR # C06-03-0012R completed or voided or dismissed in the interest of justice. I did not comitt any battery on a peace officer. The records reveal. C/o Goodlett was dishonest.

...ions Manual

...esponse shall be completed within five working day    formal
...for first level reviews shall be bypassed.

...If the inmate requests a Director's level review, the appeals
...coordinator shall transmit the appeal by FAX to: Attention: Chief,
...Inmate Appeals Branch. The Director's decision shall be based on
...a review of the written data submitted, and shall be completed
...within five working days of receipt.

**...8 Disciplinary Appeal Procedure**

...disciplinary finding, disposition, or procedural steps may be
...led. Serious disciplinary actions may be appealed through the
...tor's level of review. CDC Form 128-A, disciplinary chronos, and
...istrative CDC Form 115, Rule Violation Report, shall not be
...led beyond the second level of review.

...he appeal review, at the first and second levels, shall not be
...delegated to a rank lower than the person who held or chaired the
...disciplinary hearing under appeal.

**...100.18.1    Reviewers**

...e Warden may utilize the appeals coordinator as either the first or
...ond level reviewer. If the appeals coordinator is designated as the first
...el reviewer, second level reviews shall be handled by a Chief Deputy
...arden or the Warden. If the appeals coordinator is designated as the
...second level reviewer, the first level reviews may be assigned to the chief
...disciplinary officer or other person designated by the Warden. To
...expedite the review process, the appeals coordinator may decide to bypass
...the first level of review.

...Each disciplinary appeal submitted by an inmate/parolee shall be
...reviewed on the basis of conformance with the provisions of the
...PC, CCR (15) and DOM Chapter 6.

**54100.18.2    Due Process**

...When it is determined that procedural or due process provisions of the
...above codes and manuals which govern the disciplinary process have
...been violated, one of the following remedies shall be considered:

- If the appeal reviewer makes a determination that the disciplinary
  finding was not supported by the evidence presented at the hearing,
  the disposition may be vacated and the charges dismissed, or the
  disposition may be modified, or a new hearing ordered. Dismissal
  of the charge shall be the remedy of choice when:

  - The charge is found to be based on information subsequently
    determined to be false or unsubstantiated.

  - A new hearing would not likely produce any additional
    information.

  - There has been a significant lapse of time which makes it
    improbable if not impossible for the accused to present an
    adequate defense.

  - Witnesses of significant import, either staff or inmates, are
    no longer available and whose absence would prevent the
    accused from presenting an adequate defense.

- If the appeal reviewer determines that the inmate has received
  punishment disproportionate to the offense, the disposition shall be
  modified. Examples:

  - When an inmate has been assessed loss of work incentive
    credits in excess of those allowed in the credit loss schedule
    for the offense charged.

  - When time constraints have been violated to such an extent
    that the assessment of loss of work/training incentive credits
    is barred either by law or the CCR (15).

- If the appeal reviewer makes a determination that procedural or due
  process requirements were not met, the disposition may be vacated
  and a new hearing ordered. A new hearing shall be the remedy of
  choice when:

  - The accused did not receive a copy of the charge and all
    other nonconfidential reports at least 24 hours prior to
    convening the disciplinary hearing.

The charge was based on confidential information, preferably a
accused was not provid    ficient information, preferably a
synopsis where possible.    which to base a defense.

- When utilizing confidential information, the disciplinary
  hearing officer or committee has failed to make a finding
  concerning the reliability of the source and the validity of the
  information.

- The disciplinary hearing officer or committee failed to
  specify the reasons for finding the accused guilty, the
  evidence relied upon to make the disposition, or failed to note
  the reasons why the reporting employee or witness was not
  present or the reasons why time constraints were not met.

- The accused was denied witnesses who would have
  contributed significant information at the disciplinary
  hearing, or where security was an issue, denied admission of
  witnesses statements.

- The accused was denied the right to speak or present
  documentation in their own defense.

- The accused was not able to fully participate in the hearing
  process due to literacy/medical reasons, and was not assigned
  a staff assistant or language interpreter.

