Exhibit "D"

Exhibit "D"

"D"

CDCR-695

INMATE: Hollis          CDC #: E-37508          CDC HOUSING: D1-220

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[X] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[X] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[X] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

**RET'D JAN 2 5 2006**

PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS
Comments:  You may write on back of this form to clarify or respond to the above.

Why do you want a 115
reheard that you were found
'not guity' for?

Staff complaints need to be separate
from other complaints.

Please refrain from utilizing legal jargon
in your appeal, it makes it difficult for
me to understand your problem: Action wanted.

monetary compensation is outside the scope
of the appeals process

**Eloy Medina, CC-II**
**Appeals Coordinator**

Date: 12/13/05
      1-18-06

this screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on
separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself*. Please return
this form to the Appeals Coordinator with the necessary information attached.

### PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIO

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. ___SVSP___    1. ___(S) .0144___    Category ___1___

2. _____    2. _____

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classific
committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate s
member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the support
documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be ta
for using the appeals procedure responsibly. **D-05-06-0010 , DIV F, SHO SALAZAR**

| NAME MARVIN HOLLIS | NUMBER E-37508 | ASSIGNMENT ★ Ad/ - SPG ★ | UNIT/ROOM NUMBER D-1-220 |

A. Discuss Problem: This complaint is filed against Salinas Valley State prison Warden M. Evans, sergeant D. Caplan, and Lt. G.R. Salazar. I was denied witnesses at my disciplinary hearing In relation to RVR# FD-05-06-0010 In violation of CCR. 3315 (e)(1)(1)(2)(3)(4). SGT. D. Caplan, fabricated his report RVR# FD-05-06-0010 ▬ falsply accusing me of violating CCR. 3012 Attempting to fraud S.V.S.P. In retaliation and reprisal for my use of the (CDCR) 602 prison grievance system Submitting Appeal Log# SVSP-D-05-00965 and SVSP-D-04-04642. SGT. D. Caplan false charge Infringed my 1st Amendment Right to file

If you need more space, attach on additional sheet.                    ★(see Attachments)★

A. Action requested: That RVR# FD-05-06-0010 be ordered Reissued Reheard pursuant to CCR. 3084.5(h)(6), To know why retaliation and reprisal was taken against me and why I was falsply charged for violating CCR 3012 Attempting to fraud the state Awarded compensatory and punitive damages of $2,500.00 ▬ or with Local Resources to Resolve the matter administratively.

Inmate/Parolee Signature: _Marvin Hollis_    RECEIVED NOV 2 1 2005    Date Submitted: 11-21-05

B. INFORMAL LEVEL Date Received _____
Staff Response: _____

# BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.)
and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

# BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim

CDC Appeal Number:

prison grievances and had a chilling effect. SGT. CAPLAN, retaliation or retaliatory action advance no legitimate penological interest. SGT. CAPLAN, retaliation and reprisal for my "prior" use of the grievance system also violated CCR. 3084.1(d) and 3391. Pursuant to CCR. 3391(2) in part, Employees shall be alert, courteous, and professional in their dealings with inmates and irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department shall be avoided by all employees. SGT. CAPLAN, defamed me by making his false allegations charging me with attempting to fraud the state. This allegation was willful, oppressive, and annoying. This complaint is submitted as a employee misconduct appeal pursuant to administrative bulentin 98/10. I notifyed M. EVANS, of SGT. D. CAPLAN, reprisal and retaliation against me in which he failed to ● take any action and allowed the false charge● to go forward and allowed D. CAPLAN, to violate ▬▬▬ infringe my 1st amendment right. M. EVANS breached a duty of care,

**✱ (OVER ON BACK) ✱** ↓

↓

* (CHALLANGE to SCREENING FORM) *

1-10-06

TO: E. MEDINA CCII ORM. EVANS, HM LD

FROM: HOLLIS, E-37508    D-1-220

RE: (NGO v. WOODFORD 403 F.3d 620 (7th CIR (2005))

SIR, YOUR SCREENING FORM IS INACCURATE. MY APPEAL WAS ASSIGNED
FOR A 2nd LEVEL OF REVIEW WITH A due date OF 1-4-06.
I REQUESTED FOR THE RVR TO BE REISSUED REHEARD because
MY PROCEDURAL AND due PROCESS RIGHTS WERE VIOLATED
AND PER CCR. 3084.5(h)(2) IF due PROCESS IS VIOLATED
THE ORIGINAL disposition SHALL BE VACATED. I HAVE A RIGHT
UNDER CALIFORNIA LAW TO MAKE A STAFF COMPLAINT AND PER
DEPARTMENTAL POLICY ADMINISTRATIVE BULLETIN 98/10. 3RD,
MY ISSUE ADDRESSED IS CLEAR AND COMPREHENSIVE AND
I HAVE A RIGHT TO FREEDOM OF SPEECH, EXPRESSION AND A
RIGHT TO PETITION THE GOVERNMENT FOR RE_DRESS OF
GRIEVANCES. 4TH, I CAN REQUEST ANY ACTION I WANT
WHICH YOU HAVE A OPTION TO GRANT, PARTIALLY GRANT, OR
DENY. YOUR SCREENYING FORM WAS GENERATED IN
BAD FAITH AND APPEARS TO ATTEMPT TO SHIELD AND

* (OVER ON BACK) * ↓
↓          ↓

## INMATE APPEAL ROUTE SLIP

To: CDW/LUMAN                          Date: November 30, 2005

From: INMATE APPEALS OFFICE

Re: Appeal Log Number SVSP-D-05-04494 By Inmate HOLLIS, E37508

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: DISCIPLINARY
Due Date: 01/04/2006
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / J. LUMAN, LT
Appeals Coordinator
Salinas Valley State Prison

REC'D JAN 1 7 2006

**804 to Records:** Date:

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT                    MCPD

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | 7/2/2082 | SVSP | D6-127 | FD-05-06-0010 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3012 | Attempting to Fraud S.V.S.P. | D6-127 | 06/07/05 | hours |

**CIRCUMSTANCES**

On 06/07/05, it was noticed that Inmate HOLLIS (E-37508)(D6-127), had two Appeals pending, a first level: Log Number SVSP-D-04-04642, and a second level Log number SVSP-D-05-00965. Both Appeals were in regards to a radio. The first level stated that his radio was lost by staff when he was placed into Administrative Segregation. It was denied due to the lack of evidence at the first level. On December 30, 2004 Inmate HOLLIS was interviewed regarding his missing radio to bring closure to his appeal. At this time he still claimed that his radio was missing. On January 04, 2005 Inmate HOLLIS claims that his missing radio was damaged due to plumbing problems. This radio was, according to him missing 4 days prior in an interview. This action is clearly fraud. Inmate HOLLIS is attempting to fraud the state. Inmate HOLLIS own statement of not having a radio in his possession and then filing a 602 appeal stating that it was damaged as a result of plumbing is clearly a violation of the above CCR number. Inmate HOLLIS **is a** participant in the Mental Health Service Delivery System. At a CCCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. Celaan, Correctional Sergeant | 6-15-05 | D-Yard Sgt. | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| | 6-15-05 |

☐ INMATE SEGREGATED PENDING HEARING    DATE _____ LOC. _____

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | F | 6/10/05 | J. Celaza | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) E. Contreras | DATE 6/16/05 | TIME 1150 | TITLE OF SUPPLEMENT Depy 1st Appeal log # SVPD-04-04642 Decsn of Appeal log # SVP-D-05-00965 |
|---|---|---|---|---|

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) T. E. Perez | DATE 10/12/05 | TIME 0830 | BY: (STAFF'S SIGNATURE) Sch 3 | DATE 11/16/05 | TIME 2000 |
|---|---|---|---|---|---|---|

**HEARING**

**Plea:** Inmate HOLLIS entered a Not Guilty plea to the charges.

**Findings:** Inmate HOLLIS was found **NOT GUILTY** of CCR§ 3012, specifically "ATTEMPTING TO FRAUD", A Division "F" Offense.

