# ATTACHMENTS

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  CYNTHIA C. FRITZ, State Bar No. 200147
   Deputy Attorney General
6  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
7  Telephone: (415) 703-5793
   Fax: (415) 703-5483
8  Email: Cynthia.Fritz@doj.ca.gov

9  Attorneys for Defendant E. Medina

10

11                    IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                            SAN FRANCISCO

14
   **MARVIN G. HOLLIS,**                                C 07-2980 THE (PR)
15
                                        Plaintiff,      **DEFENDANT MEDINA'S**
16                                                      **RESPONSE TO PLAINTIFF'S**
                   v.                                   **REQUEST FOR**
17                                                      **ADMISSIONS, SET NUMBER**
   **ELOY MEDINA,**                                     **ONE**
18
                                        Defendants.
19

20  **PROPOUNDING PARTY:** Marvin Glenn Hollis, Plaintiff

21  **RESPONDING PARTY:**    Eloy Medina, Defendant

22  **SET NO:**              One

23        TO PLAINTIFF MARVIN GLENN HOLLIS IN PRO PER:

24        Under Rule 36 of the Federal Rules of Civil Procedure, Defendant Medina (Defendant)

25  submits the following responses to Plaintiff's First Request for Admissions.

26  / / /

27  / / /

28  / / /

Def. Medina's Resp. Pl.'s Req. Adm's, Set One                    M. Hollis v. E. Medina, et al.
                                                                 C 07-2980 TEH (PR)

                                        1

1 | **REQUEST FOR ADMISSIONS NO. 1:**

2 Admit that on December 25, 2006 I submitted a (CDC&R) 602 appeal challenging a guilty

3 finding to Rules Violation Report #C06-03-0012R, to (SVSP) Appeals office.

4 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

5 Defendant objects to this request on the grounds that it is vague, ambiguous, and over-broad

6 as written. Without waiving the above objections, Defendant made a reasonable inquiry and the

7 information known or readily obtainable is insufficient to enable Defendant to admit or deny.

8 Defendant has no knowledge of when Plaintiff submitted an appeal. An appeal challenging

9 Rules Violation Report (RVR) C06-03-0012R was received in the appeals office on December

10 | 27, 2006.

11 | **REQUEST FOR ADMISSIONS NO. 2:**

12 Admit that on January 2, 2007 you generated a (CDC&R) 695 inmate screening form

13 screening out my (CDC&R) 602 I submitted on December 25, 2006 to the (SVSP) Appeals

14 | office.

15 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

16 Defendant objects to this request on the grounds that it is vague, ambiguous, cumulative,

17 compound, and over-broad as written. Without waiving the above objections, Defendant made a

18 reasonable inquiry and the information known or readily obtainable is insufficient to enable

19 Defendant to admit or deny. Defendant has no knowledge of when Plaintiff submitted an appeal.

20 An appeal challenging C06-03-0012R was received in the appeals office on December 27, 2006.

21 Defendant admits generating a screening form on January 2, 2007 noting that the RVR appeal

22 was untimely according to the inmate appeals tracking system (IATS).

23 | **REQUEST FOR ADMISSIONS NO. 3:**

24 Admit that on February 23, 2007 you generated a (CDC&R) 695 inmate screening form

25 screening out my (CDC&R) 602 appeal I submitted to (SVSP) Appeals office dated December

26 | 25, 2006. (Fed. R.E. 1001 term generated).

27 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

28 Defendant objects to this request on the grounds that it is vague, ambiguous, cumulative,

Def. Medina's Resp. Pl.'s Req. Adm's, Set One    M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)

2

1  compound, and over-broad as written. Without waiving the above objections, Defendant made a
2  reasonable inquiry and the information known or readily obtainable is insufficient to enable
3  Defendant to admit or deny. Defendant has no knowledge of when Plaintiff submitted the
4  appeal. An appeal challenging RVR C06-03-0012R was received in the appeals office on
5  December 27, 2006. Defendant admits generating an inmate screening form on February 23,
6  2007 regarding an appeal challenging RVR C06-03-0012R, according to IATS.

7  **REQUEST FOR ADMISSIONS NO. 4:**

8      Admit that on March 7, 2007 you generated a (CDC&R) 695 inmate screening form
9  screening out my (CDC&R) 602 appeal I submitted to the (SVSP) Appeals office dated
10  December 25, 2006. (Fed. R. R. 1001 term generated)

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

12      Defendant objects to this request on the grounds that it is vague, ambiguous, cumulative,
13  compound and over-broad as written. Without waiving the above objections, Defendant made a
14  reasonable inquiry and the information known or readily obtainable is insufficient to enable
15  Defendant to admit or deny. Defendant has no knowledge of when Plaintiff submitted an appeal.
16  An appeal challenging C06-03-0012R was received in the appeals office on December 27, 2006.
17  Defendant denies generating a screening form on March 7, 2007, as IATS does not reflect that
18  information.

19  **REQUEST FOR ADMISSIONS NO. 5:**

20      Admit that on March 26, 2007 you generated a (CDC&R) 695 inmate screening form
21  screening out my (CDC&R) 602 Appeal I submitted to the (SVSP) Appeals office dated
22  December 25, 2006. (Fed. R.E. 1001 term generated).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

24      Defendant objects to this request on the grounds that it is vague, ambiguous, cumulative,
25  compound, and over-broad as written. Without waiving the above objections, Defendant made a
26  reasonable inquiry and the information known or readily obtainable is insufficient to enable
27  Defendant to admit or deny. Defendant has no knowledge of when Plaintiff submitted an appeal.
28  An appeal challenging C06-03-0012R was received in the appeals office on December 27, 2006.

Def. Medina's Resp. Pl.'s Req. Adm's, Set One    M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)

3

1 | Defendant admits generating a screening form on March 26, 2007, according to IATS.

2 | **REQUEST FOR ADMISSIONS NO. 6:**

3 | Admit that the final copy of RVR# C06-03-0012R reveals that I was issued my final copy of

4 | RVR# C06-03-0012R on December 11, 2006.

5 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

6 | Defendant objects to this request on the grounds that it is vague, and over-broad as written.

7 | Without waiving the above objections, Defendant made a reasonable inquiry and the information

8 | known or readily obtainable is insufficient to enable Defendant to admit or deny. Defendant has

9 | no knowledge of when Plaintiff submitted an appeal. An appeal challenging C06-03-0012R was

10 | received in the appeals office on December 27, 2006. Defendant denies that the issuance date

11 | was December 11, 2006. According to IATS, the issuance date was December 1, 2006.

12 | **REQUEST FOR ADMISSIONS NO. 7:**

13 | Admit that I referred to you as a stupid idiot in my response to the (CDC&R) 695 screening

14 | form dated June 30, 2006.

15 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

16 | Defendant objects to this request as vague, ambiguous, over-broad, harassing, compound,

17 | and not related to any defenses or claims in this case. Without waiving the above objections,

18 | Defendant denies this request because IATS does not reflect that a screening order was generated

19 | on June 30, 2006.

20 | **REQUEST FOR ADMISSIONS NO. 8:**

21 | Admit that I referred to you as "You stupid asshole" in my response to the (CDC&R) 695

22 | inmate screening form you generated on July 7, 2006.

23 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

24 | Defendant objects to this request as vague, ambiguous, over-broad, harassing, compound,

25 | and not related to any defenses or claims in this case. Without waiving the above objections,

26 | Defendant denies this request because IATS does not reflect that a screening order was generated

27 | on July 7, 2006.

28 | ///

Def. Medina's Resp. Pl.'s Req. Adm's, Set One

M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)

4

1 **REQUEST FOR ADMISSIONS NO. 9:**

2       Admit that I submitted a (CDC&R) inmate 602 appeal form against you dated July 25, 2006

3 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

4       Defendant objects to this request on the grounds that it is vague, ambiguous, over-broad as

5 written, and not related to any defenses or claims in this case. Without waiving the above

6 objections, Defendant made a reasonable inquiry and the information known or readily

7 obtainable is insufficient to enable Defendant to admit or deny. Defendant has no knowledge of

8 when Plaintiff submitted an appeal. An appeal was received on July 31, 2006 regarding the

9 processing of appeals according to IATS.

10 **REQUEST FOR ADMISSION NO. 10:**

11       Admit that I submitted a (CDC&R) inmate 602 appeal form against you dated March 29,

12 2007.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

14       Defendant objects to this request as vague, ambiguous, over-broad, and not related to any

15 defenses or claims in this case. Without waiving the above objections, Defendant made a

16 reasonable inquiry and the information known or readily obtainable is insufficient to enable

17 Defendant to admit or deny. Defendant has no knowledge of when Plaintiff submitted an appeal.

18 Defendant admits that a (CDC&R) inmate 602 appeal was received on March 30 regarding a

19 complaint against Defendant.

20 **REQUEST FOR ADMISSION NO. 11:**

21       Admit that the attached documents on exhibit (A) is genuine documents.

22 **RESPONSE TO ADMISSION NO. 11:**

23       Defendant objects to this request as vague, ambiguous, over-broad, compound, and not

24 related to any defenses or claims in this case. Without waiving the above objections, Defendant

25 responds as follows: Deny. The appeals office does not generally retain copies of appeals that

26 are screened. Therefore, Defendant cannot verify the guenuiness of the documents attached to

27 the Request for Admissions, Set One, as Exhibit A.

28 ///

Def. Medina's Resp. Pl.'s Req. Adm's, Set One                    M. Hollis v. E. Medina, et al.
                                                                            C 07-2980 TEH (PR)

1 | **REQUEST FOR ADMISSION NO. 12:**

2 | Admit that during the time period of your assignment as Appeals Coordinator at (SVSP)
3 | you have canceled several of my (CDC&R) 602 appeals by generating (CDC&R) 695 inmate
4 | screening forms. (Fed. R.E. 1001 term generated).

5 | **RESPONSE TO REQUEST FOR ADMISSION. 12:**

6 | Defendant objects to this request as vague, ambiguous as to the term "several", over-broad,
7 | compound, and not related to any defenses or claims in this case. Without waiving the above
8 | objections, Defendant cannot admit or deny based upon the vague and ambiguous nature of the
9 | question.

10 | **REQUEST FOR ADMISSION NO. 13:**

11 | Admit that I notified you by requests that my (CDC) 602/Appeal submitted on December
12 | 25, 2006 was timely submitted within 14 days of receiving my final copy of RVR # C06-03-
13 | 0012R.

14 | **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

15 | Defendant objects to this request as vague, ambiguous, over-broad, as to time and as
16 | written, cumulative, and not related to any defenses or claims in this case. Without waiving the
17 | above objections, Defendant responds as follows: Deny.

18 | **REQUEST FOR ADMISSION NO. 14:**

19 | Admit that you received notice from me in the form of a written signed note from Officer
20 | Verumen attached to my written request dated 3-13-07 challenging your (CDC&R) 695 inmate
21 | screening form dated 3-7-07.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

23 | Defendant objects to this request on the grounds that it is vague, ambiguous, cumulative,
24 | compound and over-broad as written. Without waiving the above objections, Defendant
25 | responds as follows: Defendant denies generating a screening form on March 7, 2007, as IATS
26 | does not reflect that this occurred. Defendant denies receiving a notice from Plaintiff in the form
27 | of a written signed note from Officer Verumen attached to a written request dated March 13,
28 | 2007.

Def. Medina's Resp. Pl.'s Req. Adm's, Set One                    M. Hollis v. E. Medina, et al.
                                                                C 07-2980 TEH (PR)

6

1 | **REQUEST FOR ADMISSIONS NO. 15:**

2 |    Admit that you wrote different reasons in your responses in the (CDC&R) 695 inmate

3 | screening forms as attached as exhibit (A) to screen out cancel my (CDC&R) appeal dated

4 | December 25, 2006.

