1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  CYNTHIA C. FRITZ, State Bar No. 200147
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5793
    Fax: (415) 703-5843
8   Email: Cynthia.Fritz@doj.ca.gov

9  Attorneys for Defendant E. Medina

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVIN G. HOLLIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ELOY MEDINA,<br><br>　　　　　　　　　　Defendant. | C 07-2980 TEH (PR)<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |

## INTRODUCTION

On February 25, 2008, Defendant E. Medina (Defendant) filed a Motion to Dismiss. (Court Docket (CD) # 7.) In his motion, Defendant moved to dismiss Plaintiff's action under the non-enumerated portion of Rule 12(b) due to Plaintiff's failure to exhaust his administrative remedies before filing suit as required under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a). Defendant also moved for qualified immunity. (*Id.*) On March 28, 2008, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. (CD # 21.)

Plaintiff failed to meet the required fifteen-day deadline despite his assertion to the contrary,

and Plaintiff failed to state a claim for relief against the Defendant.

## ARGUMENT

### A. Plaintiff's Claim That His Final Rules Violation Report Was Returned to Him on December 11, 2008 Is Not Supported by the Evidence.

Defendant asserts that Plaintiff failed to file his appeal, institutional log number SVSP-D-07-1415, timely and beyond the fifteen-day deadline and therefore failed to exhaust his administrative remedies as required under PLRA. 42 U.S.C. § 1997e(a).

In Plaintiff's opposition, he claims that the final Rules Violation Report (RVR) was returned to him on December 11, 2006 and he subsequently filed a timely RVR appeal, institutional log number SVSP-D-07-1415, on December 25, 2006. Defendant contends that the final RVR was returned to Plaintiff on December 1, 2006 and he filed an untimely appeal, institutional log number SVSP-D-07-1415, on December 27, 2006. Defendant's contentions are supported by the RVR that shows at the bottom of the page that a copy of the Rules Violation Report was given to the inmate after the hearing on December 1, 2006 at 1530 hours. (*See* Declaration of E. Medina, CD # 9, Ex. F.) And, Plaintiff's own exhibit, attached to his declaration as Exhibit B, shows that appeal SVSP-D-07-1415 was received and date stamped by the inmate appeals office on December 27, 2006 at 1530 hours. (*See* Declaration of Hollis, CD # 24, Ex. B, 8.) Plaintiff's exhibit B also shows that he failed to properly exhaust his administrative remedies. (*See* Declaration of Hollis, CD # 24, Ex. B, 8.)

The Court may look beyond the pleadings and decide disputed issues of fact when ruling on Defendant's non-enumerated Rule 12(b) motion for failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The documentary evidence supports Defendant's facts that Plaintiff filed an untimely appeal and failed to properly exhaust his administrative remedies. In *Woodford v. Ngo*, the Supreme Court held that the PLRA's exhaustion requirement requires the "proper exhaustion" of administrative remedies. *Woodford*, 126 S. Ct. at 2386. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without

imposing some orderly structure on the course of its proceedings." *Id.*

As such, Plaintiff's argument that he met the required deadline and exhausted his administrative remedies when the prison officials canceled his appeal for untimeliness is contrary to facts in this case and the controlling case law. *See Woodford*, 126 S. Ct. 2378.

**B. Plaintiff's Opposition Shows That a Grievance Procedure Exists at the Prison and Therefore He Can Not State a Claim for Relief Against the Defendant.**

Plaintiff does not allege that the Salinas Valley State Prison lacks a grievance procedure. In fact, Plaintiff admits in his opposition papers that a grievance procedure exists. Plaintiff's sole basis for relief is that Defendant allegedly retaliated against him by screening out a prior RVR grievance. (Compl., at 2(b)-3(c).) Plaintiff's claim is not cognizable under 42 U.S.C. § 1983. *See Ove. v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). No liberty interest exists in processing of appeals because there is no entitlement to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *See also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "There is no constitutionally protected right to an appeals process and there is no constitutionally protected right to a particular outcome." *Lewis v. Tilton*, 2008 WL 282381 at *4 (E.D. Cal. January 31, 2008). "Even if the interference with plaintiff's use of the prison grievance system occurred in retaliation for his prior use of that system, defendants' actions in interference with and/or reviewing, or issuing decisions on the appeals do not provide a basis upon which to impose liability under § 1983." *Id.* Accordingly, Plaintiff's claim that Defendant retaliated against him by improperly screening or processing a prior RVR appeal should be dismissed, because it does not rise to a level of a protected constitutional right and fails to state a cognizable claim for relief under 42 U.S.C. § 1983.

//
//
//
//
//

Def.'s Reply to Plaintiff's Opp. to Mot. to Dismiss     M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)

3

# CONCLUSION

Defendant respectfully requests that the Court dismiss this action since Plaintiff failed to exhaust his available administrative remedies through the requisite third level, failed to state a claim for relief against Defendant, and requests qualified immunity for Defendant's actions.

Dated: April 10, 2008

                      Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

*/s/ Cynthia C. Fritz*

CYNTHIA C. FRITZ
Deputy Attorney General
Attorneys for Defendants

40239987.wpd
SF2007403555

Def.'s Reply to Plaintiff's Opp. to Mot. to Dismiss     M. Hollis v. E. Medina, et al.
C 07-2980 TEH (PR)

4