MARVIN HOLLIS, E-57208
High desert state prison
P.O. Box 3030, C-8-127
Susanville, Calif, 96127
       IN PRO-PER

FILED

08 APR 25 PM 1: 33

RICHARD W. WILKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United states District Court
Northern district of California

| | |
|---|---|
| MARVIN GLENN HOLLIS,<br>PLAINTIFF<br><br>vs.<br><br>ELOY MEDINA,<br>DEFENDANT | CASE NO. C-07-2980-TEH (PR)<br>opposition And objection to<br>defendants Reply To Plaintiff's<br>opposition to motion To Dismiss. |

Plaintiff hereby oppose and objects to defendants Reply to plaintiff's opposition to motion to dismiss. Respondents comprehension of the Facts, Laws, and plaintiff's opposition is misplaced. Respondents Reply is off point and is intended to confuse the court. Respondent assert that plaintiff Appeal Log#.SVSP-D-07-1415 was untimely is unreasonable based on the evidence in this case And Refuted by the assignment of appeal Log#3VSP-D-07-1415 And attachments to plaintiff opposition Attorney general informal Response to habeas corpus case number HC5711.

(1)

The APPEAL DEFENDANT REFER to IN their REPLY AS
being UNTIMELY REGARDING MY APPEAL SubmitteD ON
DECEMBER 25, 2006 APPEALING A QUILTY FinDing
to RULES VIOLATION REPORT # C-06-03-0012R WAS
DeemeD TIMELY SubmitteD AS MY APPEAL
CHALLANGING the QUILTY FinDing to RVR#C-06-03-
0012R WAS IMPROPERLY SCREENED out. The (RVR) #
C-06-03-0012R Final CopY WAS ISSueD to plaintiff
ON 12-11-06 Not 12-1-06 AS defendants IS
Attempting to MANIPULATE AND be dishonest to
the COURT that the (RVR) WAS Final copY WAS ISSueD to
plaintiff ON 12-1-06. IN ANY event, the APPEAL
CHALLANGING RVR#C-06-03-0012R has nothing to do
With the CURRENT ISSUE wheather OR Not I exhausted
MY AdministRAtive RemeDY. The APPEAL At ISSUE
wheather OR Not I exhausted MY AdministRAtive
RemeDY to bRing this Action IS SVSP-D-07-1415
Which IN Fact WAS TIMELY SubmitteD. APPEAL
# SVSP-D-07-1415 WAS SubmitteD 3 days After
defendant RetaLiation Not to ASSign MY APPEAL
dated 12-25-06 CHALLANGING RVR#C-06-03-0012R.

(2)

This RetALiAtioN had A chilling effect And did not serve A Legitimate penoLogical INterest or INStitutionAL goALS. PLAiNtiFF has A constitutionAL And FedeRAL StAtuAtoRY Right not to be RetALiated AgAinst because of pLAintiFF's protected conduct. Rhodes v. RobinSon 408 F.3d 559, 567-68 9th CiR.(2005) The wAY defendant Argue would FoRecLose A pRisoneR From bringing A RetALiation cLAim. INJuRY Asserted bY pLAintiFF, that defendant RetALiAtion INFRinged mY Right to FiLe pRison gRievAnces.    BRuce v. YIst 351 F.3d 1283 (9th CiR(2003))

HineS v. GomeZ 108 F.3d 265 9th CiR.(1997)

Rhodes v. RobinSon 408 F.3d 559, 567-68    As stated

IN the oppositioN AppeAL # SvSP-D-07-1415 wAS Indeed timeLY And submitted weLL within the 15 dAY time LimitAtioNS. DefendAnt has eRRouneouSLY ~~strikethrough~~ stated that pLAintiFF Filed AN untimelY AppeAL which IS ReFuted bY the FiLe, And documents IN this CASE.

(3)

For the Foregoing ~~motion~~ Reasons and Reasons
As stated In plaintiff's opposition, plaintiff
Respectfully Request for the Court to deny
defendant's motion to dismiss and motion
For qualified Immunity and order defendant
to file a motion for summary Judgement and
other action as the court may deem proper.

Respectfully submitted,
Dated: 4-22-08                    Murdin Glenn Hollis
                                     - Plaintiff -

DECLARATION

CASE NO. C-07-2980 - TEH-PR

I declare as follows;

1. That I received RVR#C-06-03-0012R on 12-11-06 and continuously notified defendant and provided sufficient information and evidence that I received the (RVR) on 12-11-06 and I submitted a appeal on 12-25-06 within 15 days challaging the guilty finding to (RVR) # C-06-03-0012R.

2. That c/o ALVAREZ informed me that he did not talk to defendant about RVR# C-06-03-0012R while I was housed at SALINAS VALLEY state prison.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22 day April 2008 at SUSANVILLE CALIF.

Murrin Hollis
- Plaintiff -

Exhibit "A"

supporting documents

Exhibit "A"

Ex 6

*EDMUND G. BROWN JR.*
*Attorney General*



**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5774
Facsimile: (415) 703-5843
E-Mail: Stacey.Schesser@doj.ca.gov

September 10, 2007

The Honorable Gary E. Meyer
Monterey County Superior Court
240 Church Street
Salinas, CA 93902-0414

# FILED

SEP 11 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
S. GARSIDE____ DEPUTY

RE:    **INFORMAL RESPONSE**
       **In re Marvin Hollis, Case No. HC 5711**

Dear Judge Meyer:

This letter is written pursuant to the court's request for an informal response to inmate Marvin Hollis's petition for writ of habeas corpus. Petitioner Hollis is a California state inmate at Salinas Valley State Prison who alleges that the prison failed to properly process his administrative appeals and contests the outcomes of his Rules Violation Reports.

After reviewing Hollis's petition and speaking with prison staff, it was discovered that Hollis's appeal submitted on December 25, 2006 contesting rule violation report number C-06-03-0012R was improperly screened out. Based on the discovery that this appeal was timely submitted, the appeal is now approved for a Second Level Response. According to the information available, it appears that the merits of this appeal will be addressed by Second Level Appeal Response. However, any modification order is contingent on Hollis re-submitting the original appeal with attached supporting documentation. Additionally, Hollis should attach this informal response letter per the request of the Appeals Coordinator.

With respect to the second appeal, Log Number SVSP-D-07-01510, the appeals office has also determined that it will reexamine Hollis's appeal to determine if there was a due process violation. Again, this is contingent on Hollis resubmitting the original appeal with attached supporting documentation and a copy of this informal response letter. Hollis should re-submit this appeal and direct it to Appeals Coordinator E. Medina's attention.

Because Hollis has received the relief requested, namely a review of his administrative appeals, these claims should be dismissed as moot. As a general principle, it is the duty of a court to decide only "actual controversies" by judgments which can be carried into effect. "[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost

The Honorable Gary E. Meyer
September 10, 2007
Page 2

that essential character, it becomes a moot case or questions which will not be decided by the court." (*Wilson v. Los Angeles County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453.)