- When an investigative employee (IE) was not assigned per
  CCR (15) 3318(a) or the IE did not properly carry out their
  duties, and it appears that such an investigation would have
  been of assistance to the accused or the hearing officer or
  committee.

- When disciplinary findings are dismissed or modified by appeal, the
  appeal coordinator shall direct that the CDC Form 115 be removed
  from the inmate's C-File or that the changes as mandated by the
  appeal decision be made and appropriate annotations entered on file
  documents.

- Following the appeal review, in every instance where the procedural
  or due process requirements were not met, the staff member(s)
  involved shall be notified by the appeals coordinator in order to
  minimize future procedural errors of a similar nature. Notification
  shall consist of a copy of the action being sent to appropriate staff.

**54100.18.3    Rehearing**

A decision to order the rehearing of disciplinary charge acts to void all
prior dispositions concerning the CDC Form 115 being appealed. The
CDC Form 115 shall be rewritten and processed as a new CDC Form 115.

**54100.18.3.1    Time Limits**

Time limits for holding a rehearing shall conform to those specified in the
CCR (15) 3320 for processing the original charge.

**54100.18.3.2    Notifications**

If the inmate remains at the institution where the behavior causing the
original charge occurred, the appeals coordinator shall ensure that
responsible staff are notified of the rehearing order and reasons for the
rehearing. The notification shall be in writing and shall be hand-delivered
to staff responsible for conducting the rehearing.

**54100.18.3.3    C&PR**

If the inmate has been transferred, and the decision is to have him or her
returned for the hearing, the appeals coordinator shall be responsible for
notifying the institutional C&PR of said decision.

- The institutional C&PR shall arrange with the other location, where
  the inmate resides, for the inmate's case to be reviewed by the CSR
  for endorsement and prompt return to afford staff the opportunity of
  a timely hearing of the CDC Form 115.

- Time constraints for conducting a rehearing under these
  circumstances shall not begin until the inmate has been returned to
  the institution where the hearing will be conducted. For other
  detailed options of conducting disciplinary hearings/rehearings on
  transferred inmates, refer to CCR (15) 3320.1.

533

(ORIGINAL (RVR))

115 & CDC 804 TO RECORDS: 4/2- X

STATE OF CALIFORNIA

RULES VIOLATION REPORT     SUPPORTIVE     NEID  4-25-05     DEPARTMENT OF CORRECTIONS

RVR DOC

| CDC NUMBER | INMATE'S NAME | | SER/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| B-37508 | Hollis | | | SVSP | FC-B8-226 | C05-04-0049 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS   Battery on | LOCATION | | DATE | TIME |
| 3005(c) | | a Peace Officer | Fac 'C' C8 Shower | | 04-18-05 | 1115 Hours |

**CIRCUMSTANCES**     On Monday April 18, 2005 at (approximately 1115 hours), while performing my duties as Facility "C" buildings Administrative Segregation (Ad-Seg) Officer, performing escorts when I entered building 8 C-pod Inmate Hollis (B-37508, C8-226L) was inside c-pod shower banging on the shower door and pressing on the alarm button. I told Inmate Hollis to calm down and stop banging on the shower door and pressing on the alarm button, and once we get our Ad-Seg inmate secured in his cell, the control booth officer will let him out of the shower. Inmate Hollis did not listen and continued to bang on the shower and press the alarm. Once our inmate was secured, I went over to C section shower and attempted to calm Inmate Hollis down while trying to get the control booth officers attention. I told Inmate Hollis to stop pressing the alarm button with negative results. I placed my hand over the alarm button next to the shower and Inmate Hollis stated, "I can do what I want and if I want to get you, I can" and then aggressively grabbed me on the wrist area, I pulled back quickly and walked away from the shower. Officer Zamora walked up and opened the shower not knowing what had taken place. Inmate Hollis stated he needed to see the supervisor and I then advised Officer Zamora that Inmate Hollis had grabbed my wrist and that he needed to be placed in mechanical restraints (handcuffs). Officer Zamora then placed handcuffs on Inmate Hollis stated I need to be double cuffed, and to accommodate, I placed the second pair of cuffs on Inmate Hollis and I followed the escort to Facility "C" Medical