**Disposition:** All charges dismissed in the interest of justice.

**Additional Disposition:** N/A

**Classification Referral:** N/A

(Disposition continued on CDC-115C)

REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| G. R. SALAZAR, CORRECTIONAL LIEUTENANT | | 10/18/05 | 0828 |

| REVIEWED BY: (SIGNATURE) T. VEAL, FACILITY CAPTAIN | DATE 11/11/05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE D. TRAVERS, A.W. | DATE 11/15/05 |
|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) Holcomb | DATE 11/16/05  TIME 1910 |

CDC 115 (7/88)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _1_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-05-06-0010 | S.V.S.P. | 10-19-05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

**Hearing:** The hearing was convened on 10-19-05, at approximately 0828 hours, when I introduced myself to Inmate HOLLIS as Lieutenant G. R. Salazar, the Senior Hearing Official for this disciplinary hearing.

**Inmate's Health:** Inmate HOLLIS stated his health was good and was ready to proceed.

**MHDS:** Inmate HOLLIS **is** a participant in the Mental Health Delivery System at the CCMS level of care. The circumstances of the RVR do not indicate that Inmate HOLLIS exhibited any bizarre behavior that would raise concern about his mental health. At the hearing, Inmate HOLLIS did not demonstrate any strange, bizarre or irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court in Coleman vs. Wilson, a mental health assessment was not initiated. Therefore, a Staff Assistant was not assigned.

**Date of Discovery:** 06-07-05         **Initial RVR copy issued on:** 06-07-05
**Hearing started on:** 10-19-05       **Last document issued to inmate on:** 06-07-05
**D.A. postponed date:** N/A            **D.A. results issued date:** N/A

**Time Constraints:** Have Not Been Met.  Heard after the 30 day time constraint.

**T.A.B.E. Score:** Inmate HOLLIS T.A.B.E. was above 4.0 and therefore did not meet the criteria for a Staff Assistance pursuant to CCR§ 3315(b)(2). Therefore before this hearing was conducted this SHO ascertain that Inmate HOLLIS was able to read and understand the contents of the RVR and associated documents. Inmate HOLLIS did not demonstrate any strange, bizarre or irrational behavior therefore a Staff Assistant was not assigned for this hearing.

**Staff Assistant (SA):** Not Assigned

**Investigative Employee (IE):** An Investigative Employee was assigned. C.O. Brewen was assigned as the Investigative Employee for this hearing and was present.

**D.A. Referral:** None.  **Evidence Requested or Used:** None.  **External/Outside Evidence:** None.  **Video Tape Evidence:** N/A.

**Inmate Plea and Statement:** Inmate HOLLIS entered a plea of **NOT GUILTY** and stated, "I request to be found not guilty in the interest of justice. Sgt. Caplan has fabricated his report, taking reprisal and retaliatory actions towards me for submitting a 602 appeal in violation of Hines vs. Gomez. All reports generated are contradictory in nature, and does not support the written rule violation report. Both property appeals addressed in the 115 does not substantiate the charges, I'm being charged with".

**Witnesses Requested or Provided:** None.  **Witness Testimony at Hearing:** None.  **Confidential Information:** None.

G. R. SALAZAR, CORRECTIONAL LIEUTENANT

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | *M.R. Salazar Lt.* | 11/10/05 |

| | | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | | 11/16/05 | 1910 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE _2_ OF _2_

| CDC NUMBER<br>E-37508 | INMATE'S NAME<br>HOLLIS | LOG NUMBER<br>FD-05-06-0010 | INSTITUTION<br>S.V.S.P. | TODAY'S DATE<br>10-13 '05 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

**Findings:** Inmate HOLLIS is found NOT GUILTY of "ATTEMPTING TO FRAUD". This finding is based upon the following preponderance of evidence:

**A.** After reviewing the Appeals submitted by Inmate HOLLIS: SVSP-D-04-4642 dated October 28, 2004. HOLLIS is alleging that his Super 3 Radio was misplaced by Facility "D" Staff. HOLLIS stated during the hearing that the radio is still missing. Appeals log # SVSP-D-05-00965 HOLLIS alleges that his legal material was damaged or destroyed by water from the drains that flooded his cell. In this appeal HOLLIS is requesting to be compensated for his damaged legal work with a Super 3 Radio with headphones or other local resources cosmetic canteen items.

**B.** It appears to this SHO that the reporting employee Sgt. Caplan believed HOLLIS was claiming his radio was damaged by the water; when in fact HOLLIS was asking for reimbursement for his damaged legal documents with a Super 3 Radio. There is no evidence to substantiate fraud. This SHO chooses to dismiss this Rules Violation report in the interest of Justice.

**Additional Disposition:** N/A

**Enemy Concerns:** None.

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal and also the policy and procedure of credit restoration per C.C.R. §3327. Inmate HOLLIS was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

G. R. SALAZAR, CORRECTIONAL LIEUTENANT

| SIGNATURE OF WRITER | | DATE SIGNED<br>11/10/05 |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED<br>11/16/05 | TIME SIGNED<br>1910 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

**SERIOUS RULES VIOLATION REPORT**

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | CCR §3012 | 6/7/05 | SVSP | FD-05-06-0010 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | |

### STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED ☐ WAIVED BY INMATE | | INMATE'S SIGNATURE ▶ N/A | DATE |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☒ REQUESTED ☐ WAIVED BY INMATE | | INMATE'S SIGNATURE ▶ Mar Hall | DATE 6-16-05 |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON AD-SEG | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:
ALL PROPERTY APPEALS R&R PROPERTY RECORDS

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER_____ ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| CC II T. VARIZ, 3 Gomez | ☐ | ☐ | | ☐ | ☐ |
| No Witnesses were Requested at the Hearing | | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

(CON'T SEE CDC-115-C)

I Requested the Reporting employee, T.VARIZ, And
CC II (A) Gomez.

Crewen, Correctional Officer

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ E. Centurus | TIME 1150 | DATE 6/16/05 |
|---|---|---|---|

CDC 115-A (7/88) — *If additional space is required use supplemental pages —* OSP 03 74845

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**
PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| B-37508 | HOLLIS | FD-05-06-0010 | SVSP | 06/29/05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER____

On 06/29/05, I was assigned as Investigative Employee for CDC-115, Log# FD-05-06-0010. I informed Inmate HOLLIS of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HOLLIS stated that he had no objections to my serving in this capacity.

**DEFENDANT'S STATEMENT:** Inmate HOLLIS (B-37508) made the following statement: "I request to be found not guilty in the interest of justice. Sgt Caplan has fabricated his report, taking reprisal and retaliatory actions towards me [submitting] a 602 appeal in violation of Hines vs. Gomez. All reports generated are contradictory in nature, and does not support the written rule violation report. Both property appeals addressed in the 115 does not substantiate the charges, I' being charged with.

**REPORTING EMPLOYEE'S STATEMENT:** On 06/29/05, I interviewed Officer Brown, regarding Inmate HOLLIS charges, and made the following statement: "On 06/07/05, it was noticed that Inmate HOLLIS (B-37508)(06-127), had two Appeals pending, a first level: Log Number SVSP-D-04-04642, and a second level Log Number SVSP-D-05-00965. Both Appeals were in regards to a radio. The first Level stated that his radio was lost by staff when he was placed into Administrative Segregation. It was denied due to the lack of evidence at the first level. On December 30, 2004 Inmate HOLLIS was interviewed regarding his missing radio to bring closure to his appeal. At this time he still claimed that his radio was missing. On January 14, 2005 Inmate HOLLIS claims that his missing radio was damaged due to plumbing problems. This radio was, according to him missing 4 days prior in an interview. This action is clearly fraud. Inmate HOLLIS is attempting to fraud the state. Inmate HOLLIS own statement of not having a radio in his possession and then filing a 602 appeal stating that it was damaged as a result of plumbing is clearly a violation of the above CCR number.