5 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 15:**

6 |    Defendant objects to this request on the grounds that it is vague, ambiguous, cumulative,

7 | compound, over-broad as written and as to time, not related to any defenses or claims in this

8 | case. Without waiving the above objections, Defendant responds as follows: Deny.

9 | **REQUEST FOR ADMISSION NO. 16:**

10 |    Admit that on July 19, 2006 you canceled my (CDC&R) 602 Appeal by completing a

11 | (CDC&R) 695 inmate screening form because I referred to you as "A stupid idiot".

12 | **RESPONSE TO REQUEST FOR ADMISSION NO: 16:**

13 |    Defendant objects to this request on the grounds that it is vague, ambiguous, harassing,

14 | cumulative, over-broad as written, not related to any defenses or claims in this case. Without

15 | waiving the above objections, Defendant responds as follows: Deny. The staff complaint for

16 | conspiracy received on June 23, 2006 was canceled due to inappropriate statements and

17 | Plaintiff's refusal to cooperate.

18 | **REQUEST FOR ADMISSIONS NO. 17:**

19 |    Admit that on July 19, 2006 you canceled my (CDC&R) 602 appeal by completing a

20 | (CDC&R) 695 inmate screening form because I referred to you as "You stupid asshole".

21 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 17:**

22 |    Defendant objects to this request on the grounds that it is vague, ambiguous, harassing,

23 | cumulative, and over-broad as written, and not related to any defenses or claims in this case.

24 | Without waiving the above objections, Defendant responds as follows: Deny. The UCC/ICC

25 | appeal received on July 6, 2006 was canceled due to incomplete and inappropriate language.

26 | **REQUEST FOR ADMISSIONS NO. 18:**

27 |    Admit that from the time period of your assignment as Appeals Coordinator until October

28 | 23, 2007, none of my (CDC&R) 602 appeals submitted to the (SVSP) Appeals Coordinators

Def. Medina's Resp. Pl.'s Req. Adm's, Set One                                   M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)

7

1 | against you was accepted and assigned for a investigation and response.

2 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 18:**

3 |     Defendant objects to this request on the grounds that it is vague, ambiguous, cumulative,
4 | and over-broad as written and as to time, and not related to any defenses or claims in this case.
5 | Defendant further objects on the basis that it calls for information protected by the official
6 | information privilege. Without waiving the above objections, Defendant made a reasonable
7 | inquiry and the information known or readily obtainable is insufficient to enable Defendant to
8 | admit or deny. Investigations of employees can be done without the knowledge of the employee
9 | and therefore, Defendant does not have personal knowledge and is unable to admit or deny.

10 | **REQUEST FOR ADMISSIONS NO. 19:**

11 |     Admit that you were on duty on March 30, 2007 at your assignment in the (SVSP) appeals
12 | office.

13 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 19:**

14 |     Defendant objects to this request on the grounds that it is vague, ambiguous, and over-broad
15 | as written, not relevant, and not related to any defenses or claims in this case. Without waiving
16 | the above objections, the Defendant responds as follows: Admit.

17 | **REQUEST FOR ADMISSIONS NO. 20:**

18 |     Admit that you were on duty on April 11, 2007 at your assignment in the (SVSP) appeals
19 | office.

20 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 20:**

21 |     Defendant objects to this request on the grounds that it is vague, ambiguous, and over-broad
22 | as written, and not related to any defenses or claims in this case. Without waiving the above
23 | objections, the Defendant responds as follows: Admit.

24 | **REQUEST FOR ADMISSIONS NO. 21:**

25 |     Admit that from the time period of December 1, 2006 through April 11, 2007 you were
26 | responsible for reviewing appeals submitted by inmates housed at Complex II at (SVSP).

27 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 21:**

28 |     Defendant objects to this request on the grounds that it is vague, ambiguous, and over-broad

Def. Medina's Resp. Pl.'s Req. Adm's, Set One      M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)

8

1  as written, not relevant, and not related to any defenses or claims in this case. Without waiving

2  the above objections, the Defendant responds as follows: Admit.

3  **REQUEST FOR ADMISSIONS NO. 22:**

4      Admit that on March 26, 2007 you had information from me in the form of a written

5  documentation that my (CDC&R) 602 appeal submitted on December 25, 2006 was timely.

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 22:**

7      Defendant objects to this request as vague, ambiguous, cumulative, compound, asked and

8  answered (see request 14), over-broad as written, and not related to any defenses or claims in this

9  case. Without waiving the above objections, Defendant denies receiving a notice from Plaintiff

10  in the form of a written signed note from Officer Verumen attached to a written request dated

11  March 13, 2007. Defendant made a reasonable inquiry and the information known or readily

12  obtainable is insufficient to enable Defendant to admit or deny. Defendant has no knowledge of

13  when Plaintiff submitted an appeal. An appeal challenging Rules Violation Report (RVR) C06-

14  03-0012R was received in the appeals office on December 27, 2006.

15  **REQUEST FOR ADMISSIONS NO. 23:**

16      Admit that you did not contact (SVSP) Facility "C" disciplinary officer Verumen after you

17  received written documentation from me that officer Verumen was the officer who issued me my

18  final copy on 12-11-06 for RVR#C06-03-0012R.

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 23:**

20      Defendant objects to this request as vague, ambiguous, cumulative, compound, over-broad

21  as to time and as written, and related to any defenses or claims in this case. Without waiving the

22  above objections, Defendant responds as follows: Deny.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Def. Medina's Resp. Pl.'s Req. Adm's, Set One                M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)

9

1 | Defendant denies receiving a notice from Plaintiff in the form of a written signed note from

2 | Officer Verumen attached to a written request dated March 13, 2007.

3 | Dated: March 4, 2008

4 |

5 |                                              Respectfully submitted,

6 |                                              EDMUND G. BROWN JR.
                                                 Attorney General of the State of California

7 |                                              DAVID S. CHANEY
                                                 Chief Assistant Attorney General

8 |                                              FRANCES T. GRUNDER
                                                 Senior Assistant Attorney General

9 |                                              MICHAEL W. JORGENSON
                                                 Supervising Deputy Attorney General

10 |

11 |

12 |

13 |                                              CYNTHIA C. FRITZ

14 |                                              Deputy Attorney General
                                                 Attorney for Defendant Medina

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Def. Medina's Resp. Pl.'s Req. Adm's, Set One                     M. Hollis v. E. Medina, et al.
                                                                                  C 07-2980 TEH (PR)

10

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **M. Hollis v. E. Medina, et al.**

No.:    **C 07-2980 THE (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **March 5, 2008**, I served the attached

### DEFENDANT MEDINA'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET NUMBER ONE

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Marvin G. Hollis, E-37508**
**High Desert State Prison**
**P. O. Box 3030, D-5-228**
**Susanville, CA 96127**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 5, 2008**, at San Francisco, California.

| | |
|---|---|
| T. Oakes | |
| Declarant | Signature |

40225598.wpd

| | | Number:<br><br>05-03 |
|---|---|---|
|  | **Department of Corrections and Rehabilitation**<br><br>## ADMINISTRATIVE BULLETIN<br><br>**Subject:** PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT | Date:<br><br>**November 22, 2005** |
| | | |

The purpose of this Administrative Bulletin (AB) is to announce changes in how Adult Inmate/Parolee Appeals, California Department of Corrections (CDC) Form 602, specifically those identified as Staff Complaints, will be handled. All inmate complaints which allege any misconduct by a staff member will continue to be logged by the Appeals Coordinator (AC) as a Staff Complaint, Category 7. Procedures for processing staff complaint appeals shall be as follows:

1. The AC will ensure that all appeals alleging staff misconduct are logged as Staff Complaints.

2. If an appeal alleges staff misconduct involving excessive or inappropriate use of force, the allegation will be addressed pursuant to the procedures prescribed in the Use of Force Policy (including an immediate videotaped interview, if one has not already been completed).

3. When an appeal is received which alleges staff misconduct and also includes issues such as property complaints, disciplinary actions, etc., the AC will inform the inmate/parolee in writing that the appeal will be addressed as a Staff Complaint and that the other appeal issues must be appealed separately. **Appeals alleging staff misconduct will be addressed separately and will not be combined with other appeal issues.**

4. All staff complaint appeals shall be presented by the AC to the Hiring Authority or designee, no less than weekly. The Hiring Authority designee shall not be below the level of Chief Deputy Warden, Deputy Regional Administrator (Parole), or comparable level.

5. The Hiring Authority will review the complaint and make the appropriate determination as outlined in item Number 7 of this AB. The Hiring Authority will then make the appropriate notation on the Determination of Staff Complaint form (Attachment A). When an inmate/parolee files a complaint that is determined by the Hiring Authority to be a staff complaint, the employee shall be notified of the filing as soon as possible, pursuant to Department Operations Manual (DOM), Section 54100.25.2 and any applicable Bargaining Unit agreements. A Chronological Tracking Worksheet (Attachment B) will be prepared and attached as a cover to each Determination of Staff Complaint form.

6. The California Code of Regulations (CCR), Title 15, Section 3084.1 (e) states in part "......An appeal alleging misconduct by a departmental peace officer as defined in Section 3291(b) shall be accompanied by a Rights and Responsibility Statement as shown in Section 3391(d). Failure to submit this form will be cause for rejecting the appeal in accordance with Section 3084.3(c)(5) "......If an appeal alleging misconduct by a departmental Peace Officer is received without the Rights and Responsibilities Statement, it shall be processed as indicated above and the Rights and



| Department of Corrections and Rehabilitation<br><br>**ADMINISTRATIVE BULLETIN**<br><br>Subject:   **PROCESSING OF ADULT**<br>**INMATE/PAROLEE APPEALS,**<br>**CDC FORM 602, WHICH**<br>**ALLEGE STAFF MISCONDUCT** | **Number:**<br>       **05-03** |
|---|---|
| | **Date:**<br>       November 22, 2005 |
| | |

- 2 -

Responsibilities Statement shall be obtained from the inmate/parolee at the time of his/her appeal interview. If the inmate/parolee refuses to sign the Rights and Responsibilities Statement, the appeal shall be canceled pursuant to CCR Section 3084.4, Lack of Cooperation. A cancellation of an appeal for this reason shall not preclude the initiation or continuation of any other inquiry or investigation of the matter. If cancelled, the AC shall forward a copy of the appeal to the Hiring Authority, or designee, for determination and possible referral for further inquiry or to request investigation by the Office of Internal Affairs.

7.  The Hiring Authority, or designee, shall review all staff complaint allegations and determine if:

   a.  **The allegation warrants a request for Internal Affairs investigation.** When an allegation warrants a request for an Internal Affairs investigation, the AC shall bypass the First Level of Review, respond at the Second Level of Review, and note that the appeal was granted or partially granted consistent with the requested action of the appellant (generic language sample provided below). The AC will then refer the case for an Internal Affairs investigation as instructed by the Hiring Authority. When a determination is made by the Hiring Authority to refer an inmate staff complaint for an Internal Affairs investigation, an Internal Affairs Investigation Request (CDC Form 989) will be completed and forwarded to the Office of Internal Affairs, Central Intake Unit, with all accompanying information and documentation related to the allegation. The following is suggested appeal response language:

      *"Your allegation(s) of staff misconduct has been referred for investigation. Pursuant to state law, the results of any investigation of staff misconduct shall not be released to the public, inmates/parolees, or other staff. You will be notified only of the conclusion of the investigation."*

   b.  **The allegation does not warrant a request for Internal Affairs investigation.** The AC shall be instructed to assign the appeal for a First Level Response. Appeals alleging staff misconduct that do not warrant an Internal Affairs investigation as determined by the Hiring Authority or designee, will be handled in the following manner:

   •   If the Appeal Inquiry is to be completed without an Internal Affairs referral, a Confidential Supplement to Appeal, Appeal Inquiry (Attachment C), will be completed by the reviewer in addition to the First Level Review Response to the inmate/parolee. This



| | Department of Corrections and Rehabilitation | Number: 05-03 |
|---|---|---|
| | **ADMINISTRATIVE BULLETIN** | **Date:** November 22, 2005 |
| | Subject: **PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT** | |
| | | |

- 3 -

confidential report is in a standardized format that summarizes the review and includes a determination of the findings concerning the allegation.