With respect to his substantive claims, including whether he was properly found guilty of the rule violations, the court cannot review these claims because they have yet to be administratively exhausted. It is well settled that an inmate must exhaust all administrative remedies available to him before he may seek relief on a habeas corpus petition. (*In re Dexter* (1979) 25 Cal.3d 921, 925; *In re Muszalski* (1975) 52 Cal.App.3d 500, 503.) Adherence to the exhaustion principle ensures deference to the expertise and discretion of administrative agencies and forestalls a deluge of untimely petitions to an often overburdened judiciary. (*McKart v. United States* (1969) 395 U.S. 185, 193-195.) Hollis must first fully exhaust his administrative remedies and allow the prison to fully investigate and review any issues before judicial review is proper. Accordingly, respondent respectfully requests that this petition be dismissed without prejudice to Hollis.

Sincerely,

*Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
State Bar No. 245735

For   EDMUND G. BROWN JR.
Attorney General

SDS:ls

cc: Eloy Medina, SVSP Appeals Coordinator

20103701.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re Hollis**

No.:   **HC 5711**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>September 10, 2007,</u> I served the attached

### INFORMAL RESPONSE

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Marvin G. Hollis**
**E-37508**
**Salinas Valley State Prison**
**P. O. Box 1020**
**Soledad, CA 93960-1020**
*in pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 10, 2007, at San Francisco, California.

| L. Santos | L. Santos |
|---|---|
| Declarant | Signature |

20104009.wpd

DUE TO CLERICAL ERROR AND WORKLOAD
AT THE TIME, THE FINAL COPY FOR
RVR CO6-03-0017R WAS ISSUED
ON 12/11/0c AT 1900.
IF QUESTIONS ARISE PLEASE CONTACT
ME AT 6584

VERGMEN

(1)
(B)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

# RULES VIOLATION REPORT

(1)

(B)

| CDC NUMBER E-37503 | INMATE'S NAME Hollis | | RELEASE/BOARD DATE | INST. SVSP | HOUSING NO. | LOG NO. CCB- |
|---|---|---|---|---|---|---|
| VIOLATED RULE NO(S). 3005(c) | | SPECIFIC ACTS Battery on a Peace Officer | LOCATION Fac 'C' C8 Shower | | DATE 04-18-05 | TIME 1115hrs. |

CIRCUMSTANCES On 03-17-06, the Rules Violation Report (CDC 115) log #FC05-04-0049, dated 04-18-05, was ordered reissued and reheard pursuant to memorandum dated 03-17-06. On 04-18-05, at approximately 1520 hours, while performing my duties as C8 Ad-Seg Officer, performing escorts when I entered building 8 C-Pod Inmate Hollis (E-37503, C8-226L) was inside C-Pod shower banging on the shower door and pressing on the alarm button. I told Inmate Hollis to calm down and stop banging on the shower door and pressing on the alarm button, and once we get our Ad-Seg inmate secured in his cell, the Control Booth Officer will let him out of the shower. Inmate Hollis did not listen and continued to bang on the shower and press the alarm. Once our inmate was secured, I went over to C-Section Shower and attempted to calm Inmate Hollis down while trying to get the Control Booth Officers attention. I told Inmate Hollis to stop pressing the alarm button with negative results. I placed my hand over the alarm button next to the shower and Inmate Hollis stated "I can do what I want and if I want to get you, I can" and then aggressively grabbed upon the wrist area, I pulled back quickly and walked away from the shower. Officer Zamora walked up and opened the shower not knowing not knowing what had taken place. Inmate Hollis stated he needed to see the supervisor and I then advised Officer Zamora that inmate Hollis had grabbed my wrist and that he needed to placed in mechanical restraints (handcuffs). Officer Zamora then placed handcuffs on inmate Hollis and I followed the escort to Facility "C" Medical.

| REPORTING EMPLOYEE (Typed Name and Signature) L. Goodlett, Correctional Officer | DATE | ASSIGNMENT C8 Ad-Seg Extra | RDO'S F/Sa. |
|---|---|---|---|

| REVIEWING SUPERVISOR'S SIGNATURE | DATE 03/24/06 | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| | | DATE _____ LOC. _____ |

| CLASSIFIED ☐ ADMINISTRATIVE ☒ SERIOUS | OFFENSE DIVISION: B | DATE 3/24/06 | CLASSIFIED BY (Typed Name and Signature) WAYNE | HEARING REFERRED TO ☐ HO ☒ SHO ☐ SC ☐ FC |
|---|---|---|---|---|

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | |
|---|---|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME 2100 | TITLE OF SUPPLEMENT | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME 200 | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

**Plea:** Inmate HOLLIS entered a plea of NOT GUILTY at this RVR hearing.

**Findings:** Inmate HOLLIS was found GUILTY of CCR §3005(c), specifically "Battery On A Peace Officer", a Division "B"(1) offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (Findings Con't See CDCR-115C)

**Disposition:** Inmate HOLLIS was assessed 0 days forfeiture of credits due to loss of time constraints. Hearing was not held within 30 days of the date the inmate was provided a copy of the CDCR-115.

**Additional Disposition:** Inmate HOLLIS was counseled, warned and reprimanded.

**Additional Disposition: Mitigation:** Recommended by Clinician Yes [ ] No [X]
SHO Agrees                        Yes [X] No [ ]

**Classification Referral:** Refer to UCC for Program Review.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) C. Barroga, Correctional Lieutenant | SIGNATURE | | DATE 11/7/06 | TIME |
| REVIEWED BY: (SIGNATURE) G. Ponder, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M. P. Moore III, CDO | DATE | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE 12/11/06 | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

PAGE 1 OF 4

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| B-37508 | HOLLIS | C06-03-0012R | SVSP | 11/17/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

Hearing Date: 11/17/06.                Time: 1310 hours.                Any Postponement Explained: N/A.

**Inmate Plea and Statement:** Inmate HOLLIS entered a plea of NOT GUILTY and stated: "I request not guilty in the interes of justice. The RVR incident indicate it happened at 1520 hours which is contrary to Officer Zamora written report In addition, the RVR has two different log Number and date."

**Inmate's Health:** Inmate HOLLIS claims to be in good health and prepared to proceed with the disciplinary process.

**MHSDS:** Inmate HOLLIS **is** a participant in the Mental Health Services Delivery System at the CCCMS level of care. Th circumstances of the RVR do not indicate that Inmate HOLLIS exhibit any bizarre behavior that would raise concerns abou his mental health. However, (after Inmate HOLLIS was escorted to and placed into a holding cell after this incident Inmate HOLLIS attempted to commit suicide. The act of attempting to commit suicide raises concerns about his menta health. Therefore, per Coleman vs. State of California agreement. An evaluation of the Mental Health Assessment wa completed by S. H. Smith, Ph.D. on 04/11/06. At the hearing, Inmate HOLLIS did not demonstrate any strange, bizarre or irrational behavior.