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| L. Goodlett, Correctional Officer | | 4/25/05 | C8 Ad-Seg Extra | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | | INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| | 4-24-05 | DATE  4-18-05 | LOC. A1 | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | B | 4-25-05 | Hughes J CC11 | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | G. mm | 4/26/05 | 2015 | D.A. CHRONO  (REJECTED) | | | |
| INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| -05-04-0227 | G. mm | 4/26/05 | 2015 | | | 8-24-05 | 1240 |

ISSUED T.E. 8-31-05 1120 Hours

Hearing: The charges were read aloud as written to Inmate Hollis, who acknowledged understanding the charges and who entered plea of Not Guilty.

Findings: Inmate Hollis was found Guilty of violating CCR§ 3005(c); specifically, 'Charge,' a Division 'A-1' offense CCR§ 3323(d)(1)).

Disposition: Assessed 0 days forfeiture of behavioral credits, due to time constraints not being met. Assessed 90 days loss of the following privileges: telephone use, quarterly packages, special purchases, ¼ canteen draw (to begin 12-07-05 and end 03-16-05); Inmate was counseled, warned and reprimanded.

Classification Referral: Referred to ICC for program review and possible SHU term assessment.

Disposition continued on CDC 115C

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE   TIME |
| J. Luman, Lieutenant | | | | 12/31/05  0545 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
| G. Ponder, Captain | 12/16/05 | D. Travers | | 12/30/05 |
| | | BY: (STAFF'S SIGNATURE) | | DATE   TIME |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | G. mm | | 01/05  1307 |

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE____ OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | Hollis | C05- | SVSP | 04-18-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☒ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER_____

nic at a safe distance to maintain security. After securing Inmate Hollis in holding cell #1, I notified my supervisor geant M. Nilsson. Inmate Hollis (is) [is not] a participant in the Mental Health Services Delivery System and is aware this report.

L. Goodlett, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 4/25/05 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 4/26/15 | 2015 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

DC 115-C (5/95)

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | Hollis | C05-04-0049 | SVSP | 12-07-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER _____

Hearing: This hearing commenced on 12-07-05 at 1200 hours. On 04-26-05 Inmate Hollis requested that his hearing be postponed pending the outcome of referral for prosecution.

Inmate's health: Inmate Hollis stated his health was fine and that he was ready to proceed with the hearing. I introduced myself as the SHO and explained the hearing procedures.

MHSDS: Inmate Hollis is a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System (CCCMS) level of care. The circumstances of the Rules Violation Report do not indicate that Inmate Hollis exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate Hollis did not demonstrate any strange, bizarre, of irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court in Coleman, a mental health assessment was not initiated. Consequently, a staff assistant was not deemed necessary.

Date of discovery: 04-18-05          Initial RVR copy issued on: 04-26-05
Hearing Completed on: 12-07-05       Last document Issued to Inmate on: 08-31-05
Postponed Date: 04-26-05             Date DA results issued: N/A

Time Constraints: All time constraints have not been met pursuant to CCR§ 3320.

Staff Assistant (SA): Inmate Hollis does not meet the criteria for the assignment of an SA per CCR§ 3315. Therefore, a SA was not assigned.

Investigative Employee (IE): Inmate Hollis does meet the criteria for assignment of an IE. Correctional Officer Salopek was assigned. Officer Salopek interviewed Inmate Hollis as a part of the investigative process, gathered information on witnesses, asking each witness specific questions posed by Inmate Hollis and follow up questions posed by the IE for clarification purposes. Officer Salopek prepared his report, to include his summation of the facts, and provided a copy of the report to Inmate Hollis more than 24 hours prior to this hearing.

Referral: This matter is referred to the Monterey County District Attorney's Office, however, the outcome is not known.

Evidence Requested or Used: Inmate Hollis did not request that evidence be produced for this hearing at the time of his IE or at the time he was issued a copy of his CDC 115A.

Video Tape Evidence: No video tape evidence was utilized in the adjudication or fact finding process of this CDC 115 Rules Violation Report.