**INVESTIGATIVE EMPLOYEE'S STATEMENT:** Officer Brown made the following statement: "I interviewed all Staff and Inmate HOLLIS concerning this RVR".

**Inmate HOLLIS requested the following witnesses to be present at the disciplinary hearing.**

| NAME | POSITION | RDO'S |
|---|---|---|
| Caplan | SGT | |
| I. Variz | Appeals Cord | |
| S. Gomes | CC II (A) | |

Brown, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 8/14/05 |

| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 8/16/05 | TIME SIGNED 2000 |
|---|---|---|---|

CDC 115-C (5/95)

OSP 99 25082

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*August 4, 2005*

**HOLLIS, E37508**
*D1-220*

Log Number: SVSP-D-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*On 07/26/05 this appeal was screened and returned to you requesting that you attach the entire RVR. You returned this appeal without doing as you were instructed to.*

*Therefore, based upon your continued refusal to comply with the Appeal Cordinator's instruction is cause for cancellation of this appeal pursuant to CCR 3084.4 (b) ABUSE-failure to cooperate.*

*Also, your comments on the original screening form are not appropriate and disrespectful-you are in violation of CCR 3004 Rights and Respect of Others. This serves as your Appeal Abuse Warning.*

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

Appeals Coordinator
Salinas Valley State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*September 22, 2005*

*HOLLIS, E37508*
*D1-220*

Log Number: SVSP-D-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c).*

*The attached appeal was originally screened out as incomplete as the appellant submitted this appeal without the correct and completed documents. This appeal was returned to the appellant on the following dates: 07/26/05, 08/04/05, 08/15/05, 08/26/05 and today 09/22/05.*
*The appellant had numerous occassions to comply with the screen out form and chose not to do so. Therefore this appeal is rejected and cancelled as untimely.*

DELIVERED SEP 3 0 2005

Appeals Coordinator
Salinas Valley State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

State of California          **INMATE / PAROLEE APPEAL SCREENING FORM**          Department of Corrections and Rehabilitation
**CDCR-695**

INMATE: Hollis          CDC #: E-37508          CDC HOUSING: C3-225

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[X] Incomplete 602

[.] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
Services, submit your request on a CDCR-Form 7362.
If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
document and pencil/inks other than black or blue do
not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
**Comments:   You may write on back of this form to clarify or respond to the above.**

Hollis - you have not provided any evidence of
misconduct. The RVR you attached
was dismissed because you already have
+ pending RVR that has not been
Adjudicated.

REC'D JUN 2 8 2006

6/26/06 received / I/m alleges misconduct (retaliation)
but has provided no compelling testimony/evidence
to support the allegation.

**Eloy Medina, CC-II**
**Appeals Coordinator**

Date: 6/15/06

RET'D JUN 2 7 2006

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**              Location:  Institution/Parole Region      Log No.              Category
**APPEAL FORM**
CDC 602 (12/87)                    $SVSP$                     1. _____         _____
                                                              2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.        Staff Complaint          % Ortega

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MARVIN HOLLIS | E-37508 | N/A | C-3-225 |

**A. Describe Problem:** This complaint is filed against SALINAS VALLEY State prison WARDEN M. EVANS, and Correctional officer V. ORTEGA. Officer ORTEGA fabricated his Report RVR # FD-06-02-0041 FALSELY accusing me of violating CCR. 3005(b) obeying orders IN Retaliation And Reprisal for my use of the (CDCR) 602 prison grievance system. % ortega, false charge, INFRINGED my 1st amendment right to File prison grievances And had a chilling effect. % ortega, Retaliatory Action Advanced No Legitimate penological Interest. % ortega, Retaliation And **DELIVERED OCT 1 6 2006**    *(SEE Attachments)*

If you need more space, attach one additional sheet.

**B. Action Requested:** FOR Officer ORTEGA be Reprimand or disciplined FOR his acts of Filling False charges Against me. That I be compensated $ 2,500.00 FOR violation of my constitutional Rights. That (SVSP) STAFF Stop taking Reprisal And Retaliatory Actions Against me. That this be investigated.

Inmate/Parolee Signature: _Marvin Hollis_                          Date Submitted: 6-13-06

**C. INFORMAL LEVEL (Date Received: _____ )**                    RECEIVED JUN 15 2006
                                                                       REC'D JUN 23 2006
Staff Response: _____

                                                                       DELIVERED JUN 2 2 2006

                                                                       RET'D JUN 27 2006

Staff Signature: _____                              Date Returned to Inmate: _____

**D. FORMAL LEVEL**                                                    RECD SEP 2 9 2006
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

                                                                       A2-1
_____                                                            Rec'd
_____                                                            7/26/06
_____                                                            5/28/06

Signature: _____                                    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed              CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim               **CANCELLED**

Reprisal for my prior use of the grievance system also violated CCR. 3084.1(d) and 3391. Pursuant to CCR. 3391 (a) in part; Employees shall be alert, courteous, and professional in their dealings with inmates and irresponsible or unethical conduct or conduct Reflecting discredit on themselves or the department shall be avoided by all employees. M. Evans, breached a duty of care and treatment for me and had c/o Ortega, to willfully violate the Code of conduct. I informed c/o Ortega, also that I would be submitting a complaint against him for falsely charging me. There was no evidence at my hearing to support his false charge against me. His acts were willful, oppressive and annoying. No inmate has ever assigned to be housed in D-1-220 on the date and time in question. No (CDC)1882-B or (CDC)154 was ever generated. The hearing officer failed to document c/o Ortega dishonesty and false charges in the findings but documented something that is not comprehensive and covers up the truth and undermines the seriousness of officer Ortega, acts. c/o v. Ortega defamed me by making his false allegations against me, c/o Ortega need to be held accountable for his unlawful acts and unprofessionalizim.

804 to Records: **DS** Date: **2/23/06**

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-37508 | HOLLIS | | | SVSP | D1-220 | FD-06-02-0041 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | OBSTRUCTING A P.O. Willfully (DS) ~~A PEACE OFFICER~~ | | 02/15/06 | 1900 hours |

CIRCUMSTANCES

On 02/15/06, at approximately 1900 hours, I informed Inmate HOLLIS (E-37508, D1-220L) that he is to expected to and would be receiving a compatible cellmate, per Operational Procedure #42, signed by the Warden. This states in part..."Inmates are expected to share occupancy of living quarters, either in a dormitory setting or within an individual cell." A review of Inmate HOLLIS 114-D signed by Captain Ponder reflects that Inmate HOLLIS was cleared for double celling, as well as the Inmates 114 files reflects that Inmate HOLLIS was cleared and approved for double celling by the ICC on 10/27/05. Inmate HOLLIS refused to except the assigned compatible cellmate, stating "Nah, Go ahead and write me up. I'am cool with no cellie. Your doing me a favor by writing me up, Thanks. Your helping me out". Inmate HOLLIS was given a direct order to submit to handcuffs so the other Inmate could be placed in the cell and he refused. This refusal is in direct violation of O.P. #42.3.3 and disrupted the normal operation of the ASU. The need to compact and consolidate within the ASU is crucial to the daily operation, were the demand for bed space is critical. Inmate HOLLIS refusal to except a compatible cellmate has caused a negative impact on the ASU. Inmate HOLLIS was informed of this documentation.