The confidential report will be maintained with the First Level Appeal Response by the AC pursuant to DOM, Section 54100.25.3. A standardized format has been developed for documenting staff complaint appeals, and will be used for all confidential supplements. **Inmates/Parolees will not be provided a copy of this confidential supplement.**

- The assigned reviewer will read the allegation and interview the appellant. After interviewing the appellant, any other pertinent staff or inmate/parolee witnesses will be interviewed.

- After completing the interviews with all pertinent witnesses, and if necessary to reach a determination, the subject(s) of the staff complaint may be interviewed by a person trained to conduct administrative interviews. The subject of the alleged complaint will be served with a Notice of Interview (see sample Attachment D) at least 24 hours prior to the interview. The Notice of Interview is to be signed by the subject, and if the subject chooses to waive the 24-hour requirement, he/she must indicate this wish on the notice. If waived, the subject may be interviewed immediately.

*If at any time during the course of the appeal inquiry the reviewer discovers information indicating that serious misconduct (conduct that would likely lead to adverse personnel action) may have taken place, the reviewer will refrain from further interviewing of any staff or inmates/parolees regarding the matter. The reviewer will immediately bring this information to the Hiring Authority for further review. The Hiring Authority will then determine if the reviewer will continue the inquiry or if the matter will be referred for consideration of an Internal Affairs investigation.*

8. The Hiring Authority shall ensure the total number of staff complaints received, the number referred for Internal Affairs investigation, and the number that were not referred for Internal Affairs investigation are included in the quarterly report required by DOM, Section 54100.27.

| | | Number: |
|---|---|---|
|  | **Department of Corrections and Rehabilitation** | **05-03** |
| | **ADMINISTRATIVE BULLETIN** | **Date:** |
| | **Subject:**  PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT | November 22, 2005 |
| | | |

- 4 -

Please inform all persons concerned that this bulletin supersedes AB 98/10. This bulletin will serve as interim policy until incorporated into DOM, Section 54100. Please direct any inquires regarding the Staff Complaint process to Chief, Inmate Appeals Branch, at (916) 358-2418. Please direct any inquiries regarding Internal Affairs investigations to Chief, Office of Investigative Services, at (916) 323-5769.

*Original signed by:*

JOE MCGRATH
Chief Deputy Secretary
California Department of Corrections and Rehabilitation

State of California    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation

CDCR-695

INMATE: _Hollis_    CDC #: _E-37508_    CDC HOUSING: _C8-107_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR

RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[x] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical

Services, submit your request on a CDCR-Form 7362.

If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal

document and pencil/inks other than black or blue do

not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**

Comments: You may write on back of this form to clarify or respond to the above.

Insulting me will not change the fact that you
have not complied w/ the 2 previous screening
forms.

DOM§54100.18 states an Im may appeal a finding,
disposition, or procedural steps of an RVR. DOM§54100.18.2
Due Process states the RVR review is for
due process: procedural errors. You have not noted
either. CCR Title 15 3084 states you may appeal
an action that adversely affects you. There were no
due process/procedural violations documented by you, therefore
there was no adverse effect upon you based on the hearing.
You refused a cellmate; was held accountable. That does
not constitute an adverse effect.

**Eloy Medina, CC-II**
**Appeals Coordinator**    11/22/06 Screening forms not
complied with. Appeal cancelled.    Date: _11/9/06_

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself*. Please
return this form to the Appeals Coordinator with the necessary information attached.

### PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

* (CHALLANGE TO SCREENING FORM) *

TO: APPEALS COORDINATOR                    11-2-06

FROM: HOLLIS, E-37508      C-8-107

RE: CCR. 3004(a) & 3084.1(a)

REC'D NOV 0 8 2006

THE SCREENING FORM IS INACCURATE. I WAS FOUND GUILTY AND THE (RVR) WAS MADE A PERMANENT PART OF MY DISCIPLINARY HEARING AND I LOSS POINTS. THE SENIOR HEARING OFFICER INFORMED ME I HAD A RIGHT TO APPEAL AND A RIGHT TO APPEAL HER GUILTY FINDING. EATHER CANCELLE OR PROCESS MY APPEAL SO I CAN SEEK COURT ACTION IF NO ACTION ▓▓ ▓▓ OR RELEIF IS PROVIDED BY (SVSP) OFFICIALS.

NOTE:                                          Thank you/

IF YOU WERE NOT PART OF THE GREEN WALL MAYBE MY APPEALS WOULD BE PROCESSED AND NOT RIDICULOUSLY SCREENED OUT ON YOUR DISCRIMINATORY PROCEDURES TORWARD ME. YOU KNOW I WILL WIN ON APPEAL IF MY APPEAL IS PROCESSED. YOUR JUST LAZY AND DON'T WANT TO DO YOUR JOB. IT'S NOT MY FAULT STAFF VIOLATE MY RIGHTS. THAT'S WHY THE COURTS IS FLOODED WITH LITIGATION AGAINST (SVSP). EVERYONE IS NOT LYING.

State of California    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation
CDCR-695

INMATE: Hollis          CDC #: E-37508    CDC HOUSING: ~~BE~~ C3-22S

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[✗] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[ ] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
     Services, submit your request on a CDCR-Form 7362.
     If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
     document and pencil/inks other than black or blue do
     not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
   Comments:   You may write on back of this form to clarify or respond to the above.

Hollis- #1: you state the SHO was "arbitrarily, maliciously & sadistically" found you guilty. This is generic ~~bo~~ language you use often in appeals. You have provided no evidence/testimony to support this accusation)

#2: you state you were not given a direct order. You are attempting to have the Appeals process re-hear the RVR. The time to present your defense was during the hearing.

#3: you state there was conflicting testimony. You are arguing semantics. the issue was ~~so~~ the expectation for you to accept a compatible cellmate. You preferred to refuse & stated "I'm not takin cellies."

#4: the original RVR for FD-06-07-0057R would have been FD-06-07-0057 not FD-06-02-0041.

#5: A recommendation/referral to UCC is just that, a referral. This is not an appeal issue until committee designates you as 'C' status.

#6: you did not attach the Reissue/Rehear Order

Eloy Medina, CC-II                                    Date: 10/19/06
**Appeals Coordinator**

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

### PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

INMATE: *Hollis*    CDC #: *E-37508*    CDC HOUSING: *C3-225*

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[X] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[X] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
   Services, submit your request on a CDCR-Form 7362.
   If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
   document and pencil/inks other than black or blue do
   not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
Comments: You may write on back of this form to clarify or respond to the above.

you have not presented any due process/procedural errors, only
your defense to the charges.

in addition, you have multiple issues (RVR & future UCC Action)

REC'D OCT 18 2006

_Eloy Medina, CC-II_
**Appeals Coordinator**

REC'D NOV 08 2006
Date: *9/29/06*

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

DELIVERED NOV 17 2006

## PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region

1. _____    Log No. 1. _____    Category /

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    *RUL*    *FD-06-07-0057R*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MARVIN HOLLIS | E-37508 | UNASSIGNED | C-3-225 |

A. Describe Problem: This complaint is being filed for violation of my due process, not meeting procedural safeguard requirements, and not giving me a fair and impartial disciplinary hearing. This complaint is filed against R. Boccella, V. Ortega, M. Moore, and G. Lewis. On 9-8-06 I was denied a fair and impartial disciplinary hearing to RVR# FD-06-07-0057R by (SHO) R. Boccella. R. Boccella, arbitrarily, maliciously, and sadistically found me guilty and referred me to ~~the~~ U.C.C. for program review to be placed on "c" status.

If you need more space, attach one additional sheet.    DELIVERED OCT 1 6 2006   * (See Attachment) *

B. Action Requested: For RVR# FD-06-07-0057R to be dismissed in the interest of justice per CCR. 3084.5(h). That I not be brought to U.C.C. for program review to be placed on "c" status as program failure. To be awarded local resources for violation of my constitutional and statutory federal rights.

Inmate/Parolee Signature: *Marvin Hollis*    RECID SEP 2 9 2006    RET'D NOV 0 1 2006    Date Submitted: 9-29-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____    RECD OCT 18 2006

_____    RECD NOV 21 2006

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

RECD NOV 0 9 2006

CANCELLED    DELIVERED NOV 1 7 2006

DELIVERED NOV 3 0 2006

## *(CONTINUED FROM SECTION(A))*

R. BOCCELLA, had a predetermined belief of me being
guilty due to my pending civil action against R. BOCCELLA,
which is in violation of CCR. 3320(h) in part. R. BOCCELLA,
decision to find me guilty did not have any basis in fact.
The evidence reveals in the body of ███ RVR # FD-06-07-0057R
that I refused to accept the "assigned" compatible cellmate
and that I was given a direct order to submit to handcuffs
so the "other inmate" could be placed in the cell and that
I refused. I was denied evidence by R. BOCCELLA, ● in
██████ defense of this RVR to show "NO" inmate was
assigned to be housed on 1-20-06 to D-1-220 which
would prove I did not refuse to accept a cellmate
or refuse to submit to handcuffs so some alledged inmate
could be placed in D-1-220 as no inmate was assigned
to be housed in D-1-220 as mentioned in the RVR. R.
BOCCELLA, guilty finding and referral for me to be brought
to U.C.C. to be placed on "C" status was in retaliation for
me filing a civil action against her and my prior use
of the 602 grievance procedure related to SVSP-06-01470
among others. R. ███████ BOCCELLA, infringement upon my 1st
Amendment rights had a chilling effect and did not
advance no legitimate penological interest. C/o V. ORTEGA,
filed false charges against me in retaliation for my prior
use of the 602 procedure and his dislike of me being a
jailhouse lawyer. C/o V. ORTEGA, infringement upon my 1st
Amendment right had a chilling effect and did not serve
a legitimate penological interest. C/o V. ORTEGA,

statement to the investigating employee is contradictory to his written report. c/o v. Ortega, stated to the I.E. the problem was that I refused to cuff up and "talk" to any potential cellmate. In the body of c/o v. Ortega, written report he claims I refused to cuff up so the "assigned" inmate could enter D-1-220. The evidence is insufficient to establish guilt. I was denied to present documentary evidence in defense and/or mitigation of the charge as required per CCR. 3320(L). If in fact, a A inmate was assigned to enter D-1-220 and if I refused to accept the assigned inmate as c/o v. Ortega, claimed then a (CDC) 1882-B or 154 would have to have been generated per Informational Bulletin 99/4 dated 1-12-99. I did not refuse to accept any alledged "assigned" cellmate nor did I refuse to submit to handcuffs so the alledged assigned inmate could enter D-1-220. Per CCR. 3004(2); inmates have the right to be treated fairly and impartially by all employees. Per CCR. 3391(2) In part; Employees shall be alert, courteous, and professional in their dealings with inmates. R. Boccella, predetermined belief and motive was only to find me guilty. It should be noted that c/o v. Ortega, falsely accused and charged me with ~~the~~ this same rule violation on 2-15-06 in RVR# FD-06-02-0041 in which I was found not guilty. Thus, the punishment can be no greater than that originally taken. I should not have been referred to U.C.C. to be put on "C" status as a program failure. Facility "D" chief disciplinary officer as well as R. Boccella did not adhere to mod-order#0206061.~~~~ to be afforded all due process. I was not provided with all required documents 24 hours prior to my hearing. The (SHO) new no inmate was assigned to D-1-220 and that I did not refuse to accept a alledged assigned cellmate, thus found me guilty anyway.