A Mental Health Assessment was completed by S. H. Smith, Ph.D. on 04/11/06 and revealed the following information:
Q1) Are there any Mental Health factors that would cause the Inmate to experience difficulty in understanding th disciplinary process and representing his interest in the hearing that would indicate the need for the assignment o a Staff Assistant?
A1) No.
Q2) In your opinion, did the Inmate's Mental disorder appear to contribute to the behavior that led to the RVR?
A2) No.
Q3) If the Inmate was found guilty of the offense, are there any Mental factors that the hearing Officer should conside in assessing the penalty.
A3) No.

**DUE PROCESS:** Date of Discovery: 04/13/05.        Hearing started on: 11/17/06.
Reissue/Rehear MD Order date: 03/17/06.        Initial RVR copy served on: 03/29/06.
CDCR-115-MH served on: 11/07/06.        Investigative Employee served on: 11/07/06.
Incident Package served on: 03/29/06.        D.A. Rejected date: 08/09/05.

**D.A. Referral:** This matter was referred to the Monterey County District Attorney's Office for possible Felon Prosecution.

**D.A. Postponement:** On 04/26/05, Inmate HOLLIS requested the hearing be postponed, pending the outcome of the D.A referral, as indicated by his signature on the initial CDCR-115A. On 08/09/05, this case was returned to ISU indicatin the case has been Rejected by the D.A. Pursuant to CCR §3316(D)(2), a decision to not prosecute or a court's dismissa of criminal charges without acquittal shall not prohibit or alter a departmental disciplinary hearing on the rul violation charges.

C. Barroga, Correctional Lieutenant

| (HEARING CON'T SEE CDCR-115C) | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | 11/17/06 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 12/1/06 | 1550 |

OSP 99 2508

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

**RULES VIOLATION REPORT - PART C**

PAGE _2_ OF _4_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | C06-03-0012R | SVSP | 11/17/06 |

☐ SUPPLEMENTAL  ☒☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒☒ HEARING  ☐ IE REPORT  ☐ OTHER

**Time Constraints:** Were not met, however, hearing was conducted with no forfeiture of credits being assessed per 3320(a)(1). Hearing was not held within 30 days of the date the Reissue/Rehear MOD Order dated 03/17/06. Inmate HOLLIS acknowledged receiving all documents used for this hearing 24 hours prior to the hearing.

**TABE Score:** Inmate HOLLIS TABE Reading Score was Above 4.0 as noted in the Central File. Inmate HOLLIS read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Inmate HOLLIS requested and does meet the criteria for assignment of an Investigative Employee. Correctional Officer C. A. Salopek was assigned. Officer C. A. Salopek interviewed Inmate HOLLIS as part of the investigative process, gathered information from witnesses, asking each witness specific questions posed by Inmate HOLLIS and follow up questions posed by I.E. for clarification purposes. Officer C. A. Salopek prepared his report, to include his summation of the facts, and provided a copy of the report to Inmate HOLLIS more than 24 hours prior to this hearing.

**Evidence Requested or Used:** There was no evidence requested or used.

**External/Outside Evidence:** N/A.    **Video Tape Evidence:** N/A.    **Confidential Information:** N/A.

**Witness Requested:** Inmate HOLLIS requested the following witnesses to be present at the hearing:
1) Reporting Employee (R.E.) Correctional Officer L. Goodlett; SHO Granted via Speaker Phone.
2) Correctional Officer L. Zamora; SHO Granted.
3) Investigative Employee Correctional Officer C. A. Salopek; SHO Denied this witness due to this SHO determined that this requested witness would not provide any further information that would be relevant to the hearing.
4) Facility C-8 Control Booth Officer; SHO Denied due to Control Booth Officer did not witness the incident.

**Witness Testimony at Hearing:** The following Granted witnesses testified at the hearing:
1) Inmate HOLLIS asked R.E. Officer L. Goodlett the following questions via Speaker Phone:
Q1) What wrist did I allegedly grab?
A1) I think my right wrist.
Q2) Inmate HOLLIS was pressing the button with negative result. How did you placed your hand over the alarm button?
A2) When you took your hand away.
Q3) How did I allegedly grabbed your wrist?
A3) You had your hand through the shower door and grabbed my wrist.) _Prior statement I reached through shower_
Q4) Where was Officer Zamora at the time of battery?
A4) He was not next to me, I think he was at cell door.

2) SHO asked R.E. Officer L. Goodlett the following question(s) via Speaker Phone:
Q1) At about what time did the incident occurred?
A1) Don't recall the time whether it happen on Second Watch or Third Watch.

C. Barroga, Correctional Lieutenant

| (HEARING CON'T SEE CDCR-115C) | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | 11/17/06 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 12/1/06 | 1530 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

**RULES VIOLATION REPORT - PART C**

PAGE 3 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | C06-03-0012R | SVSP | 11/17/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER

3) Inmate HOLLIS asked Officer L. Zamora the following questions:
Q1) What direction were you facing when you were at the podium and 'C' section phone?
A1) I was facing towards the Control Booth and talking to Control Booth Officer.
Q2) Did you release me from the shower after or before Officer Goodlett inform you that I allegedly grabbed his wris at 1115 hours?
A2) I release you from the shower before Officer Goodlet informed me of the incident.
Q3) At what time did this allegedly incident occurred and whether it happened during Second Watch or Third Watch?
A3) At about 1115 hours during Second Watch.

4) SHO asked Officer L. Zamora the following questions:
Q1) Who was your partner in C-8 'C' section at the time of incident?
A1) It was Correctional Officer L. Goodlett.
Q2) Were you by (next to) Officer Goodlett side at the time of the incident?  If not, where were you?
A2) No, I was between the podium and the 'C' section telephone.
Q3) When / where did Officer Goodlett informed you that HOLLIS grabbed his wrist?
A3) Officer Goodlett informed me during the escort at nearby the C2 observation gun.

MAVERSE

**Enemy Concerns:** There was no enemy concerns related with this disciplinary hearing.

**Findings:** Inmate HOLLIS is found **GUILTY** as charged.  This finding is based upon the following preponderance of evidence:

1) RVR Log #C06-03-0012R, authored by Reporting Employee (R.E.) Correctional Officer L. Goodlett, which states in part:
a) R.E. Correctional Officer L. Goodlett was a witness to Inmate HOLLIS continuously banging on the shower door in 'C' Pod shower and pressing on the alarm button.
b) R.E. Officer L. Goodlett told Inmate HOLLIS to calm down and orders him stop banging on the shower door and pressing the alarm button with negative results.
c) Officer L. Goodlett again trying to calm Inmate HOLLIS down and told him to stop pressing the alarm button with negative results.  Officer Goodlett then placed his hand over the alarm button in an attempt to stop Inmate HOLLIS from pressing the alarm button.
d) R.E. Officer L. Goodlett was an eye witness when Inmate HOLLIS made the statement "I can do what I want and if I want to get you, I can."  By making the statement, Inmate HOLLIS showed his intent to harm staff.
e) After Inmate HOLLIS made the statement, he aggressively grabbed Officer Goodlett on the wrist area.