Inmate Plea and Statement: Inmate Hollis entered a plea of "Not Guilty," stating, "I enter a plea of not guilty." Officer Goodlett, made false allegations that I committed battery on a peace officer. Officer L. Goodlett, report and statement and answers to questions in the IE report is vague, confusing and contradictory to Officer Zamora's, report and "verified" by other staff present during the alleged battery on a peace officer such as the control booth officer, C/O Tsai, as well as Officer Zamora. *Officer Goodlett answer to question #4 in the IE report and the statement given to the IE is evidence that his allegations are false and is contradictory to his written report RVR# C05-04-0049.

J. Luman, Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED 12/30/15 |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED 01/05/06 | TIME SIGNED 1300 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115 C (5/95)

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                                          PAGE____OF____

| DC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|-----------|---------------|------------|-------------|--------------|
| E-37508 | Hollis | C05-04-0049 | SVSP | 12-07-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER____

statement continued)

here is not evidence "how" I allegedly committed battery on C/O Goodlett nor which wrist area I allegedly "grabbed"
r what hand I allegedly used to commit battery on C/O

itnesses Requested or Provided: Inmate Hollis did not request that any staff or inmate witnesses be produced for this
earing.

nmate Hollis asked the following questions of Officer Goodlett:
.) If Inmate Hollis refused to stop pressing the alarm button as you indicated in your report, then how were you able
) place your hand over the alarm button and how did Hollis aggressively grab your wrist area if Hollis was still
:essing the alarm button?
l) Because if you push the button continuously it won't go off. You have to push it once, wait, push it again, wait,
ıd so on.
?) If Hollis reached through the shower bars and grabbed you by the wrist as you stated to the Investigating Employee,
en how did Hollis grab your wrist as you stated to the IE to question #4 of grabbing your wrist when I went to press
ıe button again? (Please explain!)
!) You grabbed by wrist by reaching through the bars.
i) Which allegation is true; your written RVR #C05-04-0049, your statement to the Investigating Employee, or your answer
) question #4 in the IE report? (Please explain!)
i) What I wrote down is what took place.

nfidential Information: None.

ndings: Inmate Hollis is found guilty of the charged offense of violating CCR§ 3005(c); for the specific act of
harge," a Division 'B' offense (CCR§ 3323(d)(1)). The evidence used to render this finding included:

1)  Rules Violation Report authored by Correctional Officer L. Goodlett, which states in part, "On Monday April
·, 2005 at approximately 1115 hours....Inmate Hollis (E-37508, C8-226L) was inside c-pod shower banging on the shower
or and pressing on the alarm button....Inmate Hollis did not listen and continued to bang on the shower and press
e alarm....I placed my hand over the alarm button next to the shower and Inmate Hollis stated, "I can do what I want
d if I want to get you, I can" and then aggressively grabbed me on the wrist area, I pulled back quickly and walked
ay...."

sed on the aforementioned facts, this SHO finds the preponderance of the evidence has been met to render and sustain
finding of guilt on the charged offense of violating CCR§ 3005(c); specifically, "Charge." a Division 'B' offense
CR§ 3323(d)(1)).

peal Rights: Inmate Hollis was advised that the disposition of this Rules Violation Report would not become final
til approved by the Chief Disciplinary Officer, at which time he will receive a final copy of the completed CDC 115.
was also advised of his rights to appeal the findings of this hearing, the methods of appealing, and credit
storation rights pursuant to CCR§ 3327 & 3328, governing the restoration of forfeited credits.

                                          J. Luman, Lieutenant
| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 12/3/05 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| G. M | 01/05/06 | 1300 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

DC 115-C (5/95)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | Hollis | C05-04-0049 | SVSP | 08-18-05 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER_____

On 08-18-05, I was assigned as Investigative Employee for CDC 115 Rules Violation Report, log number C05-04-0049. I advised Inmate Hollis of my assignment and informed him that as the Investigative Employee, my duties are to act as a fact finder for the Senior Hearing Officer. Inmate Hollis acknowledged that he understood my role as the Investigative Employee and has indicated no objections to my assignment in this capacity. My report is as follows:

Defendant's Statement: On 08-18-05, I conducted an interview with Inmate Hollis (E-37508) regarding the charged offense and he offered the following statement: "I request to be found not guilty in the interest of justice and that the charge be dismissed. Correctional Officer L. Goodlett has made false allegations that I committed battery on a Peace Officer. Officer Goodlett's report is vague, confusing, and contradictory to Officer Zamora's written report and not "verified" by other staff present during the alleged battery on a Peace Officer such as the control booth officer as well as Officer Zamora. All reports generated by staff related to the alleged battery are inconsistent and contradictory in nature. Officer Goodlett made false allegations to cover up my claim of use of unnecessary force on Nurse P. Gross, when he aggressively grabbed my wrist for refusing to stop pressing the alarm button as stated in his report."

Reporting Employee's Statement: On 08-24-05, I interviewed the reporting employee, Correctional Officer L. Goodlett regarding the charges and her recollection of the events of that day. Officer L. Goodlett offered the following statement: "On the day in question, Inmate Hollis reached through the shower bars and grabbed me by my wrist. I pulled my hand quickly away and stepped back from the shower."

Inmate Hollis had the following questions for Officer Goodlett:
1) At 1115 hours on April 18, 2005 did you generate a true and correct complete report of the alleged battery on staff?
1) To my knowledge, yes.
2) Why is your report vague, confusing, and contradictory to Officer Zamora's written report and not verified by other staff present during the alleged incident?
2) People interpret situations differently.
3) Did you and Officer Zamora instruct the control booth officer at 1115 hours to open the C-section shower for Inmate Hollis to go back to his cell?
3) I don't not and Officer Zamora did not know what had taken place.
4) If Inmate Hollis refused to stop pressing the alarm button as indicated in your report, then how did Inmate Hollis aggressively grab your wrist area if Inmate Hollis was still pressing the alarm button?
4) You grabbed my wrist when you went to press the button again.
5) What hand did Inmate Hollis use to allegedly grab your wrist area?
5) I don't remember, you will have to refer to my report.
6) What wrist area was allegedly aggressively grabbed and how?
6) I don't remember, you will have to refer to the CDC 7219.

Staff Witness Statement: On this date, 08-25-05 I interviewed staff witness, Correctional Officer L. Zamora regarding his recollection of the events of that day. Officer Zamora offered the following statement, "During shower program on the date in question, Inmate Hollis refused to comply with my instructions to return to his cell. I placed Hollis in handcuffs and escorted him to the Facility C Medical office for a CDC 7219 and then to holding cell ç1 in the Health Service Annex.

C. A. Salopek, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C. - | | 8/31/05 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | 8-31-05 | 1120 |

CDC 115-C (5/95)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | Hollis | C05-04-0049 | SVSP | 08-18-05 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

Inmate Hollis had the following questions for Officer Zamora:

) At 1115 hours on April 18, 2005 did you generate a true and correct report to the alleged Battery on Staff, and complete report of the alleged incident?
) Yes.

) After you and Officer Goodlett instructed the control booth officer to open the C-section shower door to allow me to go back to my cell at 1115 hours on April 18, 2005 did you observe at any time during both you and Officer Goodlett's presence at the shower or were the both of you instructed the control booth officer to let me out the shower, Inmate Hollis "grab" Officer Goodlett's wrist?
) No.

) At 1115 hours on April 18, 2005 where was your presence in C-section from the time I was released from the shower after you and Officer Goodlett instructed the control booth officer to open the C-section shower door where I was located?
) I was between the C-Section phone and the podium.

) At 1115 hours were you present along side Officer Goodlett of wit Officer Goodlett from the time your escort inmate is secured til the time I was placed in handcuffs?
) I placed Inmate Hollis in handcuffs and escorted him to the Facility C Medical officer for a 7219 and then placed him in the holding cell along with Officer Goodlett.

) At what time did Officer Goodlett allegedly inform you that I grabbed his wrist? And was that before the both of you instructed the control booth officer to release me from the shower?
) Inmate Hollis was done with his shower and I instructed the control booth officer to open the shower door for Hollis to return to his assigned cell, and later found out about the incident.