Inmate HOLLIS **is a** participant in the Mental Health Services Delivery System at the CCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ V. Ortega, Correctional Officer | 2/23/06 | D1-Flr 2 | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | | 2-23-06 | CCII Hughes | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE 2/27/06 | TIME 1200 | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

**Plea:** Not Guilty.

**Findings:** Inmate HOLLIS was found NOT GUILTY of CCR §3005(b), specifically "Willfully Obstructing A P.O." a Division "D(6)" offense. This finding is based on the preponderance of evidence presented at the hearing which **does not** substantiate the charge. Inmate has pending RVR for specific act, 'Willfully Obstructing A Peace Officer' that has not been adjudicated.

**Disposition:** Dismissed In the Interest Of Justice.

**Classification Referral:** Refer to ICC for Program Review

INMATE COPY

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) N. Walker, Correctional Lieutenant | | SIGNATURE ▶ | DATE 9/24/06 | TIME 1600 |
| REVIEWED BY: (SIGNATURE) ▶ G. Lewis, Facility Captain | DATE 4/24/06 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ D. Travers, CDO | DATE 4/24/06 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | | DATE | TIME |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                       PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-06-02-0041 | SVSP | 04/16/06 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**Hearing:** 04/16/06.                **Time:** 1245 hours.           **Any Postponement Explained:** N/A.

**Inmate Plea and Statement:** Inmate HOLLIS entered a plea of Not Guilty and chose to remain silent.

**Inmate's Health:** Inmate HOLLIS claims to be in good health and prepared to proceed with the disciplinary process.

**MHSDS:** Inmate HOLLIS **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate HOLLIS exhibit any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate HOLLIS did not demonstrate any strange, bizarre, or irrational behavior. Base on this and pursuant to recent changes approved by the U.S. District Court in Coleman vs. Wilson, a Mental Health Assessment was not initiated. Consequently, a Staff Assistant was not deemed necessary.

Date of Discovery: 02/15/06.          Initial RVR copy issued on: 02/27/06.
Hearing started on: 04/16/06.         Last document issued to Inmate on: 02/27/06.
D.A. postponed date: N/A.             D.A. results issued date: N/A.

**Time Constraints:** Were not met pursuant to CCR §3320(b). The charge was not heard within 30 days from the date Inmate HOLLIS was provided with a copy of the CDC 115 form.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Investigative Employee was not assigned per CCR §3315 (d)(1)(A)

**D.A. Referral:** N/A.                                    **Evidence Requested or Used:** N/A.

**External/Outside Evidence:** N/A.                        **Video Tape Evidence:** N/A.

**Witness Requested:** No witnesses requested at the Hearing.

**Witness Testimony at Hearing:** N/A.       **Confidential Information:** N/A.       **Enemy Concerns:** N/A.

**Findings:** Inmate HOLLIS is found NOT GUILTY as charged. This finding is based upon the following preponderance of evidence:
1) The finding of NOT GUILTY was based on: Inmate has pending RVR for specific act, 'Willfully Obstructing A Peace Officer' that has not been adjudicated.

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal and also the policy pursuant CCR §3084.1. Inmate HOLLIS was advised he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

# INMATE COPY

↑         ↑

N. Walker, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED 4/21/06 |
|---|---|---|
| | GIVEN BY: (Staff's Signature) | DATE SIGNED 5-30-06 | TIME SIGNED 1300 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

STATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS
## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| B-37508 | HOLLIS | C.C.R. §3005(b) | 02/15/06 | SVSP | FD-06-02-0041 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ N/A | |

### STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☒ NOT ASSIGNED | REASON | DNMC 3315 (d)(2)(a) |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☒ NOT ASSIGNED | REASON | DNMC 3315 (d)(1)(a) |

EVIDENCE/INFORMATION REQUESTED BY INMATE: None

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INMATE COPY

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE ▶ | BY: (STAFF'S SIGNATURE) | TIME | DATE 2/27/06 |

# NOTICE OF ACTION

## FACILITY D

Date: __04/16/06__

To: Correctional Administrator, Complex II

Disciplinary Log Number ____FD-06-02-0041____

Inmate Name: ____HOLLIS____ CDC # ____E-37508____

[X] CDC 115 voided / dismissed (circle one) on this date: __04/16/06__ for the following reasons: _____

DISMISSED IN THE INTEREST OF JUSTICE.
_____

(Disciplinary log must show this action as voided and include Facility Captain's signature)

[ ] Reduce to CDC 128A or 128B (circle one) on _____ for the following reasons: _____
_____

(Once it has been classified, this must be approved by Facility Captain's signature)

[ ] Postponed Pending DA
    Date referred to DA: _____
    Incident Package #: _____
    Date inmate signed postponement request: _____
    DA contact date: _____ Current status: _____
    DA contact date: _____ Current status: _____
    (If the inmate does not request postponement in writing, there is no postponement)

[ ] Inmate transferred to another institution
    Name of institution: _____ Date of transfer: _____
    Date memo sent to new institution requesting hearing: _____
    Date follow up contact: _____ Name of contact: _____
    Date follow up contact: _____ Name of contact: _____

[ ] Other: _____
_____
_____

_____    _____
Disciplinary Officer's Signature    Date
N. Walker

_____    _____
Facility Captain's Signature    Date
G. Lewis

_____    _____
Chief Disciplinary Officer's Signature    Date
D. Travers

**State of California**                                                      **Department of Corrections**

# Memorandum

**Date**  :04/16/06

**To**   : Inmate Records
Salinas Valley State Prison

**Subject** :Attention:    Please   pull   804   and   all   related   information.
Dismissal/Not Guilty finding in CDC-115 Disciplinary Hearing.

On 04/16/06, Inmate HOLLIS, E-37508 appeared before this Senior
Hearing Officer for adjudication of CDC-115 Rules Violations
Report Log #FD-06-02-0041.    This inmate was found NOT GUILTY
and all charges were dismissed.  Please remove all documentation
pertaining to the disciplinary report from this inmates Central
File.

Pursuant to CCR §3326(a)(2), when an inmate is found not guilty
of an act charged, or the charge is dismissed for any reason,
the documents prepared for and used in the disciplinary process
shall not be placed in any file pertaining to the inmate.

N. Walker
Senior Hearing Officer
Salinas Valley State Prison

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

May 21, 2007     6-7-07     7-9-07     D8-220

**HOLLIS, E37508**
D8/220

Log Number: SVSP-D-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have failed to reasonably demonstrate that the issue you are appealing adversely affects your welfare, pursuant to CCR 3084.1(a).*

*The appellant is advised that the appeals process is not a rehearing of the disciplinary. The appeals process is a review to determine if all time constraints were met and if due process was maintained during the course of the disciplinary proceedings. The appellant has not presented any "new" evidence that was not available to him prior to his disciplinary hearing. A review of the RVR disposition shows that the appellant was afforded the opportunity to present an adequate defense and to call witnesses.   The appellant's assertions are unsubstantiated by any evidence. There is no good reason to suspect that the staff reports were contrived or that the SHO had a predetermined belief of appellant's guilt. The appellant refused to attend the hearing.*

**RET'D JUL 1 6 2007**

Appeals Coordinator

**DELIVERED JUL 3·0 2007**

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | |
| | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MARVIN HOLLIS | E-37508 | *(SHU)* | D-8-220 |

A. Describe Problem: This COMPLAINT IS filed AGAINST SALINAS VALLEY STATE PRISON Chief disciplinary OFFICER M.R MOORE JR, SENIOR hEARing OFFICER T. SELBY, And REPORTING EMPLOYEE J. BOhANAN, I WAS ChARged FOR VIOLATING CCR-3004(b) disRespect OF STAFF SERIOUS RULE VIOLATION. The hEARing WAS NOT FAIR And IMPARTIAL And my PROCEDURAL And my due PROCESS Rights WAS VIOLATED. The (SHO) ARbitRARILY FouNd me guilty ON INACCURATE INFORMATION And the guilty FINding WAS NOT based ON "SOME EVIDENCE". The ChARgE WAS

If you need more space, attach one additional sheet.     *(SEE ATTAChmENT)*

B. Action Requested: ThAT RVR#FD-03-0071 be dismissed IN the INterest OF Justice peR CCR. 3084.5(h) And 3312. OR thAT the RVR be Reduced to A A 128-A. ThAT All loss time CReditS, privileges, And Loss OF good conduct CRedit while IN (SHU) to be Restored peR D.O.M. 54100-18-3. Allowed to exhAus my AdmiNistRAtive Remedy.