California Department of Correction and Rehabilitation                    Salinas Valley State Prison

# MEMORANDUM

(A)



Date:       June 02, 2007

To:         Inmate Hollis E-37508
            Facility D D8-220
            Salinas Valley State Prison

SUBJECT:    Request final copy of Disposition regarding RVR #FD-07-04-0070

This is in response to the letter you submitted to Warden M. S. Evans regarding your claim of Lt. Selby's (Senior Hearing Officer), abuse of authority.

A review of your written request has been reviewed. In regards to your claim that you were denied witnesses, according to the RVR you did in fact request several staff members to be present during the hearing. However, the SHO asked you if you had additional questions for the listed staff members since they had already be interviewed and asked questions that you submitted to the Investigative Employee and you stated "NO". As far as your due process rights being violated, you were issued a copy of the I.E. statement on 05/17/07 at 1430 hours. The hearing took place on 05/18/07 at 1520 hours. You were afforded the 24 hour notice as outlined within the CCR title 15 section 3318.

You can submit an Inmate request for interview form to your assigned case worker (CC1) and request a copy of the 128(G) dated 5/17/07 that you are seeking.

In accordance with CCR 3084.1 (a), "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition or policy, which they can demonstrate as having an adverse affect upon their welfare".

Utilizing the Inmate Appeal System is the appropriate and most efficient course of action for you to take in seeking resolution of your concerns.

B. Rankin
Facility D Captain
Salinas Valley State Prison

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category 9 |
|---|---|---|
| 1. _____ | 1. _____ | |
| 2. _____ | 2. _____ | CABS — int |

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. SAFETY & Sanitation / CLEAN The Air Ducts

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MARVIN HOLLIS | E-37508 | *AC/-SPG* | D-1-220 |

A. Discuss Problem: This complaint IS FiLed AGAINST SALINAS VALLEY State prison WARdEN M. EVANS, CDW-L. Scribner, AW-BS GEORGE A. Neotti, (AW) TRAVERS, Capt. Lewis, And PLANT OPERATIONS STAFF. This complaint AddREssEs Air duct CLEANING, poor VENTALATION, & poor AIR CIRCULATION. FACILITY "D" has poor AIR CIRCULATION, And VENTALATION, due to the AIR ducts not being CLEAN. The lack of Adequate VENTALATION And AIR flow undermines the health of INmates And the SANITATION of SALINAS VALLEY State prison. There IS VERMIN INfestATION throughout the prison which IS a health hazard ~~considerably~~ exacerbated

If you need more space, attach on additional sheet.                          ⭐ (see Attachment) ⭐

A. Action requested: FOR A company to be contracted to CLEAN out the AIR ducts at FACILITY "D"; FOR (SVSP) to CLEAN out the AIR ducts; FOR the VENTALATION system to be cleaned And fully "Functional"; FOR ALL vent screens/filters to be changed IN the housing units, And FOR the VENTALATION system IN FAC. "D" housing unit CELLs to be cleaned And fully Functional.

Inmate/Parolee Signature: _Marvin Hollis_                    Date Submitted: 9-6-05

B. INFORMAL LEVEL (Date Received: ⭐ DELIVERED OCT 26 2005 ⭐ RECD OCT 28 2005

Staff Response: Denied, STAFF inspected the GRILL And Duct And found that the inmate had plugged the Register surface LocAted in his CELL with pAper And no AiR Flow was coming out. STAFF contacted the SergEnt for the yard Who Told STAFF that the Register had Been cleaned DuRing the Recent CELL SeArches. therefore the inmate in the CELL has plugged the Duct Register In the time since the CELL seArches, the inmate neEds to clean the Register.

Staff Signature: _[signature]_    RECD OCT 11 2005    Date Returned to Inmate: 10-4-05    DELIVERED JAN 26 2006

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DISSATISFiEd! The Action REquested has not Yet ~~been~~ beEN GRANTEd. ALL Issues IN APPEAL section (A) & (B) has not beEN AddRessEd. INFORMAL LEVE Response IS disingenuous And FAILS to pRovide NAmes of STAFF AllEdgEdly tAlkEd to. NO VENTALATION IN building

Signature: _Marvin Hollis_                    Date Submitted: 10-27-05

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim.

**RECEIVED**
DELIVERED DEC 29 2005
SEP 30 2005

DELIVERED NOV 23 2005

CDC Appeal Number:

RECEIVED NOV 30 2005

RECEIVED OCT 27 2005        CORRECTIONAL BUSINESS MANAGER

State of California                                    Department of Corrections and Rehabilitation

CDCR-695

# INMATE / PAROLEE APPEAL SCREENING FORM

INMATE: __Hollis__   CDC #: __E37508__   CDC HOUSING: __01-220__

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED

BELOW OR RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Requested Action Already Taken            [ ] Requested Appeal Withdrawn

[ ] Duplicate Appeal; Same Issue             [ ] Appeal Previously Received and Processed

[ ] Appealing Action Not Yet Taken            [ ] Incomplete 602 – Complete Next Appropriate Section

[ ] Incomplete Appeal – Documents Not Attached   [ ] Incomplete 602 – Sign and Date Appropriate Section

[ ] Time Constraints Not Met                 [ ] Limit of One Continuation Page May Be Attached

[ ] Cannot Submit On Behalf Of another Inmate    [ ] Incomplete Disciplinary Appeal – Missing Documents*

[ ] Appeal Process Abuse – Inappropriate Statements  [ ] Incomplete Property Appeal – Missing Documents*

[X] No Significant Adverse Effect Demonstrated    [ ] Failed to Provide Necessary Copies of Chrono(s)*

[ ] Action / Decision Not Taken By CDCR          [ ] Appeal Process Abuse – Pointless Verbiage

[ ] Action Sought Is Under Sentencing Court Jurisdiction  [ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Submit Issue to Assigned Parole Office       [ ] Attempting to Change Original Appeal Issue

[ ] Appeal Matter to VCGCB                    [ ] Not Authorized to Bypass Any Level

[ ] DRB Decisions Are Not Appealable          [ ] Appeal Issue & Reasonable Accommodation Not 1824

[ ] Request for Interview; Not an Appeal         [ ] Not A Request Form; Use CDCR-7362

[ ] Complete At Second Level; Complete Section H (DLR)  [ ] Do Not Combine Staff Complaints with Other Issues

[ ] Emergency Not Warranted-CCR 3084.7

## PLEASE ATTACH AS NOTED BELOW:

[ ]   CDC 115/Hearing Officer's Results        [ ]   CDC 128C Medical Chrono
[ ]   CDC 115 with IE/DA information           [ ]   CDC 1819 Denied Publications
[ ]   Supplemental Reports to CDC 115          [ ]   CDC 128 A
[ ]   CDC 1030 Confidential Disclosure         [ ]   CDC 128 B
[ ]   CDC 114D Lockup Order                   [ ]   CDC 143 Property Transfer Receipt
[ ]   CDC 128G ICC/UCC                        [ ]   Cell Search Slip
[ ]   CDC 128G CSR Endorsement Chrono         [ ]   Receipts
[ ]   CDC 839/840 Class/Reclass Score Sheet    [ ]   Qtr. Pkg. Inventory Slip
[ ]   CDC 7219 Medical Report                 [ ]   Trust Account Statement
[ ]   Other: SEE COMMENTS BELOW               [ ]   Property Inventory Receipt

## PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

Comments:  You may write on back of this form to clarify or respond to the above.

_SUSP cells are scheduled for vent cleaning —_
_you an admin not staff paper or materials into your_
_unit_
               _12-6-05 appeal is rejected_

__T. Variz, CC-II__                                    Date: __10-28-05__
Appeals Coordinator

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on
a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return
this form to the Appeals Coordinator with the necessary information attached.

PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

*California Department of Corrections & Rehabilitation*                                    Salinas Valley State Prison

# *M E M O R A N D U M*



Date: April 30, 2007

To: Hollis, E37508
   D8-220
   Salinas Valley State Prison

Subject: **Warden's Correspondance Control #7927**

This is in response to your letter concerning the guilty finding of RVR Log #FC06-03-0012R. I assigned A. Meden, CCII to review your case.

The original RVR (FC05-04-0049) "Battery on a Peace Officer" was ordered re-issue/re-hear by Second Level Appeal #SVSP-06-00380. The RVR was re-issued under FC06-03-0012R. You were found guilty as charged by the Senior Hearing Officer.

You were found guilty due to Officer Goodlett's report in which he states that you garbbed his wrist in an aggressive manner. The issue of whether or not Officer Zamora was standing next to Officer Goodlett was clarified in the questions during the RVR hearing. The Second Level Appeal was enforced as the RVR was re-issued and re-heared.

M. P. MOORE, III
Correctional Administrator, Complex II
Salinas Valley State Prison

*[handwritten note:]* If You Feel That the RVR Process was Not Done Correctly Then You need to Appeal The issue.
A. Meden CCII
5/16/07

*[handwritten note at bottom:]* * 2nd Level Your "honor" ordered for the hearing officer to determine the disparity of the statements of the officers not who was standing next to who. I attempted in good faith to appeal this issue but was continuously denied.

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

Completed 12/7/06
by CAII



REC'D JAN 2 3 2007

January 17, 2007

Appeals Coordinator
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

RE:    HOLLIS, CDC #E-37508  Institution  Appeal  Log #SVSP  06-00380
Disciplinary

✱ To the Appeals Coordinator: ✱

✱ A response is needed at the next appropriate level of review. The action granted ✱
  by the appeal decision has apparently not yet been accomplished. Please expedite.

✱ A Reissue/Rehear was ordered, however it has not yet been completed. Please
  complete and return the requested documents to this office by February 16, 2007.

GM
for

N. GRANNIS, Chief
Inmate Appeals Branch

I called on left message
Teresa 1/24/07 since
no response.
email 2/6/07 (see attach.
2/12 I spoke w/ Lt. Selby

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*January 18, 2006*

*HOLLIS, E37508*
*D1-220*

Log Number: SVSP-D-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*A limit of one continuation page, front and back, may be attached to the appeal to describe the problem and action requested in sections A and B of the CDC Form 602. CCR 3084.2(a)(1). Remove unnecessary documents and resubmit.*

*REMOVE YOUR EXCESS ATTACHED PAGES. ATTACH ONLY ONE APPEAL AND ONLY ONE COMPLETE RVR COPY AND SUPPLEMENTAL REPORTS TO THE RVR. REMOVE ALL THE OTHER PAGES FROM THIS APPEAL. FAILURE TO COMPLY WILL RESULT IN CANCELLATION OF THIS APPEAL.*

3Rd level Letter dated 5-22-67 say I fail to Attach suporting documents but the appeals coordinators Tell me not to Attach. Catch (22) situation

Appeals Coordinator
Salinas Valley State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
**SALINAS VALLEY STATE PRISON**

P.O. 1020
Soledad, CA 93960



February 17, 2007

Inmate Appeals Branch

RE: HOLLIS, CDC #E-37508 SVSP 06-00380

Ms. Grannis:

I am writing this letter in regard to the attached letter.

During the week of February 12, 2007 Correctional Lieutenant T. Selby notified me that the RVR was ordered Reissue/Rehear by the Chief Disciplinary Officer, but the RVR was not typed and adjudicated.

According to the Lieutenant, the RVR is being typed for adjudication.

If you need to discuss the matter with me, I can be reached at 831-678-5508.

Sincerely,

ELOY MEDINA
Appeals Coordinator
Salinas Valley State Prison

YOUR honoR This response is uNcompRehensive
As the RVRJ WAs ReheRd oN 11-17-06.