2) Incident Report Log #SVP-FC3-05-04-0227, authored by Lieutenant J. Celaya which states in part:
"On 04/18/05, at approximately 1115 hours, Inmate HOLLIS (E-37508) reached through the shower bars and grabbed Officer L. Goodlett by the wrist.  Officer L. Goodlett pulled his hand quickly away and stepped from the shower.  Officer L. Zamora removed Inmate HOLLIS from the shower and placed him in handcuffs.  Officer Zamora escorted Inmate HOLLIS to the Medical Health Annex and secured him in holding cell #1.

3) The finding of Guilt was based on a compelling preponderance of evidence as provided.

C. Barroga, Correctional Lieutenant

| (HEARING CON'T SEE CDCR-115C) | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | 1/17/06 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 12/1/06 | 1830 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

**RULES VIOLATION REPORT - PART C**

PAGE 4 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | C06-03-0012R | SVSP | 11/17/06 |

| ☐ SUPPLEMENTAL | ☒☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒☒ HEARING | ☐ IE REPORT | ☐ OTHER |

**CONCLUSION:** After further review of Correctional Officers L. Goodlett and L. Zamora Crime/Incident Report CDCR-83 Part 'C'. This SHO noticed there was a disparity between the Officers statements regarding the timing of when Office L. Goodlett informed Officer L. Zamora of when Inmate HOLLIS grabbed Officer Goodlett wrist. This SHO further notice the Inmate's claim that the time of the incident on the RVR was at 1520 hours. After review of the Incident Report it was discovered that the incident occurred at 1115 hours. The 1520 hours was a typographical error and had no bearin on the findings of the RVR. Based on the Reporting Employee Report of Officer L. Goodlett, this SHO finds th preponderance of the evidence has been met to render and sustain a finding of Guilt on the charged offense of Inmat HOLLIS violated CCR §3005(c); specifically, "Battery On A Peace Officer", a Division "B(1)" offense per CCR §332 (d)(1).

**Appeal Rights:** Inmate HOLLIS was advised of his rights to appeal per CCR section §3084.1 (a). Inmate HOLLIS wa informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer.

C. Barroga, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 11/17/06 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 12/1/06 | 1530 |

☑ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 2508

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIO
RULES VIOLATION REPORT - PART C
PAGE _2_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-37508 | HOLLIS | C06-03-0012R | S.V.S.P. | |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER____

011) Once your Ad/Seg inmate was secured as indicated in your report. Why was it necessary to approach the shower area, and why was didn't you instruct the control booth officer to release me from the shower, if your Ad/Seg inmate was secured as mentioned in your reports?
A11) N/A

012) Where was Officer Zamora presence in the building once Ad/Seg inmate was secured and you approached the shower area?
A12) N/A

013) How did you allegedly attempt to calm Inmate HOLLIS down?
A13) N/A, I gave a direct calm order for Inmate HOLLIS to stop his actions.

014) Did you observe Inmate HOLLIS make allegations against you to RN. P. Gross in the Facility "C" Medical Clinic for use of unnecessary and excessive force prior to you informing any supervisor that Inmate HOLLIS allegedly aggressively grabbed your wrist?
A14) No.

**Staff Witness Statement:** On 08-25-05, I interviewed staff witness, Correctional Officer L. Zamora, regarding the char and his recollection of the events of that day. Officer Zamora offered the following statement, "During shower progm on the date in question, Inmate HOLLIS refused to comply with my instructions to return to his cell. I placed HOLLIS in handcuffs and escorted him to the Facility "C" Medical office for a CDC 7219 and then to holding cell #1 in the health Services Annex."

**Inmate HOLLIS had the following questions for Officer Zamora:**

Q1) At 1115 hours on April 18, 2005 did you generate a true and correct report to the alleged Battery on Staff, and complete report of the alleged incident?
A1) Yes.

Q2) After you and Officer Goodlett instructed the control booth officer to open "C" section shower door to allow me to go back to my cell at 1115 hours on April 18, 2005 did you observe at any time during both you and Officer Goodlett presence at the shower or were the both of you instructed the control booth officer to let me out of the shower, Inmat HOLLIS grab Officer Goodlett's wrist."
A2) No.

Q3) At 1115 hours on April 18, 2005 where was your presence in "C" section from the time I was released from the show after you and Officer Goodlett instructed the control booth officer to open the "C" section shower door where I was located?
A3) I was between the "C" section phone and the podium.

Q4) At 1115 hours were you present along side Officer Goodlett of wit Officer Goodlett from the time your escort inmat was secured til the time I was placed in handcuffs?
A4) I placed Inmate HOLLIS in handcuffs and escorted him to the Facility "C" Medical officer for a CDC 7219 and then placed him in the holding cell along with Officer Goodlett.

Q5) At what time did Officer Goodlett allegedly inform you that I grabbed his wrist? and was that before the both of you instructed the control booth officer to release me from the shower?
A5) Inmate HOLLIS was done with his shower and I instructed the control booth officer to open the shower door for HOLL to return to his assigned cell, and later found out about the incident.

Q6) Did you order Inmate HOLLIS to submit to handcuffs because he refused to lock it up and requested to speak to a supervisor or because Officer Goodlett allegedly informed you that Inmate HOLLIS had just grabbed his wrist?
A6) I ordered Inmate HOLLIS to submit to handcuffs because he was refusing to lock up and was delaying the unit's program. (Con't See CDC-115-C)

TRAVERSE

| C.A. Salopek, Correctional Officer | | | |
|---|---|---|---|
| SIGNATURE OF WRITER | | | DATE SIGNED |
| | | | 11/07/__ |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED | |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | 11/07/06 | A15 | |

CDC 115-C (5/95)
OSP 99 250

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIC

**RULES VIOLATION REPORT - PART C**

PAGE 3 OF 3

| CDC NUMBER | INMATE'S NAME | | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|---|
| E-37508 | HOLLIS | | C06-03-0012R | S.V.S.P. | |

| SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER |

Q7) Did Inmate HOLLIS receive his 1000 hour phone call on April 18, 2005 which he signed up for?
A7) No.
Q8) Was the control booth officer present at the "C" Section Control panel at 1115 hours? And did you or the control booth officer open the shower door?
A8) The control booth officer opened the door after I instructed him to do so.
Q9) After you and Officer Goodlett instructed the control booth officer to open "C" section shower for me to go back to my cell, was I released from the shower and started asking you about my phone call and refusing to lock up? And if so, how was it not possible to observe any of the allegations made by Officer Goodlett in his report dated April 18, 2005 at 1115 hours.
A9) Yes.

**Investigative Employee's Summation:** Inmate HOLLIS requested information regarding the control booth officer on the above mentioned date. A review of the log indicates Correctional Officer Tsai was assigned to work at that post during the time of the incident. It should be noted that Officer Tsai did not submit a report and appears to have no involvement in this incident.

This concludes my report.