) Did you order Inmate Hollis to submit to handcuffs because he refused to lock up and requested to speak to a supervisor because Officer Goodlett allegedly informed you that Inmate Hollis had just grabbed his wrist?
) I ordered Inmate Hollis to submit to handcuffs because he was refusing to lock up and was delaying the unit's program.Q7) Did Inmate Hollis receive his 1000 hour phone call on April 18, 2005 which he signed up for?
) No.

) Was the control booth officer present at the C-section Control panel at 1115 hours? And did you of the control booth officer open the shower door?
) The control booth officer opened the door after I instructed him to do so.

) After you and Officer Goodlett instructed the control booth officer to open the C-section shower for me to go back to my cell, was I released from the shower and started asking you about my phone call and refusing to lock up? And if so, how was it not possible to observe any of the allegations made by Officer Goodlett in his report dated April 18, 2005 at 1115 hours.
) Yes.

Investigative Employee's Summation: Inmate Hollis requested information regarding the control booth officer on the above mentioned date. A review of the log indicates Correctional Officer Tsai was assigned to work at that post during the time of the incident. It should be noted that Officer Tsai did not submit a report and appears to have no involvement in this incident.

A. Salopek, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C. | | 8/31/05 |

| | GIVEN BY (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | 8-31-05 | 1120 |

CDC 115-C (5/95)

OSP 99 25082

CDC - 128B (Rev. 4/74)

NAME and NUMBER    HOLLIS, E-37508

Case #SVP-FC8-05-04-0227, dated 4/18/2005, 115 Log # _____ was forwarded to the
Investigative Services Unit (ISU) for referral to the District Attorney's Office.    On 8/9/2005 this case was
returned to ISU indicating the case has been:

☐ Accepted by the D.A.
☒ Rejected by the D.A.
☐ Declined by I.S.U.

cc:    C-File
       Inmate
       115 Desk
       ISU case file
       Facility CCII

Date: 8/9/2005

ISU STAFF
Salinas Valley State Prison

(DISTRICT ATTORNEY REFERRAL)    GENERAL CHRONO

AUG 1 1 2005

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC-837-C (Rev. 09/03)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: SVP-FC8-05-04-0227

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| ZAMORA | L. | | 04/18/05 | 1115 |

| POST# | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 2306 | C8 FL#1 | 3 YR. 9 MO. | 04/18/05 | C-8 C SECTION |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | N/A |
|---|---|---|---|---|
| F | 0600-1400 | STAFF ASSAULT / Battery on a Peace Officer | 3005(c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (5) Goodlett | Hollis E-37508 C8 226 |
| ☒ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | |
|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | TYPE: NO: | NO: |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC | 37 MM | | 9 MM |
| ☒ NONE | ☐ 38 CAL | ☐ CN | L8 | | 38 CAL |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CS | 40 MM | | MINI-14 |
| ☐ WEAPON | ☐ 37 MM ☐ L8 | ☐ OTHER: | 40 MULTI | | ☒ N/A |
| ☐ PHYSICAL | ☐ 40 MM ☐ 40 MULTI ☒ N/A | | | | |
| ☒ NONE | ☐ HFWRS ☐ BATON | | SHOTGUN | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | ☒ N/A | ☒ N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☐ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE:

On Monday, April 18, 2005, at approximately 1115 hours, while performing my duties as C8 Floor Officer #1, During shower program for the housing unit Officer Goodlett and I instructed the Control Booth officer to open the C Section lower tier shower for inmate Hollis (E-37508 C8 226) to go to his assigned cell. Inmate Hollis stated, "I want my phone call." I informed inmate Hollis that we needed to take 40 SEG inmates to see the Captain at the office, and that he needs to lock-up. Inmate Hollis again stated, "I'm not locking up, I want to talk to a supervisor." I ordered inmate Hollis to turn around and submitt to wand cuffs, I escorted him to the Facility C medical for a 7219 and then to the Facility C

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | c/o | | | 04/18/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| M. Nilsson M. Nilson Sgt. | 04-18-05 | ☒ YES ☐ NO | ☐ YES ☒ NO | 04-18-05 |