Inmate/Parolee Signature: Marvin Hollis     Date Submitted: 5-17-07

RET'D JUL 02 2007

C. INFORMAL LEVEL (Date Received: _____ )     DELIVERED JUN 05 2007

Staff Response: _____     RECEIVED JUN 07 2007

RET'D JUL 16 2007

DELIVERED JUL 30 2007     RECEIVED JUL 17 2007

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

RECEIVED MAY 18 2007

804 to Records: _____ Date: _____ *Penal copy*    D8-220

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-37508 | HOLLIS | | MEPD - 7/3/2084 | SVSP | D8-220 | FD-07-03-0071 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION. | DATE | TIME |
|---|---|---|---|---|
| CCR §3004(b) | DISRESPECT OF STAFF | D8-'B' Pod | 03/26/07 | 1215 hours |

**CIRCUMSTANCES**

On 03/26/07, while performing my duties as the Dental Officer on D-facility. I went up to Inmate HOLLIS (E-37508) cell D8-220 to get him for dental, he stated "I'm not ready." I informed him he had a few minutes to get ready, because he was already given a warning. He then stated, "That's why stupid motherfucker's like you get written up." I said, "what did you say," and he said "You heard me you bitch." So I informed him that he was not going to dental, because of his hostile behavior and language. He then stated, "I'm going back to G-Yard soon and I better not see you over there." This concludes my report.

Inmate HOLLIS **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ J. Bohanan, Correctional Officer | | 4/3/07 | D-Dental Officer | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ▶ | | 4/4/07 | DATE | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | F | 4/2/07 | ▶ | ☐ HO | ☒ SHO | ☐ SC | ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | |
|---|---|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT | |
| | ▶ | | 4/4/07 | 1720 | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE / TIME |

**HEARING**

**Plea:** Inmate HOLLIS refused to attend this CDCR-115 hearing. The SHO proceeded with the hearing, entering a plea of NOT GUILTY on the Inmate's behalf.

**Findings:** Inmate HOLLIS was found GUILTY of CCR §3004(b), specifically "Disrespect Of Staff," a Division "F(3)" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (Findings Con't See CDCR-115C)

**Disposition:** Inmate HOLLIS was assessed 30 days forfeiture of credits in accordance with a Division "F(3)" offense per CCR §3323(h)(3). Inmate HOLLIS was counseled, warned, and reprimanded.

**Additional Disposition:** Inmate HOLLIS was assessed 30 days loss of privileges to begin on 05/03/07 through 06/02/07. Loss of privileges includes: Ten Days Loss Of Ad-Seg Yard Access, Family Visits, Telephone, ¼ Canteen Draw, Quarterly Package and Special Purchase.

**Classification Referral:** N/A.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | | | |
|---|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | SIGNATURE | | DATE | TIME |
| T. Selby, Correctional Lieutenant | | | ▶ | | 05/02/07 | 0915 |
| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| B. Rankin, Facility Captain | | | ▶ M. P. Moore III, CDO | | 5-1-07 | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY: (STAFF'S SIGNATURE) ▶ | | 5-11-07 | TIME |

DC 115 (7/88)

STATE OF CALIFORNIA                                                                           DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                          PAGE _1_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | PD-07-03-0071 | SVSP | 05/02/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER ____

**Hearing Date:** 05/02/07.                    **Time:** 0915 hours.                    **Any Postponement Explained:** N/A.

**Inmate Plea and Statement:** Inmate HOLLIS refused to attend this CDCR-115 hearing. The SHO proceeded with the hearing, entering a plea of NOT GUILTY on the Inmate's behalf.

**Inmate's Health:** Inmate HOLLIS refused to attend this hearing. Inmate was given an opportunity to attend, however, elected not to participate as observed and witnessed by Correctional Officers T. Bryant and R. Phillips. Inmate appears to be in good health as observed by this SHO and witnessed by Correctional Officers T. Bryant and R. Phillips. The SHO elected to proceed with this disciplinary process. (See attached CDCR-128B)

**MHOS:** Inmate HOLLIS is a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate HOLLIS exhibit any bizarre behavior that would raise concerns about his mental health. Inmate HOLLIS refused to attend the hearing, however, at cell front, Inmate HOLLIS did not demonstrate any strange, bizarre, or irrational behavior as observed and witnessed by this SHO.

**IE PROCESS:**  Date of Discovery: 03/16/07.          Hearing started on: 05/02/07.
    Initial RVR copy served on: 04/04/07.          CDCR-115-MH served on: N/A.
    Incident Package served on: N/A.              I.E. document served on: 05/01/07.
    D.A. results issued date: N/A.                Last document served on: 05/01/07.

**D.A. Referral:** This matter was not referred to the Monterey County District Attorney's Office.

**Time Constraints:** All time constraints have been met pursuant to CCR §3320(b). Inmate HOLLIS was provided a copy of the CDCR-115 within 15 days after the discovery of information leading to the charges. Hearing was held within 30 days of the date the inmate was provided a copy of the CDCR-115. Inmate HOLLIS received all documents used for this hearing 24 hours prior to the hearing.

**TABE Score:** Inmate HOLLIS TABE Reading Score was Above 4.0 as noted in the Central File.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Inmate HOLLIS requested and does meet the criteria for assignment of an Investigative Employee. Correctional Officer S. Celaya was assigned. Officer S. Celaya interviewed Inmate HOLLIS as part of the Investigative process, gathered information from witnesses, asking each witness specific questions posed by Inmate HOLLIS and follow up questions posed by I.E. for clarification purposes. Officer S. Celaya prepared her report, to include her summation of the facts, and provided a copy of the report to Inmate HOLLIS more than 24 hours prior to this hearing.

**Evidence Requested or Used:** There was no evidence requested or used.

**Internal/Outside Evidence:** N/A.                    **Video Tape Evidence:** N/A.

                                        T. Selby, Correctional Lieutenant

| (DISPO CON'T SEE CDCR-115C PAGE 2) | SIGNATURE OF WRITER | | DATE SIGNED 05/02/07 |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-07-03-0071 | SVSP | 05/02/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**Witness Requested:** Inmate HOLLIS did not request witnesses to be present at the hearing. ) ✗

**Witness Testimony at Hearing:** N/A. ) ✗                    **Confidential Information:** N/A.

**Enemy Concerns:** There was no enemy concerns related with this disciplinary hearing.

**Findings:** Inmate HOLLIS is found GUILTY as charged. This finding is based upon the following preponderance of evidence:
1) RVR Log #FD-07-03-0071, authored by Reporting Employee (R.E.) Correctional Officer R.E.XXX, which states in part:
"I went up to Inmate HOLLIS (E-37508) cell D8-220 to get him for dental, he stated "I'm not ready." I informed him he had a few minutes to get ready, because he was already given a warning. He then stated, "That's why stupid motherfucker's like you get written up." I said, "What did you say," and he said "You heard me you bitch." I informed him that he was not going to dental, because of his hostile behavior and language. He then stated, "I'm going back to C-Yard soon and I better not see you over there.""

2) Inmate HOLLIS failed to present a defense to the charges at the hearing.