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

**BYPASS**

_____
_____
_____
_____
_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

_____
_____
_____
_____

Signature: _____ Date Submitted: _____

RECD MAR 0 8 2006

Second Level  ☐ Granted  ☑ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 2/6/06    Due Date: 3/7/06

RECEIVED MAR 0 7 2006

☑ See Attached Letter

Signature: _____ Date Completed: 2/22/06

Warden/Superintendent Signature: _____ Date Returned to Inmate: 4/10/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. the Reporting employee did not sign his Report. Dissatisfied the action requested has not been granted for all adverse action taken against me related to Rva#C05-04-0049 To be Recind and reversed. All issues raised in section(A) of appeal has not been addressed by (sysp) In Addition, Specifically that %o Goor llett, dishonesty and vague, confusing, and contradictory report, that D. Travers's Anckler condoned and approved Juliman, prejurice towards me and viciation of my Rights. Harassment also was not addressed

Signature: Myrnia Harris    Date Submitted: 4-10-06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

(ORIGINAL APPEAL)    (12)    COW/MEOW 2nd

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**    (NB)
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
1. SVSP d    1. 06·00380    1
2. ____    2. ____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MARViN HOLLiS | E-37508 | Ad-SEG | D-1-220 |

A. Describe Problem: This complaint is being filed for violation of my due process, not meeting procedural safeguard requirements, harassment, and not giving me a fair and impartial disciplinary hearing. This complaint is filed against D. Travers, G. Ponder, J. Luman, L. Goodlett, L. Zamora, and G.A. Salopek. On 12-7-05 through 12-15-05 I was denied a fair and impartial disciplinary hearing to RVR# C05-04-0049 by (SHO) J. Luman. J. Luman, arbitrarily, maliciously and saclistically found me guilty and punished me. I was denied witnesses and statements of

If you need more space, attach one additional sheet.    RECD FEB 02 2006    ＊(See Attachments)＊

B. Action Requested: FOR RVR# ~~C05-04-0049~~ to be dismissed in the interest of justice per CCR-3084-5(h)(1), OR FOR RVR# ~~C05-04-0049~~ to be ordered reissued reheard per CCR-3084-5(h)(2), That all adverse action taken against me related to RVR# ~~C05-04-0049~~ be rescind and or reversed ASAP.

Inmate/Parolee Signature: Marvin Glenn Hollis    RECEIVED Date Submitted JAN 18 2006 -16-06

C. INFORMAL LEVEL (Date Received: ____ )

Staff Response: ____

BYPASS

Staff Signature: ____    Date Returned to Inmate: ____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: ____    Date Submitted: ____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: ____

HOLLIS, E-37508
PAGE 2

*ex cuss Not True*

did file another disciplinary appeal (SVSP Log #06-03423); however the appeal was screened
out and returned to you by the IAB Appeals Analyst on April 1, 2007 as you did not include the
Investigative Employee's Report. It is very important to include all supporting documentation
when you submit an appeal to the Appeals Coordinator or the IAB for a DLR. Although, you
have had several appeals accepted and processed by the IAB, the attached query reflects that a
large number of the appeals you submit to the IAB are screened out as you have not enclosed all
supporting documents, the appeal was granted at the institutional level, you failed to submit the
original copy of the appeal, etc.    I suggest that you directly contact the SVSP Appeals
Coordinator to better understand the appeals process and to request a copy of SVSP Appeals Log
#06-00380 and the completed modification order stamped "Treat as Original." You may then
resubmit the appeal to the IAB for further review.

I trust this has addressed your concern.

N. GRANNIS, Chief
Inmate Appeals Branch

Attachment:  Copy of Response at SLR and Level II Modification Order (SVSP Log #06-00380)
             IAB Query

The Appeals coordinator Refused to send me
A copy As mentioned Thus No need was For A copy
Cause I have And sent the oRiginAL Appeal
to 3Rd LeveL. I need help From the court
As No Relief Is AvAliblE to within (CDC3R)oR
(SVSP).

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
**INMATE APPEALS BRANCH**
P.O. Box 942883
Sacramento, CA 94283

(B)(G2)

(B)(G2)



May 22, 2007

E-37508, Hollis
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

Re:  **CDC 602 (Inmate/Parolee Appeal Form) – SVSP Appeals Log #06-00380**

Dear Mr. Hollis:

This is in response to your correspondence dated April 23, 2007, wherein you are inquiring regarding the status of SVSP Appeals Log #06-00380. You state that the appeal was partially granted at the Second Level of Review (SLR); however, you have been unable to exhaust your administrative remedy at the Director's Level of Review (DLR), as the SVSP correctional staff have not complied with the modification order generated at the SLR. You have attached a copy of the letter sent to you from the Inmate Appeals Branch (IAB) on January 17, 2007, that informed you that your previous correspondence in the matter had been referred to the SVSP Appeals Coordinator for further action and return of the material to the IAB by February 16, 2007.

The records maintained by the IAB reflect that the appeal (SVSP Appeals Log #06-00380) has not been received or assigned for investigation at the DLR. Therefore, SVSP Appeals Coordinator T. Variz was contacted on May 22, 2007, to provide a copy of the appeal response and a copy of the modification order at the SLR. The SLR appeal response reflects that an order was generated to have the Rules Violation Report (RVR), Log #FD-05-04-0049, dated April 18, 2005, for "Battery on a Peace Officer" reissued and reheard to ensure your rights to due process. The modification order reflects that the RVR was reissued on March 17, 2006, as Log #C06-03-0012R; however, the RVR was not reheard until November 17, 2006. The Senior Hearing Officer found you guilty of Battery on a Peace Officer and assessed zero credit forfeiture, as the time constraints to rehear the RVR were obviously not met.

To exhaust your administrative remedies available within the California Department of Corrections and Rehabilitation, it was incumbent upon you to file a new appeal based on the guilty finding for the reissued/reheard RVR. You should have received your copy of the adjudicated RVR in late November or early December 2006. The IAB records indicate that you

I Filed A New Appeal And Tried to exhaust on the
original Appeal. This Response is disingenuous
And contradictory, Your honor.

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

(B)(G2)



May 14, 2007

(B)(G2)

HOLLIS, CDC #E-37508
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

Re: Institution Appeal Log #SVSP 06-00380 Disciplinary

Dear Mr. HOLLIS:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals. The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator. This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action. Your appeal was ordered reissued and reheard. If you have a new issue after the rehearing, you need to submit a new appeal.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

S. Emigh

N. GRANNIS, Chief
Inmate Appeals Branch

YoUR hoNoR I sent the appeAL to the appeaLs
CouRdiNAtoR, but It's Something About thiS
battery NLLegAtioNS (SVSP) officiALs ANd 3Rd
LeveL did'Nt want me to Appeal. I wAS
giveN the RuN ARouNd.

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

May 19, 2006                       



ORiginAL APPEAL submitted
FoR review

Hollis, CDC #E-37508
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

Re: Institution Appeal Log #SVSP 06-00380 Disciplinary

Dear Mr. Hollis:

The enclosed documents are being returned to you for the following reasons:

Your appeal was ordered reissued and reheard.  If you have a new issue after the
rehearing, you need to submit a new appeal.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California          **INMATE / PAROLEE APPEAL SCREENING FORM**          Department of Corrections and Rehabilit
CDCR-

INMATE: __Hollis__          CDC #: __C-37508__          CDC HOUSING: __C3-225__

**THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.**

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[X] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
**Comments:  You may write on back of this form to clarify or respond to the above.**

Appeal    Cancelled.

date   appeal   returned   to  I/m = 6/27/06
date   I/m   sent   appeal   to   appeals   office = 9/29/06
time   constraints   not   met.
I/m   did   not   comply   w/   previous   screenings

**Eloy Medina, CC-II**          **Date:** __9/29/06__
**Appeals Coordinator**

**This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself*.  Please return this form to the Appeals Coordinator with the necessary information attached.**

State of California    **INMATE / PAROLEE APPEAL SCREENING FORM**    Department of Corrections and Rehabilitation
CDCR-695

INMATE: _Hollis_    CDC #: _E-37508_    CDC HOUSING: _C3-225_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[X] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
  Services, submit your request on a CDCR-Form 7362.
  If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
  document and pencil/inks other than black or blue do
  not copy legibly.

**PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>**
Comments:  You may write on back of this form to clarify or respond to the above.

You state there is a conspiracy.
I need who, what, where, when, how: witnesses.
Be specific.

RET'D JUN 27 2006

**CANCELLED**    Date: _REC'D JUN 30 2006_

Ioy Medina, CC-II
ppeals Coordinator

his screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
n a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
turn this form to the Appeals Coordinator with the necessary information attached.

"Request"

6-28-06

TO: Appeals coordinator

FROM: HOLLIS, E-37508          C-3-225

RE: "Challenge to screening form"

*(ngo v. woodford)*

The screening form is inadequate. my appeal is comprehensive and complete.* I have complied with the screening form. can my appeal please be assigned for investigation and response? OR can you put your response for the institution on a screening form so I can exhaust my administrative remedy. Thank You!

**CANCELLED**

**NAME and NUMBER**    Inmate HOLLIS, E-37508        CDC-128B (Rev 4/74)

Inmate **HOLLIS, # CDC E-37508**, housed in D1-220, has an extensive history of submitting excessive and redundant correspondence to different department and division heads, and other parties within and outside of the California Department of Corrections and Rehabilitation (CDCR). **HOLLIS'** correspondence campaign is intended to bog down and ultimately cause a quagmire within the system and consume staff time and resources.

Per California Code of Regulations (CCR) Section 3084.1, any inmate or parolee under the Departments jurisdiction may appeal any departmental decision, action, condition, or policy. Per CCR Section 3084.2, the appellant, who is appealing to the department, shall use a CDC Form 602, Inmate/Parolee Appeal Form, to describe the problem and action requested.

By submitting his appeal in the form of written correspondence, **HOLLIS** is in violation of CCR Section 3084.2, which regulates appeal preparation.  By receipt of this CDCR-128-B, **HOLLIS** has been informed and expected to comply with the appeal form requirement, and ordered to discontinue submitting excessive and redundant correspondence.  **HOLLIS** may file a legitimate appeal, but must do so within the appeal time limits.  **HOLLIS** is further informed that noncompliance with this written order may result in the issuance of a CDCR Form 115, Rules Violation Report, (RVR).

T. Variz, Correctional Counselor-II

C-File
A-File

**DATE:** 11/08/05        **GENERAL CHRONO-INFORMATIONAL**        **INST:** SVSP-IV

*California Department of Corrections*                                    *Salinas Valley State Prison*

# *MEMORANDUM*



Date:     August 26, 2004

To:       Inmate HOLLIS, E37508
          D5-207L

Subject:  **CORRESPONDENCE CONTROL # 5616**

Your letter, addressed to SVSP Warden, dated August 23, 2004, was received and forwarded to my office for response. You claim that that the Inmate Appeals Office refuses to respond or complete appeals you have submitted. You request the Warden's office to intervene on your behalf.

Rest assured the Inmate Appeals Office has no interest in circumventing the appeals process. You have no basis with which to suggest that the Inmate Appeals Office staff have acted inappropriately.

A review of the Inmate Appeals Tracking System (IATS) reveals that you have submitted twenty seven (27) appeals since your arrival at SVSP. You claim that the following appeals are overdue: SVSP-D-04-00604, SVSP-D-04-02565, SVSP-D-04-01723. You also contend that you have several other appeals that the Inmate Appeals Office refuses to process.