TRAVERSC

C.A. Salopek, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 11/07/06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | 11/07/06 | 1115 |

CDC 115-C (5/95)

OSP 99 2508

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

**SERIOUS RULES VIOLATION REPORT**

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| E-37508 | Hollis | 3005(c) | 03-17-06 | SVSP | CDC- |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☑ YES    ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

### STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☒ NOT ASSIGNED | REASON | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☑ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☑ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | | TIME | DATE |
|---|---|---|---|---|

CDC 115-A (7/88)     *— If additional space is required use supplemental pages —*     OSP 98 88



| | California<br>Department of Corrections<br>Salinas Valley State Prison<br>OPERATIONAL<br>PROCEDURE<br>48 | Name:<br>**Inmate/Parolee Appeals** |
|---|---|---|
| | | Developed:<br>November 1997 |
| | | Revised:<br>July 2004 |

**48.1**
**PURPOSE**

The purpose of this operational procedure is to provide direction for staff and inmates on the Inmate/Parolee Appeals process. **In addition to this o. p. refer to Operational Procedure 8s Medical Appeals and Correspondence.**

**48.1**
**RESPONSIBILITY**

The Chief Deputy Warden is responsible for providing first-line supervision for the Appeals Coordinator(s) and the operation of the appeals process within the institution.

**48.2**
**INFORMAL REVIEW**

To resolve an appeal at the informal level, the inmate will utilize the institutional mail system, or designated Appeals boxes located in each housing unit to forward an informal appeal to the Appeals Office. All informal appeals must be sent to the Appeals Office for tracking and assignment. This is a local procedure only and will remain in effect until further notice.

**SUPERVISOR'S REVIEW**

Informal appeals will not receive a Log number, but, will be entered into the Appeals Tracking System and forwarded to the appropriate department for review. All responses will be reviewed, and initialed by the respondent's immediate supervisor, prior to being returned to the inmate.

**48.3**
**REFERRAL FOR REVIEW**

Requests for Formal First and Second Level Review responses for appeals shall be forwarded through the institutional mail to the Appeals Office for logging and assignment. Inmate appeals shall be screened and processed by the Appeals Coordinators and then routed to the appropriate Correctional Administrator, Division Head, or Parole Region Administrator for First and Second Level Reviews. Formal Second Level responses shall be completed by the Chief Deputy Warden via the assigned employee. The Appeals Coordinators shall review all Second Level Review responses for appropriate response and correct format. Inappropriate responses or appeals submitted in the incorrect format will be returned for correction. The appropriate Department Head shall make sure that a copy of the appeal is made, and retained by his/her office prior to assignment of the First and Second Levels of review, in the event that the original appeal is lost/misplaced. The Chief Deputy Warden via the Appeals Coordinators, shall answer appeals regarding serious Rules Violation Reports and Formal Second Level Staff Complaints only.

**48.4**
**APPEALS ON PROPERTY**
**LOSS OR DAMAGE**

All inmate appeals regarding property issues that were granted at the First and/or Second Levels of Review, where staff were determined to be at fault, must be accompanied by a memorandum that explains how the damage or loss occurred, the persons or procedure

|  | **California**<br>**Department of Corrections**<br>**Salinas Valley State Prison**<br>**OPERATIONAL**<br>**PROCEDURE**<br>**48** | **Name:**<br>**Inmate/Parolee Appeals** |
|---|---|---|
| | | **Developed:**<br>**November 1997** |
| | | **Revised:**<br>**July 2004** |

responsible, and a plan of action for correction. The memorandum shall be signed by the respective Associate Warden and addressed to the Chief Deputy Warden via the Appeals Office. This memorandum will not become an attachment to the appeal, nor will a copy be provided to the inmate/parolee.

**48.5**
**CITIZEN'S COMPLAINT**
**PROCEDURES**

**PRIVATE CITIZEN/NON-INMATE**
**COMPLAINTS**

A citizen who alleges misconduct of a departmental peace officer shall submit a written complaint to the institution head (Warden) or Regional Parole Administrator (RPA) of the area in which the peace officer is employed.

The Employee Relations Officer (ERO) will mail a Notice of Rights and Responsibilities Form to the citizen filing the complaint (refer to Attachment A).

The citizen filing a complaint alleging misconduct of a departmental peace officer employed by the Department of Corrections is required to read and sign the Notice of Rights and Responsibilities Form. The Notice must be returned to the Warden of the area where the misconduct occurred prior to processing the citizen's complaint.

When the Notice of Rights and Responsibilities Form is returned to the institution, it will be attached to the citizen's compliant.

The citizen's complaint will be reviewed by the Warden/designee, and assigned to the Investigative Services Unit (ISU) Lieutenant. A response will be completed and submitted to the Warden/designee for review within 30 days of assignment.

The ERO will inform the accused employee of the citizen's compliant. The employee will sign and receive a copy of the Citizen's Complaint Notification Form (see attachment B) within 24 hours of receipt of the returned Notice of Rights and Responsibilities Form from the complainant.

**INMATE COMPLAINTS**

Allegations of staff misconduct by an inmate will be reviewed, screened, and processed by the Appeals Coordinator(s).

**A. The Inmate Appeals Office**
**shall**

1.  Identify the involved staff and log the appeal as Category 7 (Staff Complaint). Upon assignment as a Category 7, the Appeals Coordinator shall initiate the following process;



| California | Name: |
|---|---|
| **Department of Corrections** | **Inmate/Parolee Appeals** |
| **Salinas Valley State Prison** | Developed: |
| **OPERATIONAL** | November 1997 |
| **PROCEDURE** | **Revised:** |
| **48** | **July 2004** |

A. Initiate and attach a Staff Complaint Worksheet to the appeal. The Appeals Coordinator screening the appeal shall insert the appellant's name, CDC number, staff name (who the allegation is against) and the allegation into the Gray box.

B. The Appeals Coordinator shall then conduct a review of the Inmate Appeals Tracking System to ensure there is not a duplicate appeal. The Appeals Coordinator shall complete the box labled "Inmate Appeals - #1".

   a) If the appeal is a "DUPLICATE" issue, the Appeals Coordinator shall complete Box #1, screen out the appeal, enter the appeal into the I.A.T.S. and continue the process. It will be the Appeals Coordinator's recommendation to screen out the appeal based on a duplicate issue; however, a copy will be made to attach to the original appeal.

   b) If the appeal is not a duplicate, the Appeals Coordinator shall complete Box #1, enter the appeal into the I.A.T.S. and forward the package to the Investigative Services Unit. This package shall be placed on a Route Slip and Hand Carried directly to Investigative Services Unit. The Secretary shall sign the Route Slip acknowledging receipt of the package, return the original to Appeals and keep a copy for their records.

   c) Inmate Appeals shall retain a copy of the appeal and submit the original.