Distribution:    Original: Incident Package    Canary: Reporting Employee    Pink: Reviewing Supervisor

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDC 837-C1 (Rev. 09/03)          PAGE  2  OF  2        INCIDENT LOG NUMBER
                                                       SVP-FC8-05-07-0227

| NAME: LAST | FIRST | MI |
|---|---|---|
| ZAMORA | L. | |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:
Health Annex were I placed him in holding cell #1, I
search the holding cell, with negative results for contraband
prior to placing inmate Hollis.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
|  | c/o |  |  | 04/18/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| M. Nilsson  M. Nilsson Sgt. | 04-18-05 | ☒ YES ☐ NO | ☐ YES ☒ NO | 04-18-05 |

Distribution:  Original: Incident Package    Canary: Reporting Employee    Pink: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
DC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE **1** OF **2**

INCIDENT LOG NUMBER: **SUP FC 8 05 04 0227**

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Goodlett | L | D | 4/18/05 | 1115 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 5 A | C8 Ad seg extra | 5 YR. 4 MO. | 4/18/05 | facility C building 8 C pod shower |

| DO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| /S | 0600 - 1400 | Battery on peace officer | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | Zamora | (s) Hollis E.37508 |
| ☐ RESPONDER | M. Nilsson | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

FORCE USED BY YOU: ☐ WEAPON  ☒ PHYSICAL  ☐ NONE

WEAPONS USED BY YOU: ☐ MINI-14  ☐ 9 MM  ☐ 38 CAL  ☐ SHOTGUN  ☐ 37 MM  ☐ L8  ☐ 40 MM  ☐ 40 MULTI  ☐ HFWRS  ☐ BATON  ☒ N/A

CHEM. TYPE: ☐ OC  ☐ CN  ☐ CS  ☐ OTHER:

FORCE OBSERVED BY YOU: ☐ WEAPON  ☐ PHYSICAL  ☒ NONE

SHOTS FIRED BY YOU:

| TYPE: | NO: | | NO: |
|---|---|---|---|
| 37 MM | | 9 MM | |
| L8 | | 38 CAL | |
| 40 MM | | MINI-14 | |
| 40 MULTI | | ☒ N/A | |
| SHOTGUN | | | |

EVIDENCE COLLECTED BY YOU: ☐ YES  ☒ NO

EVIDENCE DESCRIPTION: ☒ N/A

EVIDENCE DISPOSITION: ☒ N/A

BIO HAZARD: ☐ YES  ☒ NO

PPE: ☐ YES  ☒ NO

REPORTING STAFF INJURED: ☒ YES  ☐ NO  ☐ N/A

DESCRIPTION OF INJURY: Slight sllowen right wrist.

LOCATION TREATED (HOSPITAL / CLINIC): ☒ N/A

FLUID EXPOSURE: ☒ N/A  ☐ BODILY  ☐ UNKNOWN  ☐ OTHER:

SCIF 3301 / 3067 COMPLETED: ☐ YES  ☒ NO

NARRATIVE: On Monday April 18, 2005 at approximately 1115 hours, while performing my duties as facility C building 8 Administrative segregation officer, performing escorts when I entered building 8 C pod inmate Hollis (E37508)(C8 226L) was inside C pod shower banging on the shower door and pressing the alarm button. I told inmate Hollis to calm down and stop banging on the shower door and pressing on the alarm button, and once we get our Ad seg inmate secured in his cell the control booth officer will let him out of the shower. Inmate Hollis did not listen and continued to bang on the shower door and press the alarm. Once our inmate was secured, I went over to C section shower and attempted to calm inmate Hollis down while trying to get the control booth officers attention I told inmate Hollis to stop pressing the alarm button with negative results. I placed my hand over the

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| Goodlett L | Correctional officer | 60825 | 286 1/42 | 4/18/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | | | |

TE OF CALIFORNIA                                                                  DEPARTMENT OF CORRECTIONS
RIME / INCIDENT REPORT
RT C1- SUPPLEMENT                                                      INCIDENT LOG NUMBER
C 837-C1 (Rev. 09/03)                        PAGE _2_ OF _2_           SVP F.C.8  05 04 0227

| ME: LAST | FIRST | | MI |
|----------|-------|---|----|
| Goodlett | L | | D |

PE OF INFORMATION:

☑ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

ARRATIVE:
alarm button next to the shower and inmate Hollis stated "I can do what want and it I want to get you, I can" and then aggressively grabbed me on the wrist area pulled back quickly and walked away from the shower officer zamora walked up and peaed the shower not knowing what had taken place Inmate Hollis stated he need to ee the superviser and I thenadvised officer zamora that inmate Hollis had grabbed my wrist d that he needed to be placed in mechanical restraints (hand cuffs). Officer Zamora then laced hand cuffs on inmate Hollis then Hollis stated I need to be double cuffed and to ccomadate him, I placed the second pair of cuffs on inmate Hollis and I followed he escort to facility C medical cline at a safe distance to maintain security. After ecuring inmate Hollis in holding cell #1, I notified my superviser sergeant M. Nilsson.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| GNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|----------------------------|-------|---------|------|------|
| Goodlett | correctional officer | 60825 | 286 1142 | 4/18/05 |

| ME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|----------------------------------------------|---------------|----------|----------------------|------|
|  |  | ☑YES ☐NO | ☒YES ☐NO |  |

State of California

Department of Corrections
CDC 128-G

No. E-37508                       NAME:  HOLLIS

*Comment*:        **90 day ASU extension from ICC action of 12/14/06 approved to complete adjudication of
pending RVR of 12/1/06 for Threat to a Non-Inmate.**

**Return to CSR no later than 3/14/2007 with status update.**

R.M. Comfort, CSR

**Date: 1/16/2007**              , **Classification  - CSR ACTION**              **SVSP**

---

(RVR) C06-03-0012R WAS USED TO
AGGRAVATE MY (SHU) TERM, (RVR) IN
GROUND #1 OF the petition.

State of California

Department of Corrections
CDC 128-G

No. E-37508                       NAME:  HOLLIS

*Comment*:

9 month aggravated SHU term for RVR of 12/1/06 for Threat to a Non-Inmate approved as assessed by ICC
action of 3/8/07 with MERD of 6/24/07.

**Retain (in ASU) as MERD is too short to allow for transfer to a SHU unit.**

D Selvy, CSR

**Date: 4/2/2007**              **Classification  - CSR ACTION**              **SVSP**



*Matthew L. Cate, Inspector General*

*Office of the Inspector General*

December 29, 2005

Marvin Hollis, E-37508
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dear Mr. Hollis:

The Office of the Inspector General has received your correspondence.

After reviewing your correspondence, we determined that the issues you raise could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

Meanwhile, we encourage you to continue to try to use available administrative remedies, such as the CDC-602 inmate/parolee appeal process. If you have questions about the process or the status of your appeal, please contact your correctional counselor.

The Office of the Inspector General considers this matter closed. Thank you for bringing your concerns to our attention.

Sincerely,

KERRY McCLELLAND
Senior Deputy Inspector General

KM:mo:05-0001868-01


*Arnold Schwarzenegger, Governor*

# *(PRAYERS FOR RELIEF)*

Petitioner is without remedy, save by writ of habeas corpus. Wherefore, petitioner prays the court:

1. Issue a writ of habeas corpus or mandate;

2. Declare the rights of the parties;

3. For a injunction and permanent injunction stoping (CDC3R) appeals coordinators and sucessors from inappropriately generating (CDC3R) 695 screening forms against petitioner that is not in compliance with and to Title 15. division 3. section 3084.3 and requiring that (CDC3R) and (SVSP) officials to modify the (CDC3R) 695 screening forms delite or take out the written notation as fellows; This screening action may not be appealed, and take out all written reasons to screen an appeal on the (CDC3R)695 screening form that is not on the list of and compliance with Title 15. division 3. section 3084.3.

4. That (SVSP) appeals coordinators be ordered to process and assign both disciplinary appeals in ground #1 and #2 for investigation and response or in the alternative to dismiss both RVR#C06- 03-0012R and (RVR)#FD-07-02-0084 restoring all loss of good time credits and privileges.

(1)