**CONCLUSION:** Based on the aforementioned facts, this SHO finds the preponderance of the evidence relied upon has been met to render and sustain a finding of Guilt on the charged offense of Inmate HOLLIS violating CCR §3004(b); specifically, "Disrespect Of Staff," a Division "F(3)" offense per CCR §3323 (h)(3).

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal per CCR section §3084.1 (a). Inmate HOLLIS was informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer. Inmate HOLLIS was further advised of credit restoration per CCR §3327 and §3328.

"Traverse"-
NO Testimony From any witnesses
No evidence

T. Selby, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED 05/02/07 |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED 5/11/07 | TIME SIGNED |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | |

CDC 115-C (5/95)                                                OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-03-0071 | SVSP | 04/18/07 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER_____

On 04/18/07, I, Correctional Officer I.E. S. Celaya, was assigned as Investigative Employee for CDCR-115, Log# FD-03-0071. I informed Inmate HOLLIS of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HOLLIS stated that he had no objections to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 04/18/07, I interviewed Inmate HOLLIS (E-37508) regarding the disciplinary charges, and Inmate HOLLIS made the following statement: "I requested to be found not guilty in the interest of justice. Correctional Officer J. Bohanan falsely charged me for rule violation in retaliation and reprisal for my prior use of the (CDCR) 602 grievance procedure and exercising my First Amendment Constitutional right. The retaliation and reprisal did not serve any penological interest or institutional goal. This (RVR) was falsely generated in a attempt to cover up or justify Correctional Officer Bohanan unlawful interference with my scheduled dental appointment which cause unnecessary delay. There was no legitimate reason why Correctional Officer Bohanan canceled my scheduled dental appointment other than his personal animosity towards me. I request to be provided with a fair and impartial hearing."

**REPORTING EMPLOYEE'S STATEMENT:** On 04/18/07, I interviewed Correctional Officer J. Bohanan, regarding Inmate HOLLIS disciplinary charges, and Officer J. Bohanan, made the following statement: "See (RVR) report."

**INVESTIGATIVE EMPLOYEE'S STATEMENT:** On 04/18/07, I, Correctional Officer I.E. S. Celaya, made the following statement: "Interviewed all Staff and Inmate HOLLIS concerning this RVR".

Inmate HOLLIS requested the following witnesses and evidences to be present at the disciplinary hearing. ☐ ✗

| NAME | POSITION | RTD'S |
|---|---|---|
| Correctional Bohanan | Medical Officer | S/S |
| Dental Assistant's Staff | | |
| (SU) Sergeant | | |
| E. Officer S. Celaya | D-Recr. | Th/F |

**REQUESTED EVIDENCE:** All (CDCR) 602 complaints filed against D-Dental Officer and Staff for 2007, copy of the (ASU) signed in log dated 03/26/07 of Correctional Officer J. Bohanan entry into (ASU) and release from (ASU), and any alleged refusal forms generated for 03/26/07 of my scheduled dental appointment cancellation or 128-B's.

Inmate request denied due to confidentiality. ) ✗

*(I.E) Acted as heaning OFFICER denYing me The opportunity to present documentant mitigating evidence or evidence to prove my INNOCENCE.*

S. Celaya, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| *S. Celaya* | | 4-28-07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 5-1-7 | 0900 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | C.C.R. §3004(b) | 03/26/07 | SVSP | FD-07-03-0071 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES   ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|
| | N/A | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ► N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ► | |
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☒ NOT ASSIGNED   REASON   DNMC per Title 15 TABE 8.0 | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ► | |
| ☒ ASSIGNED   DATE 4-18-07   NAME OF STAFF S. Celaya | | |
| ☒ NOT ASSIGNED   REASON   DNMC per Title 15 | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:   NONE

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☒ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

(I.E. CON'T SEE CDCR-115-C)

s/ Celaya, 1600

s/ Celaya, Correctional Officer

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ► | |

Actual copy to the court

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ► | TIME 1600 | DATE 7-1-07 |
|---|---|---|---|

"Request" *(SVSP-D-07-02490)*
6-5-07

TO: APPEALS COORDINATOR

FROM: HOLLIS, E. 37508        D-8-220

RE: "CHALLANGE TO SCREENING FORM"

*(D.O.M. 54100.18 3 P.C. 2932(c))*

THE SCREENING FORM IS INACCURATE. I WAS denied
witnesses and my due process was violated
PER PENAL CODE 2932(c) I have A Right to appeal
the guilt Finding. PER D.O.M. 54100.18 I have A
Right to appeal the guilt Finding. THE SCREENING
FORM WAS GENERATED IN continued HARASMENT
and RETALIATION For my PRIOR USE of the grievance
procedure and being A JAILHOUSE LAWYER. THE APPEALS
coordinator IS INTENTIONALLY neglected their duty
to ASSIGN my disciplinary appeals IN accordance
to the LAW and (C.D.C.3 R) RULES. I suffered A Loss
of good time credits and privileges. I had A
Right to have the reporting employee present at my
hearing and have A FAIR and IMPARTIAL hearing.
IS my APPEAL REJECTED OR CANCELLED OR how
CAN I exhaust my administrative remedy to the
ISSUE RAISED? How can I comply FOR ASSIGNMENT?
This IS ALSO notice that A TEMPORARY RESTRAINING ORDER
will be filed IN CASE NO. HC5711 IF YOU continue to
HARASS me and RETALIATE AGAINST by REFUSING to ASSIGN
my disciplinary appeals per the LAW. *my (SHU) term)*
WAS extended on 5-17-07 due to this RVR which is A adverse effect.
I continue to suffer the adverse effect.

"Request"                              7-2-07

O: APPEALS COORDINATOR; WARDEN

Rom: Hollis, E-37508          D-8-220

The SCREENING FORM IS INACCURATE. PER D.O.M
54100.18 And PENAL Code Section 2932(c)
I have the Right to Appeal the guilty Finding.
Is my Appeal cancelled OR Rejected OR
how CAN I exhaust my administrative
Remedy ?

I suffered A loss of good time credits and
privileges which IS A adverse effect.
what IS the Instructions I need to follow to
get my appeal assigned ? I was told by
captain Rankin to use the appeals process.



State of California    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation
CDCR-695

INMATE: _Hollis_    CDC #: _E-37508_    CDC HOUSING: _D8-22U_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
Services, submit your request on a CDCR-Form 7362.
If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
document and pencil/inks other than black or blue do
not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
Comments:  You may write on back of this form to clarify or respond to the above.

no due process/procedural errors/your statements refuted by RVR.
• Appellant refused to attend hearing.
• preponderance of evidence noted by SHO
• D8-219 is typo i had no bearing on hearing.
• your attempts to make this a racial issue
has no bearing. The RVR clearly indicates
you refused all cellmates by stating "I aint
taking no cellie" "they f--- with me, I'll
f--- with them."

Eloy Medina, CC-II    Date: _4/4/07_
Appeals Coordinator

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

### PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

Request

(D)

#1

4-22-07

TO: Appeals coordinators & warden

FROM: HOLLIS, E-37508          D-8-220

RE: "Challange to screening form"

* (Inappropriate screening of my appeal) *
* (3004(21)) *

Sir, The screening form is inaccurate. I suffered loss of good time credits and privileges which is a adverse effect. The (SHO) advised me at my cell door that I have a right to appeal her disposition and findings. The body of the (RVR) clearly and comprehensively stated I refused to accept a inmate assigned to D-8-219 which the Reporting employee signed as a true and correct Report. The (SHO) had a predetermined belief and denied me my right to attend the hearing which a signed "WAIVER" was required. How can I exhaust my administrative remedy to the issue Raised in my appeal? Is my appeal rejected or cancelled? How did you come to your personal conclusions without a investigation to the issue I Raised? Please review CCR. 3084.5 (11) 3 (2) for procedural and due process violations

* (OVER ON BACK) *

Thank you!