The IATS reveals the following: SVSP-D-04-00604 was completed at the Second Level of Review (SLR) on June 2, 2004. SVSP-D-04-02565 was completed at the SLR on August 20, 2004. SVSP-D-04-01723 was completed at the SLR on August 6, 2004. These completed appeals were sent to you upon their completion. You may obtain additional copies from your assigned Counselor via your Central File. Please adhere to the Director's rules regarding the appeals process and you should not have any difficulty in having your appeals processed.

If you have any further questions regarding this appeal or the appeal process, please direct them to the Inmate Appeals Coordinator.

T. Variz, CCII
Appeals Coordinator

11-20 806

To; APPEALS COORDINATOR

FROM: HOLLIS E-37508        C-8-107

IS MY APPEAL (CANCELLED) OR REJECTED?

due to refusal to cooperate

RECD NOV 21 2006

DELIVERED NOV 3 0 2006

"Request"

10-16-06

TO: APPEALS COORDINATOR

FROM: HOLLIS, E-37508    C.-8-107    ~~37~~

RE: "Challange to screening form"

The SCREENING FORM IS INACCURATE. The disposition
to the RVR WAS to REFER me to ~~the~~ U.C.C. to be
placed on "C" Status. The disposition IS related
to the (RVR). Which ISSE do You claim As being
multiple. What do I have to do to exhaust my
administrative remedy to the ISSE Raised IN my
Appeal so I CAN SUE. P I Raised due process
And procedural violations at my hearing. The
Actions taken against me at my hearing was
UNCONSTITUTIONAL. IN CONCLUSION, I was
Advised by the hearing officer that I have
A right to appeal her actions taken against
me at my hearing. ~~~~~

STATE OF CALIFORNIA
CDC 1882-B

DEPARTMENT OF CORRECTIONS

# ADMINISTRATIVE SEGREGATION UNIT/SECURITY HOUSING UNIT
## DOUBLE CELL REVIEW

| Name of Inmate | CDC Number | Housing |
|---|---|---|
| Name of Inmate | CDC Number | Housing |

The above-listed inmates are being processed for occupancy of the same cell.

**1. The request is being initiated per:**

☐  Administrative assignment by staff.

☐  Request from one  ☐   or both  ☐   inmates to be assigned to the same cell.

**2. During the interview with:**

| Staff Witness Printed Name | Signature |
|---|---|
|  |  |

☐  Both inmates stated agreement to the cell assignment and signed below to indicate compatibility.

Signature of Inmate _____    Signature of Inmate _____

☐  Both inmates stated agreement, but one or both refused to sign the acknowledgment of compatibility.

☐  One or both inmates refused the cell assignment.

**3. After a review of the inmates' statements and the case factors in each inmate's C-file, it has been determined that:**

☐  There is no information available to indicate that the inmates are incompatible.

☐  There is information which leads to the belief that the assignment of these inmates to the same cell is contrary to legitimate penological interests, or may threaten institution security or the safety of others.

**4. Based on this evaluation, the double cell occupancy request is:**    ☐  **APPROVED**    ☐  **DISAPPROVED**

| APPROVING AUTHORITY |
|---|
| Signature: |
| Printed Name: |
| Title: |
| DATE: |

DISTRIBUTION:
C-File
Facility Captain
Housing Unit
Correctional Counselor 1(s)
Inmate

CONTACT # 6436
by DA. TRAVERS
ON RVR'S TO be
heard



**Department of Corrections**

# INFORMATIONAL BULLETIN

Subject: **REVISION OF GA 154, INITIAL HOUSING ASSIGNMENT CHANGE; AND ANNOUNCE THREE FORMS REGARDING INMATE HOUSING ASSIGNMENT**

| | |
|---|---|
| **Number:** | 99/4 |
| **Date Issued:** | January 12, 1999 |
| **Cancelled Effective:** | |

The purpose of this Informational Bulletin is to announce the revision of GA Form 154 (Rev. 1/99), Initial Housing Assignment Change, and to introduce the California Department of Corrections' (CDC) Form 1882, Initial Housing Review; CDC Form 1882-A, General Population Double Cell Review; and CDC Form 1882-B, Administrative Segregation Unit/Security Housing Unit Double Cell Review. The housing review forms were initially identified and distributed with temporary form numbers of 128-X, 128-X1, and 128-X2.

Following are the ordering instructions for each form:

- GA Form 154 (Rev. 1/99) - A one-sided four-part form on NCR paper. This form may be ordered from Prison Industry Authority (PIA) on CDC Form 1853 in quantities of 125 sets or more.

- CDC Form 1882 - A one-sided form on white bond paper. This form may be ordered from PIA on CDC Form 1853 in quantities of 500 or more. After the form is completed, please photocopy the appropriate copies for distribution.

- CDC Form 1882-A - A one-sided form on white bond paper. This form may be ordered from PIA on CDC Form 1853 in quantities of 500 or more. After the form is completed, please photocopy the appropriate copies for distribution.

- CDC Form 1882-B - A two-sided form on white bond paper. This form may be ordered from PIA on CDC Form 1853 in quantities of 500 or more. After the form is completed, please photocopy the appropriate copies for distribution.

Please inform all persons concerned of the contents of this bulletin and direct any inquiries to Marilyn Kalvelage, Chief, Classification Services Unit, at (916) 322-2544 or CALNET 492-2544.

G. BONNIE GARIBAY, Chief
Regulation and Policy Management
Legal Affairs Division

Attachments

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A.A. Lamarque; R. Boccella; R. Reynaga; J. Crabtree

Does 1 to 4

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Marvin Glenn Hollis



# FILED

### JAN 2 3 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
J. RODRIGUEZ      DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of California, County of Monterey <br> 1200 Aguajito Rd., <br> Monterey, CA 93940 | CASE NUMBER: <br> *(Número del Caso):* <br> M71739 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marvin Glenn Hollis, E-37508
P.O. Box 1060, D-5-207 Soledad, CA 93960

| DATE: **JAN 2 3 2006** LISA M. GALDOS | Clerk, by ____ **J. RODRIGUEZ** ____ | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> American LegalNet, Inc. \| www.USCourtForms.com |
|---|---|---|

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | C.C.R. §3005(b) | 1/20/06 | SVSP | FD-06-07-0057R |

| REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT | ☐ YES | ☒ NO | |

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|
| | N/A | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED     ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☒ NOT ASSIGNED | REASON |
|---|---|
| | Dnmc 3315 (d)(2)(a) |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ REQUESTED     ☐ WAIVED BY INMATE | ▶ /C | 7-25-06 |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☐ NOT ASSIGNED | REASON |
|---|---|
| | |

EVIDENCE / INFORMATION REQUESTED BY INMATE: 154 3 1882 (B) FORM

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

| ☒ REPORTING EMPLOYEE | ☐ STAFF ASSISTANT | ☐ INVESTIGATIVE EMPLOYEE | ☐ OTHER _____ | ☐ NONE |

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| Assigned Clinician | ☐ | ☐ | _____ | ☐ | ☐ |
| | ☐ | ☐ | _____ | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1900 | DATE 7-25-06 |

115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 74845

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-06-07-0057R | SVSP | 09/11/06 |

| SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**Witness Testimony at Hearing:** (Via Telephone) the following questions was asked of the Reporting Employee-

**Q1.** Did you remember the RVR for Inmate HOLLIS on refusing to take cellies?

**A1.** Yes I did. HOLLIS refused to exit his cell.

**Q2.** C/O. V. Ortega how many Inmates did you have talk to Inmate HOLLIS?

**A2.** "I do not recall the Inmates names or numbers in the past, he said that he was not taking cellies and refused to exit his cell."

**Q3.** Do you recall assigning any Inmate to HOLLIS cell before he refused to exit his cell?

**A3.** "I don't recall because it was hard to cell HOLLIS up."

**Confidential Information:** N/A.        **Enemy Concerns:** N/A.

**Findings:** Inmate HOLLIS is found GUILTY as charged. This finding is based upon the following preponderance of evidence:

1) RVR Log #FD-06-07-0057R authored by Correctional Officer V. Ortega wherein states that: On 01/20/06 Inmate HOLLIS refused to take a compatible callmate by stating "I'm not taking cellies."

2) Inmate HOLLIS failed to provide a defense in his own behalf.

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal per CCR section 3084.1 (a). Inmate HOLLIS was informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer. Inmate HOLLIS was further advised of credit restoration per CCR §3327 and §3328.

R. Boccella, Correctional Lieutenant

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | 9/28/06 | 12:00 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE ___ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| B-37508 | HOLLIS | FD-06-07-0057R | SVSP | 09/11/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER_____

**Hearing:** 09/08/06.          **Time:** 1745 hours.          **Any Postponement Explained:** N/A.

**Inmate Plea and Statement:** Inmate HOLLIS entered a plea of Not Guilty and stated: "Request to be provided a fair and impartial hearing. I did not refuse a compatible cellmate. I was not aware of a rules violation. I have had other cellmates in the past in Ad-Seg."

**Inmate's Health:** Inmate HOLLIS claims to be in good health and prepared to proceed with the disciplinary process.

**MHSDS:** Inmate HOLLIS **is** a participant in the Mental Health Services Delivery System at the CCMS level of care. The circumstances of the RVR do not indicate that Inmate HOLLIS exhibit any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate HOLLIS did not demonstrate any strange, bizarre, or irrational behavior. Base on this and pursuant to recent changes approved by the U.S. District Court in Coleman vs. Wilson, a Mental Health Assessment was not initiated. Consequently, a Staff Assistant was not deemed necessary.

**DUE PROCESS:** Date of Discovery: 01/20/06.        Initial RVR copy issued on: 07/25/06.
Hearing started on: 09/08/06.      Last document issued to Inmate on: 07/25/06.
D.A. postponed date: N/A.          D.A. results issued date: N/A.

**Time Constraints:** Were not met, however, hearing was conducted with no forfeiture of credits being assessed per 3320(a)(1). The RVR was not heard within 30 days of the date the RVR was issued.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Inmate HOLLIS requested and does meet the criteria for assignment of an Investigative Employee. Correctional Officer J. Martinez was assigned. Officer J. Martinez interviewed Inmate HOLLIS as part of the investigative process, gathered information from witnesses, asking each witness specific questions posed by Inmate HOLLIS and follow up questions posed by I.E. for clarification purposes. Officer J. Martinez prepared his report, to include his summation of the facts, and provided a copy of the report to Inmate HOLLIS more than 24 hours prior to this hearing.

**D.A. Referral:** N/A.                        **Evidence Requested or Used:** Inmate HOLLIS requested 1882-B/Initial Housing Chrono and he requested a 154. However, both request were denied by the SHO due to: On 10/27/05 ICC made HOLLIS double cell approved. And ICC takes in account all case factors including but not limited to the following form 1882-B, 812, and 812-C. And the 154 was denied, due to a 154 was never generated, and due to the fact that HOLLIS refused to exit his cell to speak to any Inmate that was a potential cellmate.

**External/Outside Evidence:** N/A.                **Video Tape Evidence:** N/A.

**Witness Requested:** Inmate HOLLIS requested Reporting Employee (Granted) and his assigned Clinician which was denied due to the SHO felt that the Clinician had nothing relevant to add to this matter.