C. Investigative Services Unit (ISU) shall search their data base for any possible duplicate issue(s). The ISU Lieutenant/designee shall complete Box #2 and return to the Inmate Appeals Coordinator within one (1) working day. ISU shall be placed on a Route slip and Hand Carried directly to Inmate Appeals. The Secretary (Inmate Appeals) shall sign the Route Slip acknowledging receipt of the package, retain the original for their records and "Hand Carry" a copy to Inmate Appeals with the original package.

D. A Route Slip shall be prepared and the package shall be Hand Carried (by Inmate Appeals) to the Employee Relations Officer (ERO) within one (1) working day. The Employee Relations Officer/designee, shall sign the Route Slip, acknowledging receipt of the package, return the original to Inmate Appeals and keep a copy with the package for their records.

E. The Employee Relations Officer (ERO) will search their data base for any possible duplicate issue(s) and complete Box #3. Upon completion, the ERO/designee shall prepare a Route Slip and Hand Carry the package to the Chief Deputy Warden within one (1) working day. The Chief Deputy



| California | Name: |
|---|---|
| **Department of Corrections** | **Inmate/Parolee Appeals** |
| **Salinas Valley State Prison** | Developed: |
| **OPERATIONAL** | November 1997 |
| **PROCEDURE** | Revised: |
| **48** | **July 2004** |

Warden/designee shall sign the Route Slip, acknowledging receipt of the package, return the original to ERO and keep a copy with the package for their records.

F. Upon receipt from ERO, the Appeals Coordinator shall review the information, attach a "Staff Complaint – Inmate Appeals" cover sheet and make the appropriate recommendation to the Chief Deputy Warden. This cover sheet will be attached to each CDC 602 (Staff Complaint) and has check boxes for the CDW to designate the appropriate investigation assignment (refer to Attachment D). The Appeals Office Technician will prepare and attach a Route Slip to the package. Inmate Appeals will "Hand Carry" the package directly to the Chief Deputy Warden's Office.

G. The Chief Deputy Warden shall review the package and assign the Staff Complaint at the appropriate level.

2. After CDW assigns to appropriate staff for response and investigation, the Appeal will be returned to the Appeals office and the Appeals Coordinator(s) will assign to a department head. This assignment will be no lower than First Level of Review.

3. If the appeal raises more than a staff complaint issue, the original appeal shall be coded as a Staff Complaint and submitted to the CDW as described above. Additionally, the Appeals Coordinator shall send a written directive to the inmate advising him that only one issue can be addressed per Inmate Appeal and that he will need to submit a separate appeal for each additional issue, i.e., lost property, dismissal of a CDC 115, etc.

4. If the CDC 602 alleging a staff complaint does not include a signed Notice of Rights and Responsibilities form, the CDC 602 is not to be screened out (until the notice is signed by the inmate.) The CDC 602 is to be processed as normal. However, the First Level reviewer will obtain the inmate's signature on the Notice at the time of interview. Once the Notice is obtained, it is to be attached to the CDC 602.

5. In the event the inmate elects to withdraw the complaint, staff are still responsible to complete the First Level response and confidential interview and submit to the appeals office.



**B. The Chief Deputy Warden shall:**

Review the appeal and:

1. Identify the sub Category level to be assigned. In accordance with Administrative Bulletin 98/10, these categories will be determined



| | California | Name: |
|---|---|---|
| | Department of Corrections | Inmate/Parolee Appeals |
| | Salinas Valley State Prison | Developed: |
| | OPERATIONAL | November 1997 |
| | PROCEDURE | Revised: |
| | 48 | July 2004 |

as: Category I = performance related to employee misconduct or Category II = serious employee misconduct that is outside the scope of normal employee supervision

2. If the complaint is determined to be a Category I, the CDW will determine whether it is to be processed by institutional supervisory staff (identified as an "S review") or submitted to ISU for a Category I investigation (identified as an "ISU investigation").

3. The CDW will check the appropriate box on the cover sheet of the CDC 602 packet designating Category I Supervirory or Investigative Services Unit, date and sign, and shall return the packet to the Appeals Office for processing. The CDC 602 packet will be forwarded to appropriate staff or ISU.

4. If the CDC 602 is classified as a Category II, the CDW shall check the box designating Category II Office of Internal Affairs on the cover sheet of the CDC 602 Appeals packet, date and sign, and return the packet to the Appeals Office for processing to the regional Special Agent-In-Charge via ISU for investigation.

**C. The Appeals Office, upon return receipt from the CDW, shall:**

1. Log the CDC 602 into the Appeals tracking system and show it assigned to the appropriate, designated reviewer (Supervisor/Associate Warden, ISU, or OIA). Provide a copy to the Use of Force (UOF) Coordinator, if the issue involves use of force, noting the entity designated to provide review/investigation (S, ISU, or OIA).

 2. If the CDC 602 is assigned as a Category I/"S", the First Level Review will be reissued to the appropriate Associate Warden, who will, in turn, assign a member of his/her staff to investigate the complaint for the First Level response. The assigned staff person shall be no lower than a Lieutenant in rank. If the staff member against whom the complaint is filed is a Lieutenant, a Captain or higher shall be assigned to conduct the investigation. The Appeals Office shall prepare the Notification Forms (Attachments B and C) to the staff member against whom the inmate has filed a complaint. These forms will be included with, but not attached to, the inmate appeal and the packet will be submitted to the assigned Associate Warden who will be responsible for insuring that they are delivered to the appropriate staff member(s). The Staff Complaint Notification Form (Attachment B) must be signed by the staff person named and his/her supervisor and returned to the Appeals Office by the assigned due date. The Staff Complaint Notification Memorandum (Attachment C) is to be retained by the



| | Name: |
|---|---|
| **California**<br>**Department of Corrections**<br>**Salinas Valley State Prison**<br>**OPERATIONAL**<br>**PROCEDURE**<br>**48** | **Inmate/Parolee Appeals** |
| | **Developed:**<br>**November 1997** |
| | **Revised:**<br>**July 2004** |

staff member against whom the complaint was issued. All staff complaints are maintained and stored in Confidential Files within the ERO's Office . Staff who wish to read the inmate complaint may do so within the assigned Associate Warden's office or in the ERO's office.

A. Upon completion of the Investigation, all pages of the investigation shall be clearly stamped "CONFIDENTIAL" by the Inmate Appeals Office. The Staff Complaint Package shall consist of the following documents;
   - "Staff Complaint – Inmate Appeals" Cover Sheet – original
   - Staff Complaint Work Sheet – original
   - Investigation Report – original
   - Appeal - copy

B. The Staff Complaint Package shall be placed on a Route Slip and Hand Carried to the ERO's Office. The ERO's/designee shall sign acknowledging receipt of the package, return the original Route Slip to Inmate Appeals and keep a copy for their files. This package shall be kept in Confidential Files maintained by the ERO's Office.

3. The CDC 602 (original) will be logged, and completed via the normal appeal process with a Second Level Appeal provided, as needed in time, by the Appeals Office.