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. SVSPd

Log No.
1. 07-01510

Category
1.

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    DIVD    FD-07-02-0084

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MARVIN HOLLIS | E-37508 | *Ad-SEG* | D-8-220 |

A. Describe Problem: This COMPLAINT IS Filed Against SALINAS VALLEY State PRISON (CDO) M.P. MOORE, (SHO) R.A. BOCCELLA, ANd SGT. R. NAVA. ON 3-21-07 I WAS denied A FAIR ANd IMPARTIAL hearing to RVR# FD-07-02-0084 ANd PROCEdURAL ANd my due PROCESS Rights WAS VIOLATEd. I WAS denied the oppoRtUNITY to be PRESENT AT my hearing ANd I did NOT SIGN A hAIVER NOR IS theiR A WAIVER IN my CENTRAL FILE INdicating that I REFUSEd to SIGN A WAIVER WhICH IS IN VIOLATION OF CCR. 3320(g)(3).

If you need more space, attach one additional sheet.    *(SEE ATTAchment)*

B. Action Requested: FOR RVR# FD-07-02-0084 to be dismissed IN the INTEREST OF JUSTICE OR ORdEREd to be REISSUEd REheARd PER CCR. 3084.5 (h)(1)³(2). That ALL Loss time CREdits ANd PRIVILEGES be REStOREd RElated to RVR# FD-07-02-0084, STOP SEGREGATING

Inmate/Parolee Signature: Marvin G. Hollis    by RACE    Date Submitted: 4-2-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

_____

~~BYPASS~~

INMATE APPEALS BRANCH    RECEIVED AUG 22 2007

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    ~~BYPASS~~    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: [     ]

4/11/07 rejected by Hrg Authority as staff complaint

\* (CONTINUED FROM SECTION (A) & (B)) \* (C)

The (SHO) arbitrarily found me guilty and her decision had no basis in fact. The hearing was unconstitutional and one sided. Non of my relevant evidence, statement to the investigating employee, or mitigating information was considered by the (SHO) at my hearing. The (SHO had a predetermined belief of me being guilty and her arbitrary guilty finding was based on personal animosity due to her being a defendant in one of my civil actions case # M71739. Per CCR 3320 (h); staff who observed, reported, classified supplied supplemental reports to, or investigated the alledged rule violation, who assisted the inmate in preparing for the hearing; or for any other rea have a predetermined belief of the inmates guilt or innoce shall' not hear the charges or be present during deliberation. to determine guilt or innocence and disposition of the charges. The reporting employee was dishonest in her repor and appeared to racially discriminate by enforcing segregation by forcing only African American prisoner to cell up. Although there was never a inmate BARNETT T-38323, assigned to D-8-219 it's clear from SGT. NAVA, written report she segregates by race which is a violation of clearly established federal law. Records will show no inmate BARNETT was ever assigned to D-8-219 which clearly show SGT. NAVA, lied in her report and to the (SHO. at the hearing.   \*(OVER ON BACK)\*

(C)

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A.A. Lamarque, R. Boccella, R. Reynaga; J. Crabtree

Does 1 to 4

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Marvin Glenn Hollis

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED

JAN 2 3 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Monterey
1200 Aguajito Rd.,
Monterey, CA 93940

**CASE NUMBER:**
*(Número del Caso):*
M71739

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marvin Glenn Hollis, E-37508
P.O. Box 1060, D-5-207 Soledad, CA 93960

J. RODRIGUEZ

| DATE: | JAN 2 3 2006 LISA M. GALDOS | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

- to Records:    Date:   _____

(2)
(B)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTION

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | ERB | SVSP | D8-113 | ED-07-02-00 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | WILLFULLY OBSTRUCTING A P.O./CELLMATE | D8-"B" Pod | 02/21/07 | 1545 hours |

**CIRCUMSTANCES**

On 02/21/07, at approximately 1545 hours, while I was assigned as D-8 Ad-Seg Sergeant, I notified Inmate HOLLI (E-37508, D8-113) that he was expected to and would be receiving a compatible cellmate. Inmate HOLLIS refused t accept a compatible cellmate by stating, "I already told Committee that I wasn't accepting a cellie. They fuck wit me, I'll fuck with them." I notified Inmate HOLLIS that he was in violation of Title 15, CCR §3005(b) and O.P. #42 The need for housing in Ad-Seg is high and his refusal to accept a compatible cellmate would obstruct the program i D-8 Ad-Seg. A review of Inmate HOLLIS CDCR-114-D indicated that he was Double Cell Approved by Captain B. Ranki on 12/02/06. I again notified Inmate HOLLIS that he was expected to and would be receiving a compatible cellmate Inmate HOLLIS refused again by stating, "I ain't taking no cellie." I was attempting to cell Inmate HOLLIS with Inmat BARNETT (T-38323, D8-219). Neither Inmate is listed on the others CDCR-812, both Inmates are Black Non-Affiliates an Double Cell approved. Inmate HOLLIS continued to refuse to accept against the compatible cellmates. Inmate HOLLI has received multiple CDCR-115's for this same behavior on 02/15/06 and 07/24/06 for Willfully Obstructing a Peac Officer/Cellmate. Inmate HOLLIS was found Guilty in both cases. Inmate HOLLIS is aware of this report.
Inmate HOLLIS is a participant in the Mental Health Services Delivery System at the CCOMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R. Nava, Correctional Sergeant | 2-25-07 | D-8 ASU Sergeant | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | D | 2/21/07 | R B. | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | |

### COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | Celaya | 3/5/07 | 1150 | C.I.E. |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | | | | | | |

**HEARING**

**Plea:** Inmate HOLLIS refused to attend this CDCR-115 hearing. The SHO proceeded with the hearing, entering a plea o NOT GUILTY on the Inmate's behalf.

**Findings:** Inmate HOLLIS was found GUILTY of CCR §3005(b), specifically "Willfully Obstructing A Peace Officer," Division "D(6)" offense. This finding is based on the preponderance of evidence presented at the hearing which do substantiate the charge. The evidence presented at the hearing included: (Findings Con't See CDCR-115C)

**Disposition:** Inmate HOLLIS was assessed 90 days forfeiture of credits in accordance with a Division "D(6)" offense pe CCR §3323(f)(6). Inmate HOLLIS was counseled, warned, and reprimanded.

**Additional Disposition:** Inmate HOLLIS was assessed 90 days loss of privileges to begin on 03/22/07 through 06/21/07 Loss of privileges includes: Ten Days Loss Of Yard (From 03/22/07 through 03/31/07), Family Visits, Telephone, ½ Canteen Draw, Quarterly Package and Special Purchase.

**Classification Referral:** N/A. Refer to ICC for Program Review and 'C' status placement.

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| R.A. Boccella, Correctional Lieutenant | | | 03/21/07 | 0915 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| B. Rankin, Facility Captain | | M. P. Moore III, CDO | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| | | | | |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTION
**RULES VIOLATION REPORT - PART C**                                                   PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-07-02-0084 | SVSP | 03/21/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER___ |

**Hearing Date:** 03/21/07.                **Time:** 0915 hours.                **Any Postponement Explained:** N/A.

**Inmate Plea and Statement:** Inmate HOLLIS refused to attend this CDCR-115 hearing. The SHO proceeded with the hearing entering a plea of NOT GUILTY on the Inmate's behalf.

**Inmate's Health:** Inmate HOLLIS refused to attend this hearing. Inmate was given an opportunity to attend, however elected not to participate, stated to Correctional Officers D. Ramos and Tran "I am cool." Inmate appears to be in good health as observed by this SHO and witnessed by Officers D. Ramos and Tran. The SHO elected to proceed with the disciplinary process (See attached CDCR-1288).