R. Boccella, Correctional Lieutenant

| (HEARING CON'T SEE CDC 115-C) | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 9/28/06 | TIME SIGNED |

CDC 115-C (5/95)                                                    OSP 99 25082

C 3-225

DS-IE

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | FD-06-07-0057R | SVSP | 08/15/06 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

On 08/15/06, I was assigned as Investigative Employee for CDC-115, Log# FD-06-07-0057. I informed Inmate HOLLIS of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HOLLIS stated that he had no objections to my serving in this capacity.   ✳

**DEFENDANT'S STATEMENT:** Inmate HOLLIS (E-37508) made the following statement: "I request to ✳ be found not guilty in the interest of justice. C/O V. Ortega made false allegations that I obstructed a peace officer to cover up his retaliation and harassment towards me. There was no Inmate assigned to be housed in D1-220, nor did I refuse to accept a cellie. I request for the reporting employee to be present at my hearing and that I'm provided all documents related ✳ to this RVR, 24 hours prior to my hearing.   ✳

**REPORTING EMPLOYEE'S STATEMENT:** On 08/15/06, I interviewed Correctional Officer V. Ortega, regarding Inmate HOLLIS charges, and made the following statement: "On 07/14/06, at approximately 1840 hours, I informed Inmate HOLLIS (E-37508,D1-220) that he is to expected to and would be receiving a compatible cellmate, per Operational Procedure #42, signed by the Warden. A review of Inmate HOLLIS's 114-D signed by Captain Ponder reflects that Inmate HOLLIS was cleared for double celling, as well as the Inmates 114 files reflects that Inmate HOLLIS was cleared and approved for double celling by the ICC on 10/27/05. Inmate HOLLIS refused to accept the "assigned "compatible celmates, stating, "I'm not taking cellies." This refusal is in direct violation of O.P. #42.3.3. Inmate HOLLIS refusal to accept a compatible cellmate has caused a negative impact on the ASU.

**INVESTIGATIVE EMPLOYEE'S STATEMENT:** Correctional Officer J. Martinez made the following statement: "I interviewed all Staff and Inmate HOLLIS concerning this RVR".

**Inmate HOLLIS requested the following witnesses to be present at the disciplinary hearing.**

| NAME | POSITION | RDO'S |
|---|---|---|
| V. Ortega | Correctional Officer (D1-Flr.#2) | S/M |

**QUESTIONS**

Q1) What is the Inmate name and CDC #, that I allegedly refused to accept as a cellie?
A1) I don't remember the name of the Inmate, because it was Jan. 20. But the problem was that HOLLIS refused to cuff up and talk to any potential cell mate.
Q2) Was a CDC 154 and 1832-B form generated on 1/20/06, as required for a Inmate to be housed in D1-220, with HOLLIS (E-37508) ASU?
A2) No forms were filled out because the Inmate refused to come out.

J. Martinez, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| J. Martinez | | V |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

OSP 99 25082

C3-225

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| B-3708 | HOLLIS | | -7/2/2012 | SVSP | D1-220 | FD-06-07-0057R |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR §3005(b) | OBSTRUCTING A PEACE OFFICER | | D1-220 | 1/20/06 | 1840 hours |

CIRCUMSTANCES

RE-ISSUE/RE-HEAR Per Correctional Administrator/COO M. P. Moore, III. NOD ORDER # 0206061, Facility "D" Received on 07/14/06. On 1/20/06, at approximately 1840 hours, I informed Inmate HOLLIS (B-3708, D1-220L) that he is to expected to and would be receiving a compatible cellmate, per Operational Procedure #42, signed by the Warden. This states in part..."Inmates are expected to share occupancy of living quarters, either in a dormitory setting or within an individual cell." A review of Inmate HOLLIS 114-D signed by Captain FOSTER reflects that Inmate HOLLIS was cleared for double celling, as well as the Inmates 114 files reflects that Inmate HOLLIS was cleared and approved for double celling by the ICC on 10-27-05. Inmate HOLLIS refused to except the assigned/compatible cellmate, stating "I'm not takin cellies". Inmate HOLLIS was given a direct order to submit to handcuffs so the other Inmate could be placed in the cell and he refused. This refusal is in direct violation of O.P. #42.3.3 and disrupted the normal operation of the ASU. The need to compact and consolidate within the ASU is crucial to the daily operation, were the demand for bed space is critical. Inmate HOLLIS' refusal to except a compatible cellmate has caused a negative impact on the ASU. Inmate HOLLIS was informed of this documentation.

Inmate HOLLIS is a participant in the Mental Health Services Delivery System at the CCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ V. Ortega, Correctional Officer | | 7-20-06 | D1 Floor #2 | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | □ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| | | 7-20-06 | DATE | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| □ ADMINISTRATIVE ☒ SERIOUS | D(6) | 7-22-06 | ▶ C.J. Warfield | | □ HO ☒ SHO □ SC □ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | TITLE OF SUPPLEMENT | |
| □ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE TIME |

HEARING

**Plea:** Inmate HOLLIS entered a plea of Not Guilty at this RVR Hearing.

**Findings:** Inmate HOLLIS was found GUILTY of CCR §3005(b), specifically "Willfully Obstructing A P.O." a Division "D(6)" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (Con't See CDC 115-C)

**Disposition:** Inmate HOLLIS was assessed 00 days forfeiture of credits due to loss of time constraints. The RVR was not issued within 15 days of the date of the incident.
**Additional Disposition:** Inmate HOLLIS was counseled, warned, and reprimanded.

**Classification Referral:** Refer to UCC for Program Review and "C" Status as a Program Failure.

| REFERRED TO □ CLASSIFICATION   □ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) R. Boccella, Correctional Lieutenant | | | SIGNATURE ▶ | DATE | TIME |
| REVIEWED BY: (SIGNATURE) G. Lewis, Facility Captain | | DATE 9/14/06 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ M. Moore, COO | DATE | |
| | BY: (STAFF'S SIGNATURE) ▶ | | | DATE | TIME |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | | | |

CDC 115 (7/88)

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------|------|
| 5-13-07 | APPEALS COORDINATORS | HOLLIS | E-37508 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM | TO |
|------|------|------|------|------|
| D-8- | 220 | N/A | N/A | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)   (SHU)   3084.6   FROM N/A   TO

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence

SVSP-D-07-00720 AND SVSP-D-07-00401 IS OVER-
due FOR RESPONSE AND has NOT been RETURNED to
me. I REquest completion of ALL OVER due Appeals.

**Do NOT write below this line. If more space is required write on back.**

RECEIVED MAY 14 2007

INTERVIEWED BY _____ DATE _____

DISPOSITION _____

(OVER) ↓

AND that such Appeals be Returned.

Thank You!

★ I ALSO submitted SVSP-D-07-01415 AND this
Appeal has not been completed OR Returned.
What's up?

ATE OF CALIFORNIA                    **INMATE REQUEST FOR INTERVIEW**                    DEPARTMENT OF CORRECTIONS
-22 (9/92)

| TO | | | FROM (LAST NAME) | |
|---|---|---|---|---|
| 5-11-07 | | | HOLLIS | E-37508 |

| USING | BED NUMBER | WORK ASSIGNMENT | | JOB NUMBER |
|---|---|---|---|---|
| D-8- | 220 | N/A | | FROM          TO |

| HER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS |
|---|---|---|
| *(Ad-Seg)* | | FROM          TO |

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

SIR, the (CON) OR Appeals courdinator Refuse to complete
And Return my Appeal # SVSP-07-442 at the 2nd
Level, fUr Review. The due date for Response was
4-16-07, I have NOT Received A RESPONSE And

DO NOT write below this line. If more space is required, write on back.

REVIEWED BY

the Appeals office is expecting to receive                     DATE  5/14/07

OSITION

Assistance in the recent backlog of mailing

completed Appeals.        Elythorne        *(OVER ON BACK)*

I Request A Response to this Appeal And
All other over due Appeals.
                          Thank You!

P.S.

Also Counselors Refuse to schedule me for
I.C.C. within 45 days of my pre merd per
OP #29 Addedum bed Space managment.
CAN I be put up fuR transfer OR Released
FROM (ASU)? Thanks!

Declaration of Quillie Harvey H-28106

During the events described in this decla-
ration I Quillie Harvey H-28106 was Housed in
Salinas Valley State Prison from 11-21-02 until the
present day 12-8-05.
    Salinas Valley State Prison Appeals office Has
been engagen in Misconduct such as detaching supporting
documents from 602's in order to shield, disrupt, Improperly
Processing staff complaints as program 602's and numerous
of other titles. Also using the screen out to shield S.V.S.P (Salinas
valley state prison) from grievances.
    More specifically on 8-23-05 I filed a complaint
on Appeals Coordinator T. Variz for improperly screening out
numerous of my 602's attaching the 602's as supporting documents.
On 9-7-05 Appeals Coordinator J.N. Luman screened out the complaint
sending it back to me after He unlawfully detached pertinent
documents. On 10-17-05 I filed a complaint on J.W. Luman for un-
lawfully detaching supporting documents and engagen in other un-
lawful acts. Instead of Processing this 602 (complaint) J.W. Luman
unlawfully screened the complaint stating He did not Have my
documents. He sent this back on 11-9-05.
    S.V.S.P Appeals office Has created circumventing
schemes where they shield the Appeals Coordinator, S.V.S.P,
Correctional officers from the grievance system that is
suppose to be a neutral forum. / / / / / ? ( ) ) ) )
( ( ) ) ) )
    I declare under penalty of perjury that the foregoing is true, correct.

State of California                                                    Department of Corrections

## INMATE / PAROLEE APPEALS SCREENING FORM

INMATE: _Hollis_ _____ CDC #: _E 37508_ CDC HOUSING: _D5 207L_

2nd _____ 3rd _____ 4th _____

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] **1.** The action or decision being appealed is not within the jurisdiction of the department or this institution.

[ ] **2.** You have submitted a duplicate appeal on the same issue. Check one:
    [ ] Your first appeal was screened out on _____ for _____ Appeal #_____
    [ ] Your first appeal is currently under review at the _____ level. Appeal # _____
    [ ] Your first appeal has been completed at the _____ level. Appeal # _____

[ ] **3.** You are appealing an action:
    [ ] not yet taken    [ ] which has been completed    [ ] Other: _____

[ ] **4.** You have not adequately completed the Inmate/Parolee form or attached the proper documents.
**Please attach the following items or explain why they are not available and send what you have:**

| | | | |
|---|---|---|---|
| [ ] | CDC 115/Hearing Officer's Results | [ ] | CDC 128C Medical Chrono |
| [ ] | CDC 115 with IE/DA information | [ ] | CDC 1819 Denied Publications |
| [ ] | Supplemental Reports to CDC 115 | [ ] | Board of Control Claim/Release |
| [ ] | CDC 128G UCC/ ICC / ICC-ASU/CSR | [ ] | CDC 128 A [ ] CDC 128 B |
| [ ] | CDC 1030 Confidential Disclosure | [ ] | Property Inventory Receipt |
| [ ] | CDC 114D Lockup Order | [ ] | CDC 143 Property Transfer Receipt |
| [ ] | CDC 128G Ad/Seg ICC. | [ ] | Cell Search Slip |
| [ ] | CDC 128G CSR Endorsement Chrono | [ ] | Receipts |
| [ ] | CDC 839/840 Class/Reclass Score Sheet | [ ] | Qtr. Pkg. Inventory Slip |
| [ ] | CDC 7219 Medical Report | [ ] | Failed to Complete Section _____ |
| [ ] | CDC 7362 Health Care Request | [ ] | Sign & Date Section _____ |
| [ ] | Lab Results Sheet | [ ] | Emergency Not Warranted-CCR 3084.7 |
| [ ] | Trust Account Statement | [ ] | **Other: SEE COMMENTS BELOW** |

[ ] **5.** The appeal exceeds 15 days working days time limit, and the inmate has failed too offer a credible explanation as to why he could/did not submit appeal within the time limit, CCR 3084.2(c), 3084.3(c)(6), & 3084.5(c)(eff. Nov. 96)

[ ] **6.** This appeal is [ ] unclear  [ ] contains more than 1 additional page  [ ] contains more than 1 issue
    [ ] unreadable-rewrite in ink – this is a legal document & pencil/red ink do not copy well

[ ] **7.** ABUSE WARNING [ ] you may submit only 1 appeal per seven (7) day period. ( ) Profanity/Obscene language.

[ ] **8.** You may not submit an appeal on behalf of another inmate.