4. If the CDC 602 is assigned as a Category I/"ISU, the traditional First Level Review will be by-passed and the Appeals Office shall generate a standardized Second Level Response which will acknowledge that the appeal has been referred to the ISU for review or investigation but that the results of the review/investigation will not be made known to the inmate. Any final results of the review/investigation which may impact the inmate (such as dismissal of a disciplinary action against the inmate) will be made known to the inmate by the CDW when and if such an action is determined to be appropriate. The Appeals Office shall provide this notification to the inmate within 30 days from the date the packet is returned from the CDW and designated as a Category I/"ISU".

5. If the CDC 602 is assigned as a Category II/"OIA", the traditional First Level Review will be by-passed and the Appeals Office shall generate a standardized Second Level Response which will acknowledge that the appeal has been referred to the OIA for

| | California Department of Corrections Salinas Valley State Prison OPERATIONAL PROCEDURE 48 | Name: Inmate/Parolee Appeals |
|---|---|---|
|  | | Developed: November 1997 |
| | | Revised: July 2004 |

review or investigation but that the results of the review/investigation will not be made known to the inmate. Any final results of the review/investigation which may impact the inmate (such as dismissal of a disciplinary action against the inmate) will be made known to the inmate by the CDW when and if such an action is determined to be appropriate. The Appeals Office shall provide this notification to the inmate within 30 days from the date the packet is returned from the CDW and designated as a Category II/"OIA".

6. Notification forms to the staff member shall be completed by the Appeals Office and sent via the appropriate Associate Warden's office and supervisor.

7. A copy of the CDC 602 complaint will be produced by the ERO's office for the staff member to review if so desired.

8. Generate a weekly report to the CDW identifying those appeals assigned to ISU and OIA by date assigned and still outstanding. Provide copies of the report to ISU.

9. Shall meet monthly with ISU and the CDW to discuss outstanding Category I and II appeals.

**COORDINATION OF APPEAL REVIEW BETWEEN APPEALS OFFICE, INVESTIGATION SERVICES UNIT AND USE OF FORCE COORDINATOR**

• The Appeals Office shall provide copies of Inmate Appeals alleging misuse of force by institutional staff and/or staff misconduct to the UOF following the issuance of an Appeal Log Number and categorization by the CDW.

• The Appeals Office shall maintain a Log of those appeals shared with the ISU noting the Appeal Log Number, Inmate Name and CDC Number, and date of issuance. A copy of this report will be provided to the Chief Deputy Warden, the ISU Captain, and the UOF weekly in conjunction with the weekly overdue Inmate Appeals List.

• Information shared between the Appeals Office, ISU, the OIA, or the UOF shall be treated as confidential.

• A meeting between the Appeals Office, ISU, and UOF, and CDW shall occur monthly to coordinate the status of any outstanding Inmate Appeals pending UOF investigations.



| | California<br>Department of Corrections<br>Salinas Valley State Prison<br>OPERATIONAL<br>PROCEDURE<br>48 | Name:<br>**Inmate/Parolee Appeals**<br>Developed:<br>November 1997<br>Revised:<br>**July 2004** |
|---|---|---|

**48.6**
**INVESTIGATION**

The Warden/designee will assign an employee at the appropriate level to conduct the investigation of the complaint. Under no circumstance will an employee be assigned to investigate the issue at a level of less than a Lieutenant. If the appeal alleges misconduct against a Lieutenant, a Captain or higher will conduct the investigation.

The investigator will:

1. Interview the inmate/complainant.
2. Interview the employee(s) who is/are the subject of the complaint after being notified at least 24 hours prior to the investigative interview, simultaneously in writing, of both the subject matter and his/her right to representation prior to any interrogation, investigative interview, fact-finding or shooting review board, or similarly proposed discussion which has the potential of obtaining information which, if found to be true, could, or is likely to, result in formal adverse action. The employee will be given a reasonable opportunity to secure the representative of his/her choice. The employee will be provided with a copy of all documents and/or other investigative material in accordance with the Peace Officer Bill of Rights (POBR) and any current or subsequent court decisions which impact or alter Government Code Section 3300 et seq.
3. Interview any witnesses with relevant information.
4. Review pertinent reports, and other physical evidence.
5. Within 30 days complete a written response to the complainant.

**Confidentiality of Reports**

The investigative report(s) is/are CONFIDENTIAL, and shall not be given to the inmate. The investigative report(s) shall be clearly stamped "CONFIDENTIAL" in red ink. These Confidential Report(s) shall be maintained by the ERO's Office.

If any misconduct is discovered, appropriate corrective measures will be taken. The findings are CONFIDENTIAL, and shall not be disclosed.

**Warden/CDW Review**

Following the review of the Confidential Report by the Warden/Chief Deputy Warden, an appropriate action will be taken.

1. Log the complaint.
2. Forward the completed response/written complaint to the citizen.
3. A copy of the citizen's complaints will be retained in the Warden's Office for a period of five years.

**48.7**
**CDC 1824 Reasonable**

Pursuant to the Disability Placement Program Administrative Bulletin AB-96/23, CDC 1824 Reasonable Modification or Accommodation

|  | **California**<br>**Department of Corrections**<br>**Salinas Valley State Prison**<br>**OPERATIONAL**<br>**PROCEDURE**<br>**48** | **Name:**<br>**Inmate/Parolee Appeals**<br>**Developed:**<br>**November 1997**<br>**Revised:**<br>**July 2004** |
|---|---|---|

**Modification or**
**Accommodation Request**
**Distribution**

Request Forms shall be distributed to all housing units.

It is the responsibility of the Appeals Coordinator to monitor all housing units for distribution and compliance.   The CDC 1824 Reasonable Modification or Accommodation Request Forms shall be distributed the first week of every month, and/or as needed basis.

When an inmate files an appeal on an inappropriate form, the Appeals Coordinator shall attach the appropriate form and process the appeal as a CDC Form 1824. The Appeals Coordinator shall screen the request to determine if it meets eligibility criteria of CCR Section 3084. If the request is screened out, a copy of the CDC Form 1824 shall be maintained on file in the Appeals Coordinator's office. Comments explaining the reason why the request was screened out shall be entered in the comment field of the Inmates Appeals Automated Tracking System.

It is the mutual responsibility of the inmate and SVSP staff to verify a disability when a request for accommodation is made. The inmates must cooperate with SVSP staff in the staff's effort to obtain documents or other information necessary to verify the claimed disability.

**Staff Assistant and/or Translator**
**for DPP Inmates**

It is the responsibility of each Correctional Administrator of the respective complex, to insure that a caseworker is assigned as Staff Assistant and/or a qualified Translator (American Sign Language, etc.) is provided for inmates with hearing, vision, and speech impairments, in order to ensure that communication with such inmates is as effective as it would be if the inmate did not have the disability, when translating/communicating the CDC 1824 issue(s).