**MHSDS:** Inmate HOLLIS **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care. The circumstances of the RVR do not indicate that Inmate HOLLIS exhibit any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate HOLLIS did not demonstrate any strange, bizarre, or irrational behavior.

**DUE PROCESS:**   Date of Discovery: 02/21/07.               Hearing started on: 03/21/07.
                   Initial RVR copy served on: 02/25/07.       CDCR-115-MH served on: N/A.
                   Incident Package served on: N/A.            I.E. document served on: 02/27/07.
                   D.A. results issued date: N/A.              Last document served on: 02/27/07.

**D.A. Referral:** This matter was not referred to the Monterey County District Attorney's Office.

**Time Constraints:** All time constraints have been met pursuant to CCR §3320(b). Inmate HOLLIS was provided a copy of the CDCR-115 within 15 days after the discovery of information leading to the charges. Hearing was held within 30 days of the date the inmate was provided a copy of the CDCR-115. Inmate HOLLIS received all documents used for this hearing 24 hours prior to the hearing.

**TABE Score:** Inmate HOLLIS TABE Reading Score was Above 4.0 as noted in the Central File.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A). Due to Inmate HOLLIS's refusal to attend and/or participate in this RVR hearing, Officer D. Ramos will later inform Inmate HOLLIS of the results/outcome of the Disposition.

**Investigative Employee (IE):** Inmate HOLLIS requested and does meet the criteria for assignment of an Investigative Employee. Correctional Officer J. Spaulding was assigned. Officer J. Spaulding interviewed Inmate HOLLIS as part of the investigative process, gathered information from witnesses, asking each witness specific questions posed by Inmate HOLLIS and follow up questions posed by I.E. for clarification purposes. Officer J. Spaulding prepared his report to include his summation of the facts, and provided a copy of the report to Inmate HOLLIS more than 24 hours prior to this hearing.

**Evidence Requested or Used:** Inmate HOLLIS requested the CDCR-1882 and CDCR-154 as evidence to be present at the hearing. SHO Denied, there was none generated. Inmate HOLLIS refused to ever exit his cell to talk to several Inmates that were compatible.

                                    R.A. Boccella, Correctional Lieutenant

| (DISPO CON'T SEE CDCR-115C PAGE 2) | SIGNATURE OF WRITER | | DATE SIGNED 03/21/07 |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTION

**RULES VIOLATION REPORT - PART C**                                            PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-07-02-0084 | SVSP | 03/21/07 |

☐ SUPPLEMENTAL  ☒☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

**External/Outside Evidence:** N/A.          **Video Tape Evidence:** N/A.          **Confidential Information:** N/A.

**Witness Requested:** Inmate HOLLIS **did** request Reporting Employee Sergeant R. Nava as witness to be present at the hearing; SHO Granted.

**Witness Testimony at Hearing:** Reporting Employee Sergeant R. Nava stated at the hearing that "Inmate HOLLIS refused to submit to cuffs to even talk to anyone. There was no CDCR-1882 and CDCR-154 because Inmate HOLLIS refused to accept any cellie, before I could not initiate move and forms."

**Enemy Concerns:** There was no enemy concerns related with this disciplinary hearing.

**Findings:** Inmate HOLLIS is found GUILTY as charged. This finding is based upon the following preponderance of evidence:
1) RVR Log #FD-07-02-0084, authored by Reporting Employee (R.E.) Correctional Sergeant R. Nava:

a) Reporting Employee Sergeant R. Nava informed Inmate HOLLIS (E-37508) that he was expected to and would be receiving a compatible cellmate per O.P. #42 signed by the Warden.

b) Sergeant R. Nava was an eyewitness to Inmate HOLLIS refusing to accept a compatible cellmate, by stating "I already told Committee that I wasn't accepting a cellie. They fuck with me, I'll fuck with them."

c) Sergeant R. Nava informed Inmate HOLLIS that his excuses were not acceptable, Inmate HOLLIS refused again, stating "I ain't taking no cellie."

d) A review of Inmate HOLLIS CDCR-114D indicated that he was double cell approved by Captain B. Rankin on 12/02/06.

e) Sergeant R. Nava was attempting to house Inmate HOLLIS with Inmate BARNETT (T-38323).

2) Inmate HOLLIS failed to provide a defense to the charges on his behalf.

**CONCLUSION:** Based on the aforementioned facts, this SHO finds the preponderance of the evidence relied upon has been met to render and sustain a finding of Guilt on the charged offense of Inmate HOLLIS violating CCR §3005(b), specifically, "Willfully Obstructing A Peace Officer," a Division "D(6)" offense per CCR §3323(f)(6).

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal per CCR section §3084.1 (a). Inmate HOLLIS was informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer. Inmate HOLLIS was further advised of credit restoration per CCR §3327 and §3328.

R.A. Boccella, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED 03/21/07 |
|---|---|---|
| | GIVEN BY: (Staffs Signature) | DATE SIGNED 3/29/ |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | TIME SIGNED |

CDC 115-C (5/95)                                                                    OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | C.C.R. §3005(b) | 02/21/07 | SVSP | FD-07-02-0084 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ► N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ► | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |
| ☒ NOT ASSIGNED | REASON DNMC per Title 15 Sec. 3315 - GPL: 8 | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ REQUESTED ☐ WAIVED BY INMATE | ► | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☒ ASSIGNED | 2-26-07 | J. Spaulding |
| ☒ NOT ASSIGNED | REASON ~~DNMC per Title 15, Sec. 3315~~ | |

EVIDENCE / INFORMATION REQUESTED BY INMATE: None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☒ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

(I.E. CON'T SEE CDCR-115-C)

J. Spaulding, Correctional Officer

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ► | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | ► S. Celaya | 1150 | 2/25/07 |

CDC 115-A (7/88) — *If additional space is required use supplemental pages* — OSP 03 748

YROUND # 2
(A)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTION

PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-07-02-0084 | SVSP | 02/26/07 |

☐ SUPPLEMENTAL ☒☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒☒ IE REPORT ☐ OTHER_____

On 02/26/07, I, Correctional Officer J. Spaulding was assigned as Investigative Employee for CDCR-115, Log FD-07-02-0084. I informed Inmate HOLLIS of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HOLLIS stated that he had no objections to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 02/26/07, I interviewed Inmate HOLLIS (E-37508) regarding the disciplinary charges, and Inmate HOLLIS made the following statement: "I request to be found not guilty in the interest of justice. There is not an inmate BARNETT assigned to D8-219 as addressed in the written report. There was not a CDCR-1882-B or CDCR-154 generated on 02/21/07 for an inmate to be assigned to my cell. I'm currently deemed a threat to the safety and security to the institution, staff and other inmates and I'm currently assigned walk-alone status by ICC Committee. I request CDCR-1882-B or CDCR-154 to be evidence at hearing."

**REPORTING EMPLOYEE'S STATEMENT:** On 02/26/07, I interviewed Correctional Sergeant R. Nava, regarding Inmate HOLLIS disciplinary charges, and Sergeant R. Nava, made the following statement: "Inmate HOLLIS refused to take a compatible cellie and stated that he told Committee that he would not accept a cellmate."

**INVESTIGATIVE EMPLOYEE'S STATEMENT:** On 02/26/07, I, Correctional Officer J. Spaulding made the following statement: "I interviewed all Staff and Inmate HOLLIS concerning this RVR". (INMATE BARNETT WAS NOT INTERVIEWED.)

Inmate HOLLIS requested the following witnesses to be present at the disciplinary hearing.

| NAME | POSITION | RDO'S |
|---|---|---|
| Sergeant R. Nava | D-Program Sgt | F/S |

Request CDCR1882-B or CDCR-154 to be evidence at hearing.

J. Spaulding, Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 2/27/07 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| S. Celaya | 2/27/07 | 1130 |

☑ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 2508