[X] **9.** Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR 3084.1(a).

**PLEASE FOLLOW INSTRUCTIONS AND RETURN WITH YOUR CDC 602 (IF APPLICABLE)**

Comments: _Follow my directions and CCR and your appeals will be processed appropriatly_

T. Vartz, CCII    ✱ DELIVERED SEP 2 - 2004 ✱ Date: _7-13-04_
**Appeals Coordinator**

This screening action may not be appealed unless you allege the above reason is inaccurate. In such a case, please return this form to the Appeals Coordinator with the necessary information.

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. _____
2. _____

Log No.

1. _____
2. _____

Category  *(1*

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| MARVIN HOLLIS | E-37508 | UNASSIGNED | D-5-207 |

A. Describe Problem: This complaint is filed against Salinas Valley state prison warden Edward Caden, Appeals coordinators T. Variz, and other staff responsible for processing appeals. On 6-29-04 T. Variz, delivered a medical appeal that was rejected on 5-24-04. The rejection screening form is not consistent with and in compliance to CCR. sections 3084.3(c), 3084.1(2), 3084.5, and operational procedure #48. This is filed as a inmate complaint per *(See Attachments)*

If you need more space, attach one additional sheet.

RECD JUL 12 2004

B. Action Requested: For my medical appeal dated 5-20-04 to be processed in accordance to op #48 and CCR. 3084.5. that is attached as exhibit (A) to this appeal.

Inmate/Parolee Signature: _Marvin Hollis_     Date Submitted: 7-12-04  7-12-04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

BRANCH APPEALS   OCT 19 2004

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

Administrative bulletin 98/10 and op #48.
Appeals staff have willfully misconducted
themselves by willfully inappropriately rejecting
my medical appeal so that I will be deprived
of seeking redress and to exhaust my administrative remedies so that I will be unable to
file litigation with the courts. The rejection screening
form on #6 say my appeal contains more than one
issue which was the reason for the rejection notice.
Appeals staff willfully inappropriately used
my action requested in section (B) as the
issue addressed in section (A) of my appeal.
The appeal issue is comprehensively and clearly
addressed in section (A) of my appeal.
I can request any action I choose in which
the responding staff have the option to grant,
partially grant, deny, or other for the action
requested in my appeal attached as exhibit (A)
It should be noted that I have several appeals
on record at (SVSP) That request "several things"
in the (action requested) and has been processed
without being discriminantly rejected as
containing more than one issue. This appeal is
further supported by ccr 3045...

Request

1-24-07

TO: APPEALS COORDINATOR

FROM: HOLLIS, E-37508                    D-8-113

RE: "Challenge to screening form"  (E)
                                    (#1)

RECD JAN 26 2007

Sir, the screening form is inaccurate. Please see attached 837/ Reissue/Rehear order. In addition, the "c" facility disciplinary officer signed his name and issued me my final copy on 12-11-06 not 12-1-06 as noted on the screening form. I submitted my appeal to the appeal office on 12-25-06 14 days after I received the final copy. I have complied to the directives on the screening form. Can my appeal now be processed for investigation and response?

KP.S. *                              Thank you!

2nd level order has not been adhered to by the (SHO). Can you please have the (SHO) to hear 2nd level appeal order. Thank!

"Request"

2-16-07

(E)
#(2)

TO: APPEALS COORDINATOR

FROM: HOLLIS E-37508        D-8-113
        * (2nd LEVEL APPEAL decision) *
            "NOT Adhered to"

The Regular "C" FACiLitY disciplinary officer who
was working ON 12-11-06. That IS who
Issued me my FiNAL copY. I put mY Appeal
IN the drop box per OP#40 ON 12-25-06.
mY Appeal was submitted within 15days
of Receiving the FiNAL copY.
The (SHb) did not Adhere to 2nd Level
directives IN Appeal Log# SVSP-06-00386
Due to the holidays, staff did Not process
ANY Appeals ON 12-25-06 OR 12-26-06.
I Request FoR mY Appeal to be processed
so I can exhaust mY administrative remedY
And seek enforcement of 2nd Level Appeal
decesion that Granted my RELief.
"C" FACiLitY Log book has the date mY FiNAL copY was Issued.

Request

2-22-07

TO: APPEALS COORDINATOR

FROM: HOLLIS E-37508        D-8-113

(RE)

CAN I exhaust my administrative Remedy?
I don't know the name of facility "C"
disciplinary officer. IF you can call I'm sure
you can find out. Due to my housing status I'm
unable to find out. Further more I had 15 days
From the date of my 1st screening form to
submit my appeal. my appeal was timely
submitted. IF you Refuse to allow me to
exhaust my administrative remedy can you
please Let me know IF my appeal Is
cancelled or Rejected. Thank you!
and how can I exhaust.

RECD FEB 28 2007

#(3)

(E)

Request "            #(4)
                            (E)

TO: APPEALS COORDINATOR 3 "WARDEN"     3-13-07
FROM: HOLLIS E-37508            D-8-220

* * * * * *
* (CAN YOU ENFORCE SUSP-06-00380) *
The appeals coordinator refuse to assign my appeal.

I request FOR RECONSIDERATION of YOUR
REVIEW. I found out the officers name
who signed and issued the FINAL copy
to me on 12-11-06. His NAME IS C/O
BERUMAN. He was the Facility "C"
disciplinary officer who signed his name.
AND issued the FINAL copy to me on 12-11-06
while I was in Ad-seg C-8 Ad-seg
over Flow. I was not issued the FINAL
copy on 12-1-06 cause I was being processed
into Ad-seg on 12-1-06. Why do I have to
Appeal what was granted to me by 2nd Level.
No matter if you process this appeal or not
the (SHO) still did not adhere to the
modification order. can You at Least

enforce the 2nd Level of appeal
decision and mail-order. can you
please contact c/o BERGMAN, for verification
I did not forge a signature. The
signature is one in the same.
I did not have a black felt tip pen
while in Ad-Seg. please reconsider.
I'm giving you and (SVSP) the opportunity
to handle this matter administratively.

P.S. can you at the minimum, enforce
SVSP-06-00380 that was granted ordering
the (SHU) to adhere and address the
disparity of the Reports. I was given a
aggravated (SHU) due to this (RVR).
It appears you are retaliating against me not
to assign this appeal and to enforce
SVSP-06-00380.

Request
6

(D)   #1

4-22-07

TO: APPEALS COORDINATORS & WARDEN

FROM: HOLLIS, E-37508       D-8-220

RE: "CHALLANGE to SCREENING FORM"
    * (INAPPROPRIATE SCREENING of MY APPEAL) *
         * (3004(2)) *

SIR, THE SCREENING FORM IS INACCURATE. I SUFFERED
LOSS OF good time credits AND PRIVILEGES which
IS A ADVERSE EFFECT. THE (SHO) ADVISED ME AT MY
cell door that I have A right to appeal her
disposition AND findings. THE body OF THE RVR)
CLEARLY AND COMPREHENSIVELY STATED I REFUSED to
ACCEPT A INMATE ASSIGNED to D-8-219 which the
REPORTING employee signed AS A TRUE and CORRECT
REPORT. THE (SHO) HAD A predetermined belief AND
denied me MY right to attend the hearing which
A signed "WAIVER" WAS Required. HOW CAN I
exhaust MY administrative remedy to the ISSUE
RAISED IN MY APPEAL? IS MY APPEAL REJECTED
OR CANCELLED? HOW did You come to Your
PERSONAL CONCLUSIONS without A INVESTIGATION to
the ISSUE I RAISED? PLEASE REVIEW CCR. 3084.5 (h
(1) 3 (2) FOR procedural AND due PROCESS violations
     * (OVER ON BACK) *
                        Thank You!

#2

I'm repeatedly informed by (SVSP) officials to utilize the appeals process but when I do my appeals are frequantly screened out in bad faith to harass and retaliate against me. My appeal is not frivilous and has merit to the arbitrary actions taken against me. It's not my fault the (SHO) choose to violate my rights and not adhere to Title 15. division 3. The appeals coordinators are using the screening forms to harass me and circumvent the appeals process. one day the federal courts will step in and correct the unfair appeal procedures in place. It's staff like the appeals coordinators who causes litigation against (CDC3'R) with their discriminatory actions and procedures against me. although I don't have a constitutional right to the appeals process. I do however have a state right.

"Request"

7-26-06

TO: N. GRANNIS

(SUSP)

FROM: HOLLIS, E-37508        C-3-225

RE: NGO V. Woodford. 403 F.3d 620 (9th Cir(2005))
*(CCR. 3084.1(12))*
(Bradley v. Hall 64 F.3d 1276 (9th Cir(1995))
I Request to exhaust my administrative remedy so
I can take court action or for you to have (SVSP)
appeals coordinators to assign my appeals for investigation
and Response. I'm attempting to resolve the Issues
Raised administratively prior to taking civil action in
conjunction with these appeals and SVSP-D-06-01516.
(SVSP) appeals coordinators are generating screening forms
in bad faith attempting to shield (SVSP) staff from the
appeals I file against them. (SVSP) appeals coordinators
are continuously harassing me by not assigning my appeals
and generating screening forms not in compliance
and accordance to Title 15. Division 3. And in
bad faith. I have a 1st amendment right to freedom of
speech, expression and to petition the government to seek
Redress of grievances.

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

### (Fed. R. Civ.P.5; 28 U.S.C. § 1746)

I, _MARVIN GLENN HOLLIS_ , declare:
I am over 18 years of age and a party to this action.   I am a resident of
_High desert state PRISON_ ~~Prison~~,
in the county of _LASSEN_ , State of California.   My prison address is:
_P.O. BOX 3030  SUSANVILLE, CA, 96127_ .

On _MARCH 26, 2008_ , I served the attached:
"_opposition_" _to defendants notice of motion and motion_
_to dismiss and motion FOR qualified immunity._
_LetteR dated 3-10-2008 from defendant about discovery._
~~t~~e parties herein by placing true and correct copies there of, enclosed in a sealed envelope,
~~p~~ostage thereon fully paid, in the United States Mail in a deposit box so provided at the
~~n~~amed correctional institution in which I am currently confined.   The envelope was
addressed as follows:

_U.S. Northern District court_   _ms. CYNThiA C. FRITZ, "DAG"_
_450 Golden Gate Ave._   _455 Golden Gate Ave. ste. #1000_
_SAN FRANCISCO, CA, 94102_   _SAN FRANCISCO, CA, 94102-7004_

I declare under penalty of perjury under the laws of the United States of America that the
forgoing is true and correct.

Executed on _3-26-08_    _Marvin Glenn Hollis_
(Date)    (Declarant signature)

**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public:   (415) 703-5500
Telephone:   (415) 703-5793
Facsimile:   (415) 703-5843
E-Mail:  Cynthia.Fritz@doj.ca.gov

March 10, 2008

Marvin G. Hollis
E-37508
High Desert State Prison
Facility A
P.O. Box 3030
Susanville, CA  96127

RE:    MARVIN G. HOLLIS v. ELOY MEDINA
       United States District Court, Northern District of California, Case No. C 07-2980 TEH
       (PR)

Dear Mr. Hollis:

I respond to your February 18, 2008 letter regarding discovery issues.  On March 5, 2008, Defendant served the Response to Request for Admissions.  Defendant also filed and served a Motion to Stay Discovery on March 10, 2008.  If the Motion to Stay Discovery is granted, any further discovery is stayed pending the outcome of the Motion to Dismiss and Motion for Qualified Immunity.  If the Motion to Stay Discovery is denied, Defendants will answer any outstanding discovery according to the Court's order.

Sincerely,

CYNTHIA C. FRITZ
Deputy Attorney General

For    EDMUND G. BROWN JR.
       Attorney General

CCF:

40225884.wpd