**TRACKING/MONITORING**

All CDC Form 1824's  shall be treated as "PRIORITY" .  An Appeals Coordinator shall review, log and appropriately assign to a Correctional Administrator/Department Head upon receipt.  All CDC Form 1824's shall be hand carried.  The following procedure shall be followed in the distribution of the appeals;

> ➤ Inmate Appeals shall prepare a Route Slip and attach to the appeal.
> ➤ Inmate Appeals shall contact the appropriate Correctional Administrator \ Department Head  and notifify them of the "Priority" assignment. It is the responsibility of the Correctional Administrator / Department Head or their designee, to pick up the assignment at the Inmate Appeals Office within one (1) hour of notification.  Should the appeal failed to be picked up within the specified time frame, the Chief Deputy Warden shall



| California | Name: |
| **Department of Corrections** | **Inmate/Parolee Appeals** |
| **Salinas Valley State Prison** | Developed: |
| **OPERATIONAL** | **November 1997** |
| **PROCEDURE** | Revised: |
| **48** | **July 2004** |

be notified to make the appropriate arrangements.

➤ Upon completion of the CDC-1824, the Correctional Administrator / Department Head or their designee, shall "Hand Carry" the document to the Inmate Appeals Office. These documents will not be placed in any form of mail box but delivered directly to staff.

Upon resolution of the Form 1824, a copy of the completed form will be forwarded to the ADA/DPP Coordinator per policy.

**MEDICAL APPEALS**

All inmates submitting appeals; which are of a medical, dental or psychiatric nature, shall utilize a CDC-602 form which has "MEDICAL APPEAL" stamped across the top.

It is the responsibility of the Appeals Coordinator to monitor all housing units for distribution and compliance.

When an inmate files an appeal on an inappropriate form, the Appeals Coordinator will either attach the appropriate form or simply mark "MEDICAL APPEAL" across the top of the appeal and process.

Informal Level Medical appeals shall be prioritized. These appeals shall be processed and placed on a Route Slip by the close of business. The Medical Appeals Analyst/designee shall pick up assignments each morning from the Inmate Appeals Office. This is a local procedure only and will remain in effect until further notice.

First and Second Level appeals shall be processed as appropriate.

Refer to Operational Procedure 8s regarding Medical Appeals.

**ANNUAL REVIEW/**
**REVISION DATE**

This operational procedure will be reviewed/revised by the Appeals Coordinator(s) annually. Next date of review/revision is August 2005.

**A. P. KANE          DATE:**
**WARDEN (A)**
**SALINAS VALLEY STATE PRISON**



**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

**ORIGINAL**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5707
Facsimile: (415) 703-5843
E-Mail: Robert.Reff@doj.ca.gov

**FILED**

November 7, 2007

**NOV 0 9 2007**

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
MARY CASTRO

NOV 0 9 2007

The Honorable Stephen A. Sillman
Monterey County Superior Court
240 Church Street
Salinas CA 93902-1819

RE:    INFORMAL RESPONSE
       *In re Marvin G. Hollis*, Case No. HC 5876

Dear Judge Sillman:

This letter is written pursuant to the Court's request for an informal response to inmate Marvin Hollis's petition for writ of habeas corpus. Petitioner Hollis is a California state inmate at High Desert State Prison who alleges that Salinas Valley State Prison (SVSP) staff failed to properly process his administrative appeal. Hollis also contests the outcome of a Rules Violation Report.

After reviewing Hollis's petition and speaking with prison staff, it was discovered that Hollis's appeal submitted on May 15, 2007, contesting Rule Violation Report number FD-03-0071 was improperly screened out. The appeal is now approved for a Second Level Response, while it appears that the merits of this appeal will be addressed by Second Level Appeal Response, any modification order is contingent on Hollis re-submitting the original appeal with attached supporting documentation. Additionally, Hollis should attach this informal response letter per the request of the SVSP Appeals Coordinator Variz.

Because Hollis has received the relief requested, namely a review of his administrative appeal, this claim should be dismissed as moot. As a general principle, it is the duty of a court to decide only "actual controversies" by judgments which can be carried into effect. "[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or questions which will not be decided by the court." (*Wilson v. Los Angeles County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453.)

With respect to his substantive claims, including whether he was properly found guilty of the rule violations, the court cannot review these claims because they have yet to be

November 7, 2007
Page 2

administratively exhausted. It is well settled that an inmate must exhaust all administrative remedies available to him before he may seek relief on a habeas corpus petition. (*In re Dexter* (1979) 25 Cal.3d 921, 925; *In re Muszalski* (1975) 52 Cal.App.3d 500, 503.) Adherence to the exhaustion principle ensures deference to the expertise and discretion of administrative agencies and forestalls a deluge of untimely petitions to an often overburdened judiciary. (*McKart v. United States* (1969) 395 U.S. 185, 193-195.) Hollis must first fully exhaust his administrative remedies and allow the prison to fully investigate and review any issues before judicial review is proper. Accordingly, respondent respectfully requests that this petition be dismissed without prejudice to Hollis.

Sincerely,

ROBERT R. REYFF
Deputy Attorney General
State Bar No. 74945

For    EDMUND G. BROWN JR.
Attorney General

20112438.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **In re Hollis**

No.:         **HC 5876**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On November 8, 2007, I served the attached

### INFORMAL RESPONSE

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Marvin G. Hollis
E-37508
High Desert State Prison
Facility A
P.O. Box 3030
Susanville, CA 96127
    *In Pro Per*
    *E-37508*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 8, 2007, at San Francisco, California.

|  |  |
|---|---|
| S. Redd | *L. Redd* |
| Declarant | Signature |

20112702.wpd

Operational Procedure #605
Attachment E

### PROOF OF SERVICE BY MAIL
[C.C.P. 1013, 2015.;28 U.S.C. 1746]

STATE OF CALIFORNIA )
)  SS:
County of Lassen _____ )

I, (A) *MARVIN HOLLIS*, am a resident of the High Desert State Prison at Susanville, County of Lassen, California, am at least 18 years of age. My mailing address is P.O. Box 3030, Susanville, CA 96127.

On (B) *4 - 22 -* , 20 *08*, I served a true and correct copy of the following document(s):

(C) *OPPOSition AND objection to defendants Reply to plaintiff's opposition to motion to dismiss, AND declaration.*

on each party listed below by placing it in an envelope, with adequate postage provided, and by depositing said envelope in a box for the United States Mail at HDSP, P.O. Box 3030, Susanville, CA 96127.

Each party to the action has been duly served.

This copy is being mailed to (D): *U.S. Northern District court 450 Golden Gate Ave SAN Francisco, CA, 94102*

I have mailed additional copies to (D): *C. Fritz, Deputy Attorney General 455 Golden Gate Ave. Ste. #11000 SAN Francisco, CA, 94102*

There is regular delivery service by the United States Mail between the above place a mailing and the parties' listed.

I declare, under penalty of perjury, that the foregoing is true and correct.
Dated (E): *4 -22 -* 20 *08*, at Susanville, California.

Signed: *Marvin Hollis* CDCR I.D. # *E-32558*

| HDSP MAILROOM ACKNOWLEDGMENT OF MAILING |
|---|
| DATE: _____ |
| SIGNED: _